**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.* [1]<br><br>            Debtors. | Chapter 11<br><br>Case 22-14539 (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO FILE UNDER SEAL PORTIONS OF THE
DEBTORS' CONSOLIDATED CREDITOR MATRIX CONTAINING
CERTAIN INDIVIDUAL CREDITOR INFORMATION**

The above-captioned debtors and debtors in possession (the "**Debtors**") submit this motion (the "**Motion**") for entry of an order, substantially in the form attached as **Exhibit A**, authorizing the Debtors to file under seal portions of the Debtors' consolidated creditor matrix (the "**Matrix**") containing certain individual creditor personally identifiable information. In support of this Motion, the Debtors submit the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith, and respectfully state as follows:

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

## JURISDICTION

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 107(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4.      On June 7, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5.      The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  No official committee of unsecured creditors has been appointed.

6.      Additional background facts surrounding the commencement of these Chapter 11 Cases are more fully described in the First Day Declaration.

## RELIEF REQUESTED

7.      By this Motion, the Debtors request entry of an order authorizing portions of the Matrix to be filed under seal to protect the Debtors' investors from being exposed to potential identity theft as a result of making public certain personally identifiable information required or suggested by the Bankruptcy Code and the Bankruptcy Rules.

## BASIS FOR RELIEF

8.      Section 105(a) of the Bankruptcy Code codifies this Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §105(a)

8859482

9.      Section 107(c)(1) of the Bankruptcy Code enables this Court to issue orders that

protect parties from the potential harm that could result from disclosing personally identifiable

information:

> The bankruptcy court, for cause, may protect an individual, with
> respect to the following types of information to the extent the court
> finds that disclosure of such information would create undue risk
> of identity theft or other unlawful injury to the individual or the
> individual's property:
> (A)      Any means of identification (as defined in section 1028(d)
>          of title 18) contained in a paper filed, or to be filed, in a
>          case under this title.
> (B)      Other information contained in a paper described in
>          subparagraph (A).

11 U.S.C. §107(c)(1).

Further, with regard to the definition of "means of identification":

> the term "means of identification" means any name or number that
> may be used, alone or in conjunction with any other information,
> to identify a specific individual, *including any*—
> (A)      name, social security number, date of birth, official State or
>          government issued driver's license or identification
>          number, alien registration number, government passport
>          number, employer or taxpayer identification number . . .

18 U.S.C. §1028(d)(7) (emphasis added).

10.     The proper interpretation of these two statutes is two-fold.    First, while

transparency is important to the bankruptcy process, through the enactment of section 107(c)(1)

of the Bankruptcy Code, Congress provided an exception to transparency and intended to protect

innocent individuals from foreseeable injury.  Second, the language of both statutes dictates that

Congress intended for each statute to keep open channels for protecting additional information

not enumerated; both sections set out non-exhaustive lists.  Specifically, section 107(c)(1)(B) of

the Bankruptcy Code allows for "other information" apart from "means of identification," as

defined in 18 U.S.C. §1028(d)(7).  Further, under such definition, Congress specifically included

the phrase "including any" to illustrate the non-exhaustive nature of the list of items that follows.

-3-

Accordingly, while an individual investor's home address is not explicitly listed in the definition of "means of identification," it most certainly is covered by the expansive language of both 11 U.S.C. §107(c)(1)(B) and 18 U.S.C. §1028(d)(7), especially when considered with other information disclosed in the context of the Matrix and these Chapter 11 Cases.

11.     Moreover, relief similar to that requested herein is regularly granted by courts in this circuit. *See, e.g., Immunomedics, Inc. v. Roger Williams Med. Ctr.*, 2017 U.S. Dist. LEXIS 221058 (D.N.J. Jan. 18, 2019) ("The sealing of confidential documents and information is an acceptance practice in the District of New Jersey"); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994 (explaining that "orders [of confidentiality] . . . are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings"); *In re Searchmetrics, Inc.,* Case No. 17-11032 (CSS) [Docket No. 27] (Bankr. D. Del. May 9, 2017) (authorizing the debtor to seal customer names and contact information); *In re THG Holdings LLC,* Case No. 19-11689 (JTD) [Docket No. 172] (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to seal employee home addresses); *In re Pipeline-Westlake Hospital, LLC d/b/a/ Westlake Hospital,* Case No. 19-11757 (KBO) [Docket No. 10] (Bankr. D. Del. Aug. 6, 2019) (same); *In re Acahogen, Inc.,* Case No. 19-10844 (BLS) [Docket No. 206] (Bankr. D. Del. May 20, 2019) (same); *In re L.K. Bennett U.S.A, Inc.,* Case No. 19-10760 (KG) [Docket No. 46] (Bankr. D. Del. Apr. 9, 2019) (same); *In re Triangle USA Petroleum Corp.,* Case No. 16-11566 (MFW) [Docket No. 65] (Bankr. D. Del. July 5, 2016) (same); *In re Delivery Agent, Inc.,* Case No. 16-12051 (LSS) [Docket No. 51] (Bankr. D. Del. Sept. 16, 2016) (same).

12.     While there is a "strong presumption in favor of public access to judicial records and papers . . .", *In re Cont'l Airlines,* 150 B.R. 334, 341 (D. Del. 1993), that presumption is substantially outweighed by the risk of identity theft or injury to innocent individual investors. *See also In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 924 F.3d 662, 672 (3d Cir. 2019) (finding that the presumption of access could be rebutted when the movant "show[s] 'that the material is the kind of information that courts will protect and that disclosure will work a

clearly defined and serious injury to the party seeking closure'" (quoting *Miller v. Ind. Hosp.,* 16 F.3d 549, 551 (3d Cir. 1994))); *Goldstein v. Forbes (In re Cendant Corp.),* 260 F.3d 183 (3d Cir. 2001) ("Although the common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that 'the right is not absolute.'" (quoting *Littlejohn v. BIC Corp.,* 851 F.2d 673, 678 (3d Cir. 1988))). The benefit of public access to the home addresses and email addresses of the Debtors' investors is limited, if existent at all, in the context of a bankruptcy case, when the Debtors' addresses are readily available and the claims and noticing agent in these Chapter 11 Cases will maintain a separate, confidential mailing list for service to the Debtors' investors at their residences for the benefit of all parties in interest desiring to serve them with pleadings or notices in these Chapter 11 Cases.  To publicly disclose each individual investor's home address would create an undue risk of identity theft. Accordingly, despite the presumption in favor of public access, the privacy concerns at issue here tip the scales substantially towards sealing the home addresses and email addresses of the Debtors' investors.

13.     For the foregoing reasons, the Debtors respectfully request that this Court permit the Debtors to seal those portions of the Matrix containing the investor's personal home addresses and email addresses, with unsealed copies provided only to this Court and the Office of the United States Trustee for the District of New Jersey.

## **WAIVER OF MEMORANDUM OF LAW**

14.     Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors request that the Court waive the requirements to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## **NO PRIOR REQUEST**

15.     No prior request for the relief sought herein has been made to this or any other court.

8859482

## NOTICE

16.    Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Debtors' thirty largest unsecured creditors on a consolidated basis and the Debtors' thirty largest investors on a consolidated basis; (iii) S3 RE Bergenline Funding, LLC, S3 RE 1300 Manhattan Funding LLC, and LendingOne LLC; (iv) the U.S. Attorney General; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the New Jersey Attorney General; (viii) the U.S. Attorney for the District of New Jersey; (ix) the New Jersey Division of Taxation; (x) the New Jersey Bureau of Securities; (xi) the New York Attorney General; (xii) the New York Department of Taxation and Finance; (xiii) the Florida Attorney General; (xiv) the Florida Department of Revenue; (xv) the Illinois Attorney General; (xvi) the Illinois Department of Revenue; (xvii) the Illinois Securities Department; (xviii) the Alabama Attorney General; (xix) the Alabama Department of Revenue; (xx) the Alabama Securities Commission; (xxi) the Banks; (xxii) the Insurance Providers; and (xxiii) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

*[Remainder of Page Left Blank]*

8859482

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  June 8, 2022

**SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(937) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

8859482

## EXHIBIT A

**Proposed Order**

8859482

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

In re:

NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.* [1]

          Debtors.

Chapter 11

Case 22-14539 (JKS)

(Joint Administration Requested)

## ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL PORTIONS OF THE DEBTORS' CONSOLIDATED CREDITOR MATRIX CONTAINING CERTAIN INDIVIDUAL CREDITOR INFORMATION

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

---

[1]      A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

| | |
|---|---|
| Page: | 2 |
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No.: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to File Under Seal Portions of the Debtors' Consolidated Creditor Matrix Containing Certain Individual Creditor Information |

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (this "**Order**") authorizing the Debtors to file under seal portions of the Debtors' consolidated creditor matrix containing certain individual creditor information, all as more ful1ly set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as set forth herein.

2.    Pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, the Debtors are authorized to seal those portions of the Matrix that contain individual investor's home addresses and email addresses.  The Debtors shall file an unredacted version of the Matrix, with the residential addresses and email addresses, under seal with the Clerk's Office.

---

[1]    Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

8859482

Page:          3
Debtor:        National Realty Investment Advisors, LLC, *et al.*
Case No.:      22-14539 (JKS)
Caption:       Order Authorizing the Debtors to File Under Seal Portions of the Debtors' Consolidated
               Creditor Matrix Containing Certain Individual Creditor Information

3.      The sealed portion of the Matrix, with the residential addresses and email addresses, shall not be made available to anyone, except that copies shall be provided to this Court, the U.S. Trustee, counsel to the Unsecured Creditors Committee, once appointed, any subsequently appointed trustee or committee, and others upon further Court order.

4.      This Court will, and each other party receiving an unsealed copy of the Matrix shall, keep such information confidential.

5.      To the extent any party provided with an unsealed copy of the Matrix files any responsive pleadings, such party shall redact from its pleadings any confidential or personally identifying information.

6.      The claims and noticing agent in these Chapter 11 Cases shall maintain a separate, confidential mailing list for service to the Debtors' investors at their respective residences for the benefit of all parties in interest desiring to serve the Debtors' investors with pleadings or notices in these Chapter 11 Cases.

7.      Any party may move for the modification of this Order in accordance with Local Rule 9013-5(e).

8.      The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

8859482