**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1] | Case 22-14539- (JKS) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO (A) PAY CERTAIN
PREPETITION WAGES, SALARIES, REIMBURSABLE EMPLOYEE EXPENSES AND
OTHER EMPLOYEE COMPENSATION EXPENSES, AND TAXES RELATED
THERETO, (B) HONOR CERTAIN EMPLOYEE BENEFITS, (C) DIRECTING THE
DEBTORS' BANKS TO HONOR CHECKS AND TRANSFERS OF PREPETITION
EMPLOYEE OBLIGATIONS, AND (D) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), submit this

motion (the "**Motion**") for entry of interim and final orders, substantially in the forms attached as

**Exhibit A** and **Exhibit B** authorizing, but not directing, the Debtors to (a) pay certain prepetition

wages, salaries, reimbursable employee expenses and other employee compensation expenses,

and taxes related thereto, (b) honor certain employee benefits, (c) directing the Debtors' banks to

honor checks and transfers of prepetition employee obligations, and (d) granting related relief.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

In support of the Motion, the Debtors submit the *Declaration in Support of Chapter 11 Petition and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith, and respectfully state as follows:

<u>**JURISDICTION**</u>

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested are sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and applicable Local Rules of the United States Bankruptcy Court of New Jersey (the "**Local Rules**").

<u>**BACKGROUND**</u>

4.      On June 7, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5.      The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  No official committee of unsecured creditors has been appointed.

6.      Additional information regarding the commencement of these Chapter 11 Cases is set forth in the First Day Declaration.

<u>**RELIEF REQUESTED**</u>

7.      The Debtors employ approximately 26 employees (each an "**Employee**", and

8826140

collectively, the "**Employees**") to assist in the operation of their businesses.[2]  By this Motion, the Debtors seek entry of interim and final orders authorizing, but not directing, the Debtors to (i) pay all prepetition claims of the Employees for wages, salaries, and other accrued compensation, to the extent that any is outstanding as of the Petition Date; (ii) make all payments for which Employee payroll deductions were withheld prepetition; (iii) reimburse all prepetition Employee business and other expenses; (iv) make prepetition contributions and pay benefits under certain Employee benefit plans; (v) honor workers' compensation programs; (vi) pay other miscellaneous Employee-related costs, including but not limited to processing costs and fees; and (vii) continue certain health, welfare and other benefit programs (collectively, the "**Employee Obligations**"), as described more fully below.

8.      Because it is difficult for the Debtors to determine with exact precision the accrued prepetition amount for certain Employee Obligations, to the extent that the Debtors subsequently determine that there are any additional outstanding Employee Obligations related to the programs and policies described herein, the Debtors request authority to pay such prepetition amounts in an amount not to exceed the statutory cap of $15,150 per Employee.

### A.      Wages, Salaries and Other Compensation

9.      The Debtors' Employees are paid on a bi-weekly basis.  The Debtors' average monthly payroll for its Employees, before employee deductions and tax withholdings, is approximately $356,000.  The Debtors provide one employee with reimbursement for auto travel expenses of $1,250 per month.

10.      In order to minimize the personal hardship the Employees will suffer if the Debtors' prepetition Employee payroll obligations are not paid when due, and to maintain Employee morale during this critical time, the Debtors seek authority to pay all accrued but

---

[2]      Prior to the Petition Date, between two reductions in February and May 2022, the Debtors terminated sixty (60) employees, implemented salary reductions for eight (8) remaining employees, entered a Separation Agreement with 20% minority owner D. Coley O'Brien (whose ownership stake was relinquished in connection with the agreement) and his affiliated entities, and ceased all compensation to current 100% owner Rey Grabato, resulting in a total annual compensation reduction for both employees and owners of nearly $14 million, which reflects a total compensation reduction for the Debtors of 76%.

8826140

unpaid prepetition Employee compensation. To the extent any Employee is owed more than the $15,150 priority claim amount established pursuant to section 507(a)(5) of the Bankruptcy Code, only the maximum statutory priority claim amount will be paid.

11.     The Debtors' next payroll date falls on June 10, 2022. To avoid any disruption to the payment of such obligations, the Debtors request authority to pay such wages, along with any other prepetition Employee Obligations, in an amount not to exceed the statutory cap of $15,150 per employee.

### B.      Payroll Services

12.     The Debtors utilize ADP, LLC (the "**Payroll Servicer**") as their payroll service provider. The Payroll Servicer provides the Debtors payroll services, retirement services and time and labor tracking services. The Debtors pay the Payroll Servicer approximately $2,600 per month for the aforementioned services (the "**Payroll Maintenance Fees**"). The Debtors believe they do not owe any outstanding prepetition Payroll Maintenance Fees as of the Petition Date. The Debtors seek authority to pay all Payroll Maintenance Fees in the ordinary course of business post-petition, including, out of an abundance of caution, any prepetition fees.

### C.      Deductions and Payroll Taxes

13.     During each applicable payroll period, the Debtors deduct certain amounts from Employees' paychecks for items such as pre- and post-tax deductions payable pursuant to certain employee benefit plans (collectively, the "**Deductions**").

14.     The Debtors seek authority to forward prepetition Deductions (and to continue to forward Deductions on a post-petition basis, whether or not related to the prepetition period) to the appropriate third parties in the ordinary course of business.

15.     The Debtors are required by law to withhold from Employee paychecks amounts related to federal, state, and local income taxes, Social Security, Medicare, and state unemployment/disability taxes (collectively, the "**Withheld Amounts**") for remittance to the appropriate federal, state, or local taxing authorities. In addition, the Debtors are required to pay from their own funds Social Security and Medicare taxes, and, based on a percentage of gross

-4-

payroll, additional amounts for federal and state unemployment/disability insurance (together with the Withheld Amounts, the "**Payroll Taxes**").  The Debtors seek authority to pay these amounts, and to continue to honor and process all prepetition obligations with respect to Payroll Taxes on a post-petition basis in the ordinary course of business.

16.     Accordingly, the Debtors seek an order authorizing, but not directing, the Debtors to pay and remit to the appropriate third parties and taxing authorities all Deductions and Payroll Taxes associated with Employee Obligations, and to continue to pay and remit all such amounts as and when required in the ordinary course of business, regardless of whether such obligations accrued pre- or post-petition.

**D.      Health, Welfare, and Other Benefits**

17.     In the ordinary course of their businesses, the Debtors provide benefits such as health, dental and vision benefits to its Employees (the "**Health and Welfare Benefits**").  The Debtors request authority to make payments on account of the Health and Welfare Benefits and to pay any prepetition amounts and to continue such benefits post-petition in the ordinary course of business.

**E.      Workers' Compensation Obligations**

18.     The Debtors are required under applicable state law to maintain workers' compensation insurance policies and programs to provide Employees with workers' compensation coverage for injury claims arising from or related to their employment with the Debtors (the "**Workers' Compensation Programs**").

19.     The Debtors seek an order authorizing, but not directing, the Debtors to continue to maintain the Workers' Compensation Programs and to pay any prepetition obligations that may exist in connection with their Workers Compensation Programs in the ordinary course of business.

**F.      Reimbursable Business Expenses**

20.     In the ordinary course of the Debtors' business, Employees may incur a variety of business expenses that are typically reimbursed by the Debtors pursuant to their normal business

8826140

practices (collectively, the "**Reimbursable Business Expenses**").

21.      To avoid harming Employees who incurred the Reimbursable Business Expenses and may become personally liable for such expenses reasonably incurred for the Debtors' benefit and at the Debtors' direction, the Debtors request authorization to pay all amounts owing as of the Petition Date with respect to Reimbursable Business Expenses in the ordinary course of business.

**G.     Authority for Banks to Honor Checks and Transfers for Employee Obligations**

22.      Finally, the Debtors request that banks and other financial institutions be authorized and directed to receive, process, honor, and pay any and all checks, wire transfers, drafts, ACH debits, and other transfers drawn on the Debtors' bank accounts on account of the Employee Obligations, irrespective of whether such items are presented before, on, or after the Petition Date, provided there are sufficient funds in the Debtors' accounts.

<u>**BASIS FOR RELIEF**</u>

23.      Any delay in paying or otherwise honoring the Employee Obligations could severely disrupt the Debtors' relationships with its Employees and irreparably impair Employee morale at the very time that their dedication and cooperation are most critical.  The Debtors face the risk that their operations may be severely impaired if the relief requested is not granted.  At this critical stage, the Debtors simply cannot risk the substantial disruption of their business operations that would attend any decline in workforce morale attributable to the Debtors' failure to pay the Employee Obligations in the ordinary course of business during the pendency of these Chapter 11 Cases.

24.      The relief requested in this Motion is warranted under sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

25.      Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 363(b)(1) of the Bankruptcy Code provides that the "trustee,

-6-

after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

26.    The Debtors believe that the prepetition wages and other Employee Obligations they seek to honor would be entitled to priority treatment, capped at $15,150 for each individual, under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.  As priority claims, the Debtors are required to pay these claims in full to confirm a chapter 11 plan.  *See* 11 U.S.C. § 1129(a)(9)(b) (requiring payment of certain allowed unsecured claims for wages, salaries and commissions and for contributions to an employee benefit plan).  Thus, granting the relief sought herein would affect only the timing, and not the amount, of the payment of the Employee Obligations to the extent they constitute priority claims.  Granting the relief sought herein would only cause such claims to be paid early on in these Chapter 11 Cases, instead of waiting until confirmation.  Additionally, the Debtors should be authorized to transfer Deductions and Payroll Taxes to the appropriate third parties because these amounts are not property of the Debtors' estates under section 541 of the Bankruptcy Code.

27.    The Employee Obligations are accorded priority of payment under section 507(a)(4) of the Bankruptcy Code, which provides priority payment for:

> allowed unsecured claims, but only to the extent of $15,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor.

11 U.S.C. § 507(a)(4).

8826140

28.    Likewise, under section 507(a)(5) of the Bankruptcy Code, employees may ultimately be granted a priority claim for:

> allowed unsecured claims for contributions to an employee benefit plan –
>
> (A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
>
> (B) for each such plan, to the extent of –
>
> > (i) the number of employees covered by each such plan multiplied by $15,150; less
> >
> > (ii) the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(5).

29.    The Debtors do not believe that any of its Employees are owed payments in excess of the $15,150 limits established under section 507(a)(4) and (5) of the Bankruptcy Code for accrued but unpaid Employee Obligations.   The Debtors believe that the payment of the Employee Obligations is critical, especially in light of the need to maintain the morale of the Debtors' Employees during the pendency of these Chapter 11 Cases.

30.    Courts have permitted a debtor-in-possession to pay certain creditors' prepetition claims under section 105(a) of the Bankruptcy Code, as well as under the necessity of payment doctrine.  Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Thus, a bankruptcy court has the power to take "whatever action is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 COLLIER ON BANKRUPTCY § 105.01 (16th ed. rev. 2011).

31.    The Third Circuit recognized the "necessity of payment" doctrine in *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981). The *Lehigh* court held that a court could authorize the payment of prepetition claims if such payment was essential to the continued

operation of the debtor. *Id*. (a court may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"). *See also In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (the necessity of payment doctrine permits "immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims have been paid"); *In re Motor Coach Indus. Int'l, Inc.*, 2009 WL 330993 (D. Del. Feb. 10, 2009) (denying a stay pending appeal on the grounds that there is not a serious basis to challenge the doctrine of necessity in the Third Circuit); *In re Just for Feet, Inc.*, 242 B.R. 821, 824-25 (Bankr. D. Del. 1999) (the Third Circuit permits debtors to pay prepetition claims that are essential to continued operation of a business); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same); *In re Barneys N.Y., Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019); *In re Stearns Holdings, LLC*, Case No. 19-12226 (SCC) (Bankr. S.D.N.Y. July 31, 2019).

32.     The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176.  The Court in *Ionosphere* considered two factors, the retention of current employees and employee morale, as critical to the debtor's rehabilitation. *See id.*

33.     Here, it is essential to the Debtors' ability to successfully emerge from chapter 11 and maximize the value of their assets that the Employees continue to provide services and that their morale be preserved in light of the uncertainty created by these Chapter 11 Cases.  Thus, the payment of the Employee Obligations falls under the "necessity of payment" doctrine first enunciated by the Supreme Court over a century ago in *Miltenberger v. Logansport C & S.W.R. Co.*, 106 U.S. 286 (1882).

34.     The Debtors' Employees are critical to the Debtors' efforts to emerge from chapter 11.  Should the Employee Obligations go unpaid, the Employees will likely be unwilling to continue working for the Debtors, thereby significantly reducing the Debtors' chances of

successfully reorganizing.  Granting the relief requested herein will help maximize the value of the Debtors' estates, and, thus, provide a benefit to creditors and other parties-in-interest

### THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

35.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within twenty-one (21) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. FED. R. BANKR. P. 6003.  The importance of a debtor's employees to its operations has been recognized by courts in this District and other courts within the Third Circuit in granting relief similar to the relief requested herein. *See, e.g.*, *In re RWRF, Inc.*, Case No. 17-32958 (JKS) (Bankr. D.N.J. Nov. 15, 2017) (authorizing payment of prepetition wages, salaries and other forms of compensation to employees and independent contractors); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); *In re St. Michael's Med. Ctr., Inc.*, Case No. 15-24999 (Bankr. D.N.J. Aug. 11, 2015); *In re Christ Hosp.*, Case No. 12-12906 (Bankr. D.N.J. Feb. 7, 2012); *In re Gibson Brands, Inc.*, Case No. 18-11025 (CSS) (Bankr. D. Del. May 21, 2018); *In re Remington Outdoor Co., Inc.*, Case No. 18-10684 (BLS) (Bankr. D. Del. Apr. 13, 2018)

36.     As described above, the Debtors' Employees are integral to their business operations and satisfying the Employee Obligations in the ordinary course of business is essential to the continued, uninterrupted operation of the Debtors' business.  The Debtors respectfully submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors, as described herein, and that the requirements of Rule 6003 of the Bankruptcy Rules have been satisfied.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

37.     To implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen (14) day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

8826140

## WAIVER OF MEMORANDUM OF LAW

38.     Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## RESERVATION OF RIGHTS

39.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any demand for payment made with respect to the subject matter of this Motion under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to and should not be construed as an admission of the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## NOTICE

40.     Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Debtors' thirty largest unsecured creditors on a consolidated basis and the Debtors' thirty largest investors on a consolidated basis; (iii) S3 RE Bergenline Funding, LLC, S3 RE 1300 Manhattan Funding LLC and LendingOne LLC; (iv) the U.S. Attorney General; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the New Jersey Attorney General; (viii) the U.S. Attorney for the District of New Jersey; (ix) the New Jersey Division of Taxation; (x) the New Jersey Bureau of Securities; (xi) the New York Attorney General; (xii) the New York Department of Taxation and Finance; (xiii) the Florida Attorney General; (xiv) the Florida Department of Revenue; (xv) the Illinois Attorney General; (xvi) the Illinois Department of Revenue; (xvii) the Illinois Securities Department; (xviii) the Alabama Attorney General; (xix) the Alabama Department of Revenue; (xx) the Alabama Securities Commission; (xxi) the Payroll

8826140

Servicer; and (xxii) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE,** the Debtors respectfully request entry of interim and final orders, substantially in the forms attached as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  June 8, 2022          **SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(937) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

8826140

## **EXHIBIT A**

**Proposed Interim Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.* [1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 22-14539- (JKS)<br><br>(Joint Administration Requested) |

**INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING, THE
DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES, SALARIES,
REIMBURSABLE EMPLOYEE EXPENSES AND OTHER EMPLOYEE
COMPENSATION EXPENSES, AND TAXES RELATED THERETO (B) HONOR
CERTAIN EMPLOYEE BENEFITS, (C) DIRECTING THE DEBTORS' BANKS TO
HONOR CHECKS AND TRANSFERS OF PREPETITION EMPLOYEE
OBLIGATIONS AND (D) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including five

(5), is hereby **ORDERED**.

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the
Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors'
service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
|---|---|
| Case No: | 22-14539 (JKS) |
| Caption: | Interim Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor Certain Employee Benefits; (C) Directing The Debtors' Bank To Honor Checks And Transfers of Prepetition Employee Obligations; And (D) Granting Related Relief |
| Page | 2 |

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for an interim order authorizing, but not directing, the Debtors to (a) pay certain prepetition wages, salaries, reimbursable employee expenses and other employee compensation expenses, and taxes related thereto, (b) honor certain employee benefits, (c) directing the Debtors' banks to honor checks and transfers of prepetition employee obligations, and (d) granting related relief; and it appearing that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper in this district under 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and it appearing that notice of the Motion is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing on the Motion shall be held on _____, 2022, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022.

---

[2]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

8826140

Debtor:     National Realty Investment Advisors, LLC, *et al.*
Case No:    22-14539 (JKS)
Caption:    Interim Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain
            Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other
            Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor
            Certain Employee Benefits; (C) Directing The Debtors' Bank To Honor Checks
            And Transfers of Prepetition Employee Obligations; And (D) Granting Related
            Relief
Page        3

3.      The Debtors are authorized, but not directed, to pay all prepetition Employee claims for wages, salaries, contractual compensation, Employee business expenses, and other accrued compensation and benefits, subject to the statutory cap of $15,150 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

4.      The Debtors are authorized, but not directed, to pay and remit to appropriate parties all Deductions and Payroll Taxes associated with all Employee Obligations and to continue to pay and honor such obligations, as required in the ordinary course of business post-petition.

5.      The Debtors are authorized, but not directed, to pay all amounts due and owing as of the Petition Date with respect to the Health and Welfare Benefits and to continue such benefits in the ordinary course of business post-petition.

6.      The Debtors are authorized, but not directed, to continue the Workers' Compensation Programs and to pay all prepetition obligations in connection therewith in the ordinary course of business and continue such benefits in the ordinary course of business post-petition.

7.      The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs related thereto.

8.      Each bank or financial institution at which the Debtors maintain their accounts relating to payment of payroll and other Employee Obligations is authorized and directed to receive, process, honor, and pay checks presented for payment and all funds transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such

Debtor:      National Realty Investment Advisors, LLC, *et al.*
Case No:     22-14539 (JKS)
Caption:     Interim Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain
             Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other
             Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor
             Certain Employee Benefits; (C) Directing The Debtors' Bank To Honor Checks
             And Transfers of Prepetition Employee Obligations; And (D) Granting Related
             Relief
Page         4

accounts. Such banks and financial institutions are authorized to rely on the representations of

the Debtors as to which checks or transfers are issued or authorized to be paid pursuant to this

Order without any further inquiry and without liability for following the Debtors' instructions,

and are prohibited from placing holds on, or attempting to reverse, automatic transfers to

Employee accounts for Employee Obligations.

9.      The Debtors are authorized to issue post-petition checks and to effect post-

petition fund transfer requests to replace any checks or transfers in respect of Employee

Obligations that are dishonored or rejected post-petition.

10.     Nothing in this Order should be construed as approving any transfer pursuant to

section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any request that

could fall within section 503(c) of the Bankruptcy Code.

11.     This Order does not implicitly or explicitly approve any bonus plan, incentive

plan, severance plan or other plan covered by section 503(c) of the Bankruptcy Code.

12.     Nothing in the Motion or this Order, or any actions taken pursuant to this Order,

shall be deemed (i) an assumption or adoption by the Debtors of any agreements or policies

providing for prepetition compensation or benefits to the Debtors' Employees; (ii) to impair the

Debtors' rights to contest the amount or validity of any Employee Obligations on any grounds;

(iii) a promise or requirement to pay any claim; or (iv) a waiver of the Debtors' rights under the

Bankruptcy Code or any other applicable law.

13.     Nothing contained in the Motion or this Order is intended or should be construed

to create an administrative priority claim on account of the Employee Obligations.

14.     The relief granted in this Order is necessary to avoid immediate and irreparable

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
|---|---|
| Case No: | 22-14539 (JKS) |
| Caption: | Interim Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor Certain Employee Benefits; (C) Directing The Debtors' Bank To Honor Checks And Transfers of Prepetition Employee Obligations; And (D) Granting Related Relief |
| Page | 5 |

harm to the Debtors and (i) the requirements set forth in Bankruptcy Rule 6003 are satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

15.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

16.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

17.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

19.     The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) days after the entry of this Order.

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

21.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## **EXHIBIT B**

**Proposed Final Order**

8826140

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

---

In re:

NATIONAL REALTY INVESTMENT ADVISORS,
LLC, *et al.* [1]

               Debtors.

Chapter 11

Case No. 22-14539 (JKS)

(Joint Administration Requested)

**FINAL ORDER AUTHORIZING, BUT NOT DIRECTING, THE
DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES, SALARIES,
REIMBURSABLE EMPLOYEE EXPENSES AND OTHER EMPLOYEE
COMPENSATION EXPENSES, AND TAXES RELATED THERETO (B) HONOR
CERTAIN EMPLOYEE BENEFITS, (C) DIRECTING THE DEBTORS' BANKS TO
HONOR CHECKS AND TRANSFERS OF PREPETITION EMPLOYEE
OBLIGATIONS AND (D) GRANTING RELATED RELIEF**

     The relief set forth on the following pages, numbered two (2) through and including five

(5), is hereby **ORDERED**.

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the
Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors'
service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
|---|---|
| Case No: | 22-14539 (JKS) |
| Caption: | Final Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor Certain Employee Benefits; (C) Directing The Debtors' Banks To Honor Checks And Transfers Of Prepetition Employee Obligations; And (D) Granting Related Relief |
| Page | 2 |

Upon consideration of the motion (the "**Motion**")[1] of the Debtors for a final order authorizing, but not directing, the Debtors to (a) pay certain prepetition wages, salaries, reimbursable employee expenses and other employee compensation expenses, and taxes related thereto, (b) honor certain employee benefits, (c) directing the Debtors' banks to honor checks and transfers of prepetition employee obligations, and (d) granting related relief; and it appearing that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that notice of the Motion is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted on a final basis as set forth herein.

2.     The Debtors are authorized, but not directed, to pay all prepetition Employee claims for wages, salaries, contractual compensation, Employee business expenses, and other accrued compensation and benefits, subject to the statutory cap of $15,150 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3.     The Debtors are authorized, but not directed, to pay and remit to appropriate

---

[1]     Capitalized terms used but not defined shall have the meanings ascribed to them in the Motion.

8826140

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
|---|---|
| Case No: | 22-14539 (JKS) |
| Caption: | Final Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor Certain Employee Benefits; (C) Directing The Debtors' Banks To Honor Checks And Transfers Of Prepetition Employee Obligations; And (D) Granting Related Relief |
| Page | 3 |

parties all Deductions and Payroll Taxes associated with all Employee Obligations and to continue to pay and honor such obligations, as required in the ordinary course of business post-petition.

4.      The Debtors are authorized, but not directed, to pay all amounts due and owing as of the Petition Date with respect to the Health and Welfare Benefits and to continue such benefits in the ordinary course of business post-petition.

5.      The Debtors are authorized, but not directed, to continue the Workers' Compensation Programs and to pay all prepetition obligations in connection therewith in the ordinary course of business and continue such benefits in the ordinary course of business post-petition.

6.      The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs related thereto.

7.      Each bank or financial institution at which the Debtors maintain their accounts relating to payment of payroll and other Employee Obligations is authorized and directed to receive, process, honor, and pay checks presented for payment and all funds transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such accounts.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or transfers are issued or authorized to be paid pursuant to this Order without any further inquiry and without liability for following the Debtors' instructions, and are prohibited from placing holds on, or attempting to reverse, automatic transfers to Employee accounts for Employee Obligations.

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Final Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor Certain Employee Benefits; (C) Directing The Debtors' Banks To Honor Checks And Transfers Of Prepetition Employee Obligations; And (D) Granting Related Relief |
| Page | 4 |

8.    The Debtors are authorized to issue post-petition checks and to effect post-petition fund transfer requests to replace any checks or transfers in respect of Employee Obligations that are dishonored or rejected post-petition.

9.    Nothing in this Order should be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any request that could fall within section 503(c) of the Bankruptcy Code.

10.    This Order does not implicitly or explicitly approve any bonus plan, incentive plan, severance plan or other plan covered by section 503(c) of the Bankruptcy Code.

11.    Nothing in the Motion or this Order, or any actions taken pursuant to this Order, shall be deemed (i) an assumption or adoption by the Debtors of any agreements or policies providing for prepetition compensation or benefits to the Debtors' Employees; (ii) to impair the Debtors' rights to contest the amount or validity of any Employee Obligations on any grounds; (iii) a promise or requirement to pay any claim; or (iv) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

12.    Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of the Employee Obligations.

13.    The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors and (i) the requirements set forth in Bankruptcy Rule 6003 are satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

14.    To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are waived.

15.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Final Order Authorizing, But Not Directing, The Debtors To (A) Pay Certain Prepetition Wages, Salaries, Reimbursable Employee Expenses And Other Employee Compensation Expenses, And Taxes Related Thereto; (B) Honor Certain Employee Benefits; (C) Directing The Debtors' Banks To Honor Checks And Transfers Of Prepetition Employee Obligations; And (D) Granting Related Relief |
| Page | 5 |

contents of the Motion or otherwise deemed waived.

16.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

18.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.