**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>    Debtors. | Chapter 11<br><br>Case 22-14539- (JKS)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTORS TO (I) CONTINUE AND MAINTAIN THEIR
EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS; AND (II)
CONTINUE USING THEIR EXISTING BUSINESS FORMS, CHECKS, AND RECORDS**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), submit this motion (the "**Motion**") for entry of interim and final orders, substantially in the form attached as **Exhibit A** and **Exhibit B,** authorizing the Debtors to (i) continue and maintain their existing cash management system and bank accounts, and (ii) continue using their existing business forms, checks, and records.  In support of this Motion, the Debtors submit the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith, and respectfully state as follows:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.  The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

8827550

## JURISDICTION

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested are sections 105, 345, 363, 1107 and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4.      On June 7, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5.      The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  No official committee of unsecured creditors has been appointed.

6.      Additional information regarding the commencement of these Chapter 11 Cases is more fully described in the First Day Declaration.

## THE CASH MANAGEMENT SYSTEM

7.      As of the Petition Date, the Debtors maintain forty-six (46) checking accounts and one (1) money market account (collectively, the "**Bank Accounts**") with four banks (collectively, the "**Banks**"), including: (a) three (3) checking accounts with Haven Savings Bank; (b) five (5) checking accounts with Signature Bank; (c) thirty (30) checking accounts with Bank of America; and (d) eight (8) checking accounts and one (1) money market account with PNC Bank.  Attached hereto as **Exhibit C** is a schedule identifying the Bank Accounts, along with the related Bank and contact information, and the last four digits of each Bank Account Number.  As of the Petition Date, the Debtors have approximately $72 million in cash in the Bank Accounts.

-2-

The Bank Accounts are maintained with financially stable banking institutions and insured by the Federal Deposit Insurance Corporation.

8.      In the ordinary course of business, the Debtors maintain a cash management system (the "**Cash Management System**") to receive and disburse funds.  The majority of the Debtors' funds are held in a Signature Bank account (ending in 9587).  The Debtors' make transfers to their PNC bank account (ending in 4997) to pay operating expenses.  Prior to each bi-weekly payroll, funds are transferred to a payroll account at Haven Savings Bank (ending in 0767) to satisfy the Debtors' payroll obligations.  Payments made with respect to real estate development construction costs are paid from the PNC account on behalf of the various entities, which transfers are treated for accounting purposes as equity contributions by NRIA Partners Portfolio Fund I LLC into the respective subsidiary entities.  To the extent an individual entity possesses its own operating account, the use is primarily limited to the receipt of unit sales proceeds (to the extent the buyer/attorneys are unable to make the payment directly payable to NRIA Partners Portfolio Fund I LLC) and small refunds.  Money received from the subsidiary entities gets transferred to NRIA Partners Portfolio Fund I LLC upon receipt.  All transfers in, out and between the Bank Accounts are recorded and traceable.

9.      The Debtors seek to continue this arrangement post-petition to minimize the disruption caused by the bankruptcy filing and maximize the value of their estates.  In order to avoid disruption during this critical phase of the Chapter 11 Cases, the Debtors request authority to maintain their Cash Management System post-petition in the ordinary course of business in a manner consistent with the Debtors' pre-bankruptcy practices, subject to any orders of this Court.

10.      The Debtors believes that the Bank Accounts comply with Bankruptcy Code section 345(b). Out of an abundance of caution, however, the Debtors seek authorization to continue to deposit and invest funds consistent with prior practice and requests that the time to comply with Bankruptcy Code section 345(b), if necessary, be extended for a period of 45 days from the date of the entry of the interim order, subject to the right to (i) request a further

extension of such relief or a waiver of the requirements of Bankruptcy Code section 345(b) and (ii) assert that any particular Bank Account complies with Bankruptcy Code section 345(b). For the avoidance of doubt, the U.S. Trustee's right to oppose any such request or assertion by the Debtors consistent with items (i) and (ii) above is expressly reserved.

11.    The Debtors shall give notice of the closure and opening of any bank accounts to the U.S. Trustee and shall only open new bank accounts at banks that are designated as an authorized depository under the U.S. Trustee Guidelines.

12.    The Debtors use certain business forms such as letterhead and purchase orders (collectively, the "**Business Forms**"), as well as checks in the ordinary course of its business. The Debtors seek to continue using their existing Business Forms and checks to minimize costs in connection with these Chapter 11 Cases.

## RELIEF REQUESTED

13.    By this Motion, the Debtors request entry of interim and final orders, substantially in the forms attached as **Exhibit A** and **Exhibit B** (i) authorizing the Debtors to maintain their existing Bank Accounts and Cash Management System, and (ii) continue using their existing Business Forms, checks, and records.

## BASIS FOR RELIEF

A.    **Maintaining the Debtors' Cash Management System is in the Best Interests of the Debtors' Estates**

14.    The Office of the United States Trustee established certain guidelines (the "**Guidelines**"), which require a debtor-in-possession to, among other things:

(a)    Establish one debtor-in-possession bank account for all estate monies required for the payment of taxes, including payroll taxes;

(b)    Close all existing bank accounts and open new debtor-in-possession accounts;

(c)    Maintain a separate debtor-in-possession account for cash collateral; and

(d)    Obtain checks that bear the designation "debtor-in-possession" and reference the bankruptcy case number and type of account on such checks.

15.     The Guidelines are designed to provide a clear line of demarcation between prepetition and post-petition claims and payments and help protect against the inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the Petition Date.  Strict enforcement of the Guidelines during these Chapter 11 Cases would severely disrupt the Debtors' operations.  Accordingly, the Debtors respectfully request that the Court allow the Debtors to maintain and utilize each of its Bank Accounts as they were maintained in the ordinary course of business before the Petition Date.

16.     The Debtors' continued ordinary course use of its existing Cash Management System is in the best interest of the Debtors' estates and their creditors, and is consistent with section 363(c)(1) of the Bankruptcy Code, which allows a debtor-in-possession to "use property of the estate in the ordinary course of business."  11 U.S.C. § 363(c)(1).

17.     The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor-in-possession with the flexibility to engage in the ordinary transactions required to operate its business. *See, e.g., In re Enron Corp.*, No. 01-16034 (AJG), 2003 WL 1562202, at *15 (Bankr. S.D.N.Y. 2003); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc.*, 207 B.R. 406, 409 (S.D.N.Y. 1997).  Included within the purview of section 363(c)(1) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system.  *See In re Frigitemp Corp.*, 34 B.R. 1000, 1010 (S.D.N.Y. 1983), *aff'd*, 753 F.2d 230 (2d Cir. 1985); *see also In re Amdura Corp.*, 75 F.3d 1447, 1453 (10th Cir. 1996).  Bankruptcy courts treat requests for authority to continue utilizing existing cash management systems as relatively "simple matters." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re UNR Industries, Inc.*, 46 B.R. 25, 27 (Bankr. N.D. Ill. 1984) (debtor "utilize[d] a court-approved and common cash management system").

18.     The Cash Management System was designed to meet the Debtors' operating needs by enabling the Debtors to centrally control and monitor their funds, ensure cash availability and liquidity, comply with the requirements of their financing agreements, reduce

8827550

administrative expenses by facilitating the movement of funds, and enhance the development of accurate account balances and presentment information.  The procedures employed in the use of the Cash Management System constitute the Debtors' ordinary, usual and essential business practices, and are similar to those used by other corporate enterprises.

19.     Given the overall simplicity of the Debtors' Cash Management System, there is no attendant harm likely to result from allowing the Debtors to maintain their Cash Management System.  Forcing the Debtors to open new bank accounts upon filing these Chapter 11 Cases would require time and expense that would be better spent facilitating the Debtors' restructuring efforts, and would yield no appreciable benefit to the Debtors' estates.  Accordingly, the Debtors should be permitted to maintain their Cash Management System.

**B.      Continued Use of the Existing Bank Accounts and a Waiver of the U.S. Trustee's Bank Account Closing Requirements is in the Best Interests of the Debtors' Estates**

20.     Strict enforcement of the Guidelines in these Chapter 11 Cases would cause significant disruption to the Debtors' businesses and would impair the Debtors' efforts to expeditiously reorganize their estates.  It is important that the Debtors be permitted to maintain their existing Bank Accounts and, if necessary, open new accounts and/or close certain existing Bank Accounts where needed to avoid delays in payments to administrative creditors, to ensure as smooth a transition into and out of chapter 11 as possible with minimal disruption, and to aid the Debtors' efforts to successfully and rapidly reorganize.

21.     Specifically, subject to a prohibition against honoring pre-petition checks without specific authorization from this Court, the Debtors request that the Bank Accounts be deemed to be debtor-in-possession accounts, and that their maintenance and continued use, in the same manner and with the same account numbers, styles, and document forms as those employed during the pre-petition period, be authorized.

22.     Courts have recognized that the strict enforcement of the bank account closing requirements does not serve the purposes of chapter 11.  Accordingly, these courts have waived the bank account closing requirements and replaced them with alternative procedures. *In re*

-6-

*Remington Outdoor Co., et al.,* Case No. 18-10684 (BLS) (Bankr. D. Del. April 13, 2018) (authorizing debtors' continued use of cash management system and bank accounts); *In re Orexigen Therapeutics, Inc.,* Case No. 18-10518 (KG) (Bankr. D. Del. April 11, 2018) (same); *In re Cinram Group, Inc.,* Case No. 17-15258 (Bankr. D.N.J. Mar. 24, 2017) (same); *In re Cubic Energy, Inc.,* Case No 15-12500 (CSS) (Bankr. D. Del. Jan. 12, 2016) (same); *In re Offshore Group Investment Ltd.,* Case No. 15-12422 (BLS) (Bankr. D. Del. Jan. 5, 2016) (same).

**C.     The Debtors Should Be Authorized to Continue Using Debit, Wire, and ACH Payments**

23.     The Debtors request further relief from the requirement in the Guidelines that all receipts and all disbursements of estate funds be by check with a notation representing the reason for the disbursement.  Given the ubiquitous nature of electronic forms of payment, it is necessary for the Debtors to conduct transactions by debit, wire, ACH payment and other similar methods. To deny the Debtors the ability to conduct transactions by such methods would likely interfere with the Debtors' performance of their contracts and unnecessarily disrupt the Debtors' business operations, as well as create additional costs to be borne by the Debtors and their creditors.

**D.     The Debtors' Continued Use of the Existing Business Forms and Checks is in the Best Interests of the Debtors' Estates**

24.     To minimize expenses to the Debtors' estates, the Debtors also request authorization to continue to use all correspondence, Business Forms (including, but not limited to, letterhead, purchase orders and invoices) and check stock existing immediately prior to the Petition Date, without adding a reference to the Debtors' status as debtors-in-possession until such check stock is depleted.  *See In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105-106 (Bankr. N.D. Ill. 1995) (holding United States Trustee's requirement of prohibiting issuance of checks without "debtor-in-possession" designation to be unenforceable); *In re Johnson*, 106 B.R. 623, 624 (Bankr. D. Neb. 1989) (debtors not always required to obtain new checks imprinted with "Debtor in Possession" legend).  Indeed, courts have held that while the United States Trustee's office is granted supervisory powers, title 28 of the United States Code does not

provide the U.S. Trustee with any power to "impose substantive or administrative requirements on debtors." *In re Young*, 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997).

25.     Changing correspondence and Business Forms would be expensive, unnecessary, and burdensome to the Debtors' estates and disruptive to the Debtors' business operations.  In addition, such actions would not confer any benefit upon the Debtors, their estates, their creditors or those dealing with the Debtors.  This Court has allowed a debtor to use its pre-petition check forms without the "debtor-in-possession" label, at least until the debtor's existing check stock was depleted.  *See, e.g., In B. Lane, d/b/a re Fashion to Figure, et al.*, Case No. 1732958 (Bankr. D.N.J. Nov. 14, 2017); *In re Mountain Creek Resort, Inc., et al.,* Case No. 1719899 (Bankr. D.N.J. June 5, 2017); *In re Cinram Group, Inc.,* Case No. 17-15258 (Bankr. D.N.J. Mar. 24, 2017); *In re Cubic Energy, Inc.*, Case No 15-12500 (CSS) (Bankr. D. Del. Jan. 12, 2016); *In re Offshore Group Investment Ltd.*, Case No. 15-12422 (BLS) (Bankr. D. Del. Jan. 5, 2016); *In re Hercules Offshore, Inc*., Case No. 15-11685 (BLS) (Bankr. D. Del. Sept. 8, 2015); *In re Kid Brands, Inc.*, Case No. 14-22582 (Bankr. D.N.J. June 20, 2014).

26.     For these reasons, the Debtors seek authorization to use their existing checks and Business Forms without being required to place the label "Debtor-in-Possession" on each.

27.     For the foregoing reasons, the Court should grant the Debtors authority to use their existing Cash Management System and maintain their current Bank Accounts, continue using debit, wire and ACH payments, and continue to use their existing Business Forms, checks, and records.

### SATISFACTION OF BANKRUPTCY RULE 6003

28.     Pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of prepetition claims within twenty-one (21) days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm.  Immediate and irreparable harm exits where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores Inc.*, 115 B.R. 34, 36 n.2

8827550

(Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

29.    The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and all parties in interest.  Maintenance of the existing Cash Management System is vital to a smooth transition into chapter 11.  Failure to grant immediate relief will severely interrupt the Debtors' transition into chapter 11 and impair the Debtors' efforts to successfully emerge from chapter 11.  Accordingly, the Debtors submit that it they satisfied the requirements of Bankruptcy Rule 6003 to support the relief set forth in the proposed interim order submitted herewith on the terms described herein.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

30.    Because the relief requested is necessary to avoid immediate and irreparable harm, to the extent required for the immediate implementation of the relief requested herein, the Debtors seek a waiver of (i) the notice requirements of Bankruptcy Rule 6004(a); and (ii) the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## WAIVER OF MEMORANDUM OF LAW

31.    Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors request that the Court waive the requirements to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## NOTICE

32.    Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Debtors' thirty largest unsecured creditors on a consolidated basis and the Debtors' thirty largest investors on a consolidated basis; (iii) S3 RE Bergenline Funding, LLC, S3 RE 1300 Manhattan Funding LLC, LendingOne LLC; (iv) the U.S. Attorney General; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the New Jersey Attorney General; (viii) the U.S. Attorney for the District of New Jersey; (ix) the New Jersey Division of Taxation; (x) the New Jersey Bureau of Securities; (xi) the New York Attorney General; (xii) the New

-9-

8827550

York Department of Taxation and Finance; (xiii) the Florida Attorney General; (xiv) the Florida Department of Revenue; (xv) the Illinois Attorney General; (xvi) the Illinois Department of Revenue; (xvii) the Illinois Securities Department; (xviii) the Alabama Attorney General; (xix) the Alabama Department of Revenue; (xx) the Alabama Securities Commission; (xxi) the Banks; and (xxii) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE,** the Debtors respectfully request the entry of interim and final orders, substantially in the form attached as **Exhibit A** and **Exhibit B**, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 8, 2022

**SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(937) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

8827550

# EXHIBIT A

**Proposed Interim Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

---

In re:

NATIONAL REALTY INVESTMENT ADVISORS,
LLC, *et al.*[1]

                    Debtors.

Chapter 11

Case 22-14539- (JKS)

(Joint Administration Requested)

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE AND MAINTAIN THEIR EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS; AND (II) CONTINUE USING THEIR EXISTING BUSINESS FORMS, CHECKS, AND RECORDS

The relief set forth on the following pages, numbered two (2) through and including six (6), is hereby **ORDERED**.

---

[1]         A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

Page:       2
Debtor:     National Realty Investment Advisors, LLC, *et al.*
Case No.:   22-14539 (JKS)
Caption:    Interim Order (i) Authorizing the Debtors to Continue and Maintain Their
            Existing Cash Management System and Bank Accounts; and (ii) Continue Using
            Their Existing Business Forms, Checks, and Records

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for an interim order (i)

authorizing the Debtors to continue and maintain their existing cash management system and

bank accounts, and (ii) continue using their existing business forms, checks and records; and it

appearing that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334

and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States

District Court for the District of New Jersey, entered on July 23, 1984, as amended on September

18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being

a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper in this district under 28

U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in

the Motion is in the best interest of the Debtors, their estates and creditors; and it appearing that

notice of the Motion is sufficient under the circumstances; and any objections to the requested

relief having been withdrawn or overruled; and after due deliberation and sufficient cause

appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein on an interim basis.

2.      The final hearing on the Motion shall be held on _____, 2022, at __:__ _.m.,

prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion

must be filed with the Court on or before 4:00 p.m., prevailing Eastern Time, on _____,

2022.

3.      The Debtors are authorized, in their sole discretion, to maintain and continue their

existing pre-petition Cash Management System and Bank Accounts.  The U.S. Trustee shall have

60 days to review and raise any issues with the Bank Accounts and/or the Cash Management

System.

---

[2]      Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

Page:       3
Debtor:     National Realty Investment Advisors, LLC, *et al.*
Case No.:   22-14539 (JKS)
Caption:    Interim Order (i) Authorizing the Debtors to Continue and Maintain Their
            Existing Cash Management System and Bank Accounts; and (ii) Continue Using
            Their Existing Business Forms, Checks, and Records

4.     The banks and financial institutions at which the Bank Accounts are maintained, including, without limitation, such accounts identified in the Motion, are authorized and directed to continue to service and administer such accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and to pay any and all checks, drafts wires, ACH payments, and transfers drawn on the Bank Accounts after the Petition Date, to the extent sufficient funds are available; provided, however, that to the extent any such check, draft or wire transfer is on account of a prepetition claim, such banks and financial institutions shall only be authorized to receive, process and honor such check, draft or wire transfer to the extent permitted by an Order of this Court.

5.     The Debtors are authorized and empowered, on an interim basis, to continue to deposit and invest funds consistent with prior practice.  The Debtors' time to comply with Bankruptcy Code section 345(b) is hereby extended for a period of 45 days from the date of this interim order; provided, however, that such extension is without prejudice to the Debtors' right to (i) request a further extension of such relief or a waiver of the requirements of Bankruptcy Code section 345(b) and (ii) assert that any particular Bank Account complies with Bankruptcy Code section 345(b).  For the avoidance of doubt, the U.S. Trustee's right to oppose any such request or assertion by the Debtors consistent with items (i) and (ii) in this paragraph is expressly reserved.

6.     The Debtors are authorized to continue using their prepetition Business Forms, checks, and records without reference to their status as debtor-in-possession; provided, however, that following the depletion of the Debtors' Business Form, check and record stock, the Debtors will obtain new Business Forms, checks and records reflecting their status as debtor-in-possession.  The Debtors shall stamp "DIP" on all checks.

| Page: | 4 |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No.: | 22-14539 (JKS) |
| Caption: | Interim Order (i) Authorizing the Debtors to Continue and Maintain Their Existing Cash Management System and Bank Accounts; and (ii) Continue Using Their Existing Business Forms, Checks, and Records |

7.      The Debtors are authorized to open any additional post-petition accounts with a bank or financial institution and to close any existing account(s) as the Debtors may deem necessary and appropriate, and the banks and financial institutions are authorized to honor the Debtors' requests to open or close, as the case may be, such accounts or additional accounts.

8.      The Debtors shall give notice of the closure and opening of any bank accounts to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases and shall only open new bank accounts at banks that are designated as an authorized depository under the Guidelines.  Notice of the opening of any post-petition account with a bank or financial institution or closing of any existing or post-petition accounts shall be provided to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases within ten (10) business days after such opening or closing.

9.      The Debtors are authorized to make post-petition disbursements from the Bank Accounts to the extent consistent with the Debtors' existing cash management practices.

10.      The Debtors are authorized to deposit their estates' money in accordance with commercially reasonable practices.

11.      The Debtors shall maintain accurate and detailed records of all transfers, including intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

12.      For banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

Page:        5
Debtor:      National Realty Investment Advisors, LLC, *et al.*
Case No.:    22-14539 (JKS)
Caption:     Interim Order (i) Authorizing the Debtors to Continue and Maintain Their
             Existing Cash Management System and Bank Accounts; and (ii) Continue Using
             Their Existing Business Forms, Checks, and Records

13.    For banks at which the Debtors hold accounts that are not party to a Uniform Depository agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Order.  The U.S. Trustee reserves its rights to seek further relief from this Court on notice if the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee and/or extend the thirty days upon mutual consent of the parties.

14.    Despite the utilization of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each debtor, regardless of who pays those disbursements.

15.    The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors and (i) the requirements of Bankruptcy Rule 6003 are deemed satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

16.    To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived.

17.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.    Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

19.    The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) business days after the entry of this Order.

| Page: | 6 |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No.: | 22-14539 (JKS) |
| Caption: | Interim Order (i) Authorizing the Debtors to Continue and Maintain Their Existing Cash Management System and Bank Accounts; and (ii) Continue Using Their Existing Business Forms, Checks, and Records |

20.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

21.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# <u>EXHIBIT B</u>

## Proposed Final Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

---

In re:

NATIONAL REALTY INVESTMENT ADVISORS,
LLC, *et al.*[1]

                Debtors.

Chapter 11

Case 22-14539- (JKS)

(Joint Administration Requested)

---

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE AND
MAINTAIN THEIR EXISTING CASH MANAGEMENT SYSTEM AND
BANK ACCOUNTS; AND (II) CONTINUE TO USE THEIR
EXISTING BUSINESS FORMS, CHECKS, AND RECORDS**

The relief set forth on the following pages, numbered two (2) through and including five

(5), is hereby **ORDERED**.

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the
Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors'
service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

Page:      2
Debtor:    National Realty Investment Advisors, LLC, *et al.*
Case No.:  22-14539 (JKS)
Caption:   Final Order (i) Authorizing the Debtors to Continue and Maintain Their Existing
           Cash Management System and Bank Accounts; and (ii) Continue Using Their
           Existing Business Forms, Checks, and Records

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for a final order (i) authorizing the Debtors to continue and maintain their existing cash management system and bank accounts, and (ii) continue using their existing business forms, checks and records; and it appearing that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered on July 23, 1984, as amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper in this district under 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and it appearing that notice of the Motion is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is granted as set forth herein on a final basis.

2.       The Debtors are authorized, in their sole discretion, to maintain and continue their existing pre-petition Cash Management System and Bank Accounts.

3.       The banks and financial institutions at which the Bank Accounts are maintained, including, without limitation, such accounts identified in the Motion, are authorized and directed to continue to service and administer such accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and to pay any and all checks, drafts wires, ACH payments, and transfers drawn on the Bank Accounts after the Petition Date, to the extent sufficient funds are available; <u>provided,</u>

---

[2]       Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Motion.

8827550

Page:       3
Debtor:     National Realty Investment Advisors, LLC, *et al.*
Case No.:   22-14539 (JKS)
Caption:    Final Order (i) Authorizing the Debtors to Continue and Maintain Their Existing
            Cash Management System and Bank Accounts; and (ii) Continue Using Their
            Existing Business Forms, Checks, and Records

however, that to the extent any such check, draft or wire transfer is on account of a prepetition claim, such banks and financial institutions shall only be authorized to receive, process and honor such check, draft or wire transfer to the extent permitted by an Order of this Court.

4.      The Debtors are authorized to continue using their prepetition Business Forms, checks, and records without reference to its status as debtors-in-possession; provided, however, that following the depletion of the Debtors' Business Form, check and record stock, the Debtors will obtain new Business Forms, checks and records reflecting their status as debtors-in-possession.  The Debtors shall stamp "DIP" on all checks.

5.      The Debtors are authorized to open any additional post-petition accounts with a bank or financial institution and to close any existing account(s) as the Debtors may deem necessary and appropriate, and the banks and financial institutions are authorized to honor the Debtors' requests to open or close, as the case may be, such accounts or additional accounts.

6.      Notice of the opening of any post-petition account with a bank or financial institution or closing of any existing or post-petition accounts shall be provided to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases within ten (10) business days after such opening or closing.

7.      The Debtors are authorized to make post-petition disbursements from the Bank Accounts to the extent consistent with the Debtors' existing cash management practices.

8.      The Debtors are authorized to deposit its estate's money in accordance with commercially reasonable practices.

9.      The Debtors shall maintain accurate and detailed records of all transfers, including intercompany transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

Page:       4
Debtor:     National Realty Investment Advisors, LLC, *et al.*
Case No.:   22-14539 (JKS)
Caption:    Final Order (i) Authorizing the Debtors to Continue and Maintain Their Existing Cash Management System and Bank Accounts; and (ii) Continue Using Their Existing Business Forms, Checks, and Records

10.     For banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

11.     For banks at which the Debtors hold accounts that are not party to a Uniform Depository agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Order.  The U.S. Trustee reserves its rights to seek further relief from this Court on notice if the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee and/or extend the thirty days upon mutual consent of the parties.

12.     Despite the utilization of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each debtor, regardless of who pays those disbursements.

13.     The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors and (i) the requirements of Bankruptcy Rule 6003 are deemed satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

14.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived.

15.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8827550

Page:       5
Debtor:     National Realty Investment Advisors, LLC, *et al.*
Case No.:   22-14539 (JKS)
Caption:    Final Order (i) Authorizing the Debtors to Continue and Maintain Their Existing
            Cash Management System and Bank Accounts; and (ii) Continue Using Their
            Existing Business Forms, Checks, and Records

16.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

17.     The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) business days after the entry of this Order.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## EXHIBIT C

### Schedule of Bank Accounts

| Account Holder | Bank | Last Four Digits of Account Number | Account Description |
|---|---|---|---|
| National Realty Investment Advisors LLC | Haven Savings Bank | 0759 | Checking |
| National Realty Investment Advisors LLC | PNC Bank | 3783 | Checking |
| National Realty Investment Advisors LLC | Bank of America | 4203 | Checking |
| National Realty Investment Advisors LLC | Signature Bank | 9595 | Checking |
| NRIA Partners Portfolio Fund I LLC | Bank of America | 4931 | Checking |
| NRIA Partners Portfolio Fund I LLC | Haven Savings Bank | 0767 | Checking |
| NRIA Partners Portfolio Fund I LLC | PNC Bank | 4997 | Checking |
| NRIA Partners Portfolio Fund I LLC | Signature Bank | 9587 | Checking |
| Manhattan Avenue Capital 1300 LLC | Signature Bank | 8397 | Checking |
| Bergenline Capital 4901 LLC | PNC Bank | 6597 | Checking |
| Bergenline Capital 4901 LLC | PNC Bank | 6618 | Money Market |
| Wright by the Sea 1901, LLC | PNC Bank | 1898 | Checking |
| Wright by the Sea 1901, LLC | Bank of America | 9040 | Checking |
| Cherry Street Capital 113-27 LLC | Bank of America | 5307 | Checking |
| 2031 Lombard Partners, LLC | Bank of America | 3994 | Checking |
| Gulf Stream Views II, LLC | Haven Savings Bank | 2490 | Checking |
| NRIA EB5 1300 Manhattan Fund LLC | Signature Bank | 8389 | Checking |
| NRIA EB5 1300 Manhattan Fund LLC | Signature Bank | 7420 | Checking |
| 2044 West First Capital LLC | PNC Bank | 5212 | Checking |
| FTM Partners Portfolio Marina | PNC Bank | 5223 | Checking |
| FTM Partners Portfolio Hotel | PNC Bank | 5231 | Checking |
| NRIA 434 Union Manager LLC | PNC Bank | 5266 | Checking |
| 142 N 7th Capital LLC | Bank of America | 4511 | Checking |
| 7th Street Capital 285 LLC | Bank of America | 4731 | Checking |
| Baltic Street Capital 640 LLC | Bank of America | 0965 | Checking |
| Berkley Place Capital 227 LLC | Bank of America | 4168 | Checking |
| Bond Way Capital 915 LLC | Bank of America | 4744 | Checking |
| Carroll Street Capital 160 LLC | Bank of America | 1414 | Checking |
| Degraw St. Capital 377 LLC | Bank of America | 0952 | Checking |
| Delray Capital 1 LLC | Bank of America | 4003 | Checking |
| Denery Lane Capital 843 LLC | Bank of America | 5336 | Checking |
| Federal Hwy Capital 318 LLC | Bank of America | 6175 | Checking |
| Henry Street Capital 506 LLC | Bank of America | 9203 | Checking |
| Luquer Street Capital 140 LLC | Bank of America | 4045 | Checking |
| N Ocean Capital 2929 LLC | Bank of America | 4809 | Checking |
| N Ocean Capital 344 LLC | Bank of America | 4472 | Checking |
| N Ocean Capital 3565 LLC | Bank of America | 4812 | Checking |
| N Ocean Capital 707 LLC | Bank of America | 6162 | Checking |
| Degraw St. Capital 377 LLC | Bank of America | 7971 | Checking |
| South Christopher Columbus Capital 1499, LLC | Bank of America | 5323 | Checking |
| Sackett Street Capital 279 LLC | Bank of America | 4029 | Checking |
| Seventh Street Capital 494 LLC | Bank of America | 4058 | Checking |
| Summit Street Capital 143 LLC | Bank of America | 0981 | Checking |
| Third Street Capital 423 LLC | Bank of America | 4155 | Checking |
| Union Street Capital 434 LLC | Bank of America | 1427 | Checking |

8827550

| | | | |
|---|---|---|---|
| NRIA Partners Portfolio Fund I LLC (National Realty Project Managers, LLC) | Bank of America | 4708 | Checking |
| Web Marketing Associates, LLC | Bank of America | 7966 | Checking |

8827550