**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case 22-14539- (JKS)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") submit this motion (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Sale Order**"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of the United States Bankruptcy Court District of New Jersey (the "**Local Rules**"), authorizing the private sale of certain of the Debtors' properties identified herein (the "**Properties**") to certain purchasers identified herein

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

8906941

(the "**Purchasers**") free and clear of liens, claims, encumbrances and interests, and granting related relief, including payment of applicable broker/sale commissions. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This is a core proceeding under 28 U.S.C. §157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

## BACKGROUND

**I.    General**

3. On June 7, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

4. No committee or examiner has been appointed in these Chapter 11 Cases.

5. Additional background regarding the commencement of these Chapter 11 Cases is set forth in the *Declaration in Support of Chapter 11 Petitions and First-Day Pleadings* [Docket No. 16].

**II.    The Private Sale of the Properties**

6. After negotiating at arms-length, the Debtors have determined in their business judgment to sell the Properties to the Purchasers on the terms set forth in the applicable sale agreements (the "**Sale Agreements**"), copies of which are attached to **Exhibit A** as **Schedules 1—8**.

7. All of the Properties were marketed for sale by independent third-party brokers/realtors who are unaffiliated with the Debtors.

8. The Properties are unencumbered and all proceeds from the proposed sales will directly and substantially benefit the Debtors' estates.

9. In accordance with Local Rule 6004-1(a), material provisions of the proposed sales include the following:[2]

### i. 285 7th Street Condominium Unit No. 1 (Brooklyn, NY)

- <u>Purchasers</u>: Alyson, Phyllis and Kenneth Aversa

- <u>Debtor Seller</u>: 7th Street Capital 285, LLC

- <u>Description of Property</u>: Condominium unit #1 at 285 7th Street, Brooklyn, New York, together with a 40% undivided interest in the common elements of the condominium

- <u>Closing Date</u>: 72 hours after court approval

- <u>Purchase Price</u>: $2,250,000.00

- <u>Condition of Sale</u>: N/A

- <u>Deadline for Approval or Closing of Sale</u>: N/A

- <u>Deposit Requirement and Deposit Forfeiture</u>: $250,000.00 down payment

- <u>Request for Tax Determination</u>: N/A

- <u>Access to Debtors' Books and Records</u>: N/A

- <u>Executory Contracts to be Assumed</u>: N/A

- <u>Credit Bidding</u>: N/A

- <u>Broker/Sales Agent's Fee/Commission</u>: Compass and Douglass Elliman are the only brokers with whom Purchasers have dealt in connection with this transaction. 7th Street Capital 285, LLC agrees to pay any commission due to said brokers.

---

[2] To the extent there is any inconsistency between the terms of the Sale Agreements summarized herein and the actual terms of any of the Sale Agreements, the terms of the applicable Sales Agreement shall control.

-3-

8906941

10. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- Sale to Insider: N/A.

- Agreements with Management or Key Employees: N/A

- Waiver, Release or Satisfaction of any Claim: N/A

- Agreement to Limit Marketing or Not Solicit Competing Offers: This is a private sale.

- Interim Agreement with the Proposed Purchaser: N/A

- Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order: N/A

- Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code: N/A

- Limitation of the Proposed Purchaser's Successor Liability: The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors. ¶6.

- Sale Free and Clear: The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens. ¶5.

- Relief from Bankruptcy Rule 6004(h) or 6006(d): The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

ii. **285 7th Street Condominium, Unit No. 2 (Brooklyn, NY)**

- Purchasers: Sofian Rami and Yasmine Belkacemi

- Debtor Seller: 7th Street Capital 285, LLC

- Description of Property: Condominium unit #2 at 285 7th Street, Brooklyn, New York, together with a 24% undivided interest in the common elements of the condominium

- Closing Date: 72 hours after court approval

- Purchase Price: $1,650,000.00

8906941

- Condition of Sale: The unit is being sold unfurnished and will contain only those fixtures and equipment currently installed that are owned by 7th Street Capital 285, LLC

- Deadline for Approval or Closing of Sale: August 31, 2022

- Deposit Requirement and Deposit Forfeiture: $165,000.00 down payment

- Request for Tax Determination: N/A

- Access to Debtors' Books and Records: N/A

- Executory Contracts to be Assumed: N/A

- Credit Bidding: N/A

- Broker/Sales Agent's Fee/Commission: Compass and Elegran Real Estate are the only brokers or sale agents with whom Purchasers have dealt in connection with this transaction. 7th Street Capital 285, LLC agrees to pay any commission due to said brokers.

11. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- Sale to Insider: N/A.

- Agreements with Management or Key Employees: N/A

- Waiver, Release or Satisfaction of any Claim: N/A

- Agreement to Limit Marketing or Not Solicit Competing Offers: This is a private sale.

- Interim Agreement with the Proposed Purchaser: N/A

- Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order: N/A

- Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code: N/A

- Limitation of the Proposed Purchaser's Successor Liability: The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors. ¶6.

- Sale Free and Clear: The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens. ¶5.

-5-

8906941

- Relief from Bankruptcy Rule 6004(h) or 6006(d): The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

### iii. 285 7th Street Condominium, Unit No. 3 (Brooklyn, NY)

- Purchasers: Nicolas Thiebaud and Clara Cambon-Thiebaud

- Debtor Seller: 7th Street Capital 285, LLC

- Description of Property: Condominium unit #3 at 285 7th Street, Brooklyn, New York, together with a 36% undivided interest in the common elements of the condominium

- Closing Date: 72 hours after court approval

- Purchase Price: $2,125,000.00

- Condition of Sale: N/A

- Deadline for Approval or Closing of Sale: N/A

- Deposit Requirement and Deposit Forfeiture: $212,500.00 down payment

- Request for Tax Determination: N/A

- Access to Debtors' Books and Records: N/A

- Executory Contracts to be Assumed: N/A

- Credit Bidding: N/A

- Broker/Sales Agent's Fee/Commission: Compass and Realty de Tilly NY LLC are the only brokers or sale agents with whom Purchasers have dealt in connection with this transaction. 7th Street Capital 285, LLC agrees to pay any commission due to said brokers.

12. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- Sale to Insider: N/A.

- Agreements with Management or Key Employees: N/A

- Waiver, Release or Satisfaction of any Claim: N/A

- Agreement to Limit Marketing or Not Solicit Competing Offers: This is a private sale.

-6-

- Interim Agreement with the Proposed Purchaser: N/A

- Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order: N/A

- Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code: N/A

- Limitation of the Proposed Purchaser's Successor Liability: The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors. ¶6.

- Sale Free and Clear: The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens. ¶5.

- Relief from Bankruptcy Rule 6004(h) or 6006(d): The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

iv. **494 Seventh Street Condominium, Unit No. 1 (Brooklyn, NY)**

- Purchasers: Sarah Greenberg & Oded Burger

- Debtor Seller: Seventh Street Capital 494, LLC

- Description of Property: Condominium unit #1 at 494 Seventh Street, Brooklyn, New York, together with a 40% undivided interest in the common elements of the condominium

- Closing Date: June 24, 2022

- Purchase Price: $2,350,000.00

- Condition of Sale: N/A

- Deadline for Approval or Closing of Sale: October 13, 2022

- Deposit Requirement and Deposit Forfeiture: $235,000.00 down payment

- Request for Tax Determination: N/A

- Access to Debtors' Books and Records: N/A

- Executory Contracts to be Assumed: N/A

- Credit Bidding: N/A

- Broker/Sales Agent's Fee/Commission: Compass and Douglas Elliman are the only brokers or sale agents with whom Purchasers have dealt in connection with this transaction. Seventh Street Capital 494, LLC agrees to pay any commission due to said brokers.

13. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- Sale to Insider: N/A.

- Agreements with Management or Key Employees: N/A

- Waiver, Release or Satisfaction of any Claim: N/A

- Agreement to Limit Marketing or Not Solicit Competing Offers: This is a private sale.

- Interim Agreement with the Proposed Purchaser: N/A

- Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order: N/A

- Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code: N/A

- Limitation of the Proposed Purchaser's Successor Liability: The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors. ¶6.

- Sale Free and Clear: The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens. ¶5.

- Relief from Bankruptcy Rule 6004(h) or 6006(d): The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

v. **494 Seventh Street Condominium, Unit No. 2 (Brooklyn, NY)**

- Purchasers: Alan Zhou and Frances Lee

- Debtor Seller: Seventh Street Capital 494, LLC

- Description of Property: Condominium unit #2 at 494 Seventh Street, Brooklyn, New York, together with a 30% undivided interest in the common elements of the condominium

8906941

- <u>Closing Date</u>: July 13, 2022

- <u>Purchase Price</u>: $1,630,500.00

- <u>Condition of Sale</u>: N/A

- <u>Deadline for Approval or Closing of Sale</u>: August 31, 2022

- <u>Deposit Requirement and Deposit Forfeiture</u>: $163,050.00 down payment

- <u>Request for Tax Determination</u>: N/A

- <u>Access to Debtors' Books and Records</u>: N/A

- <u>Executory Contracts to be Assumed</u>: N/A

- <u>Credit Bidding</u>: N/A

- <u>Broker/Sales Agent's Fee/Commission</u>: Compass and Miriam Izsak Realty LLC are the only brokers or sale agents with whom Purchasers have dealt in connection with this transaction. Seventh Street Capital 494, LLC agrees to pay any commission due to said brokers.

14. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- <u>Sale to Insider</u>: N/A.

- <u>Agreements with Management or Key Employees</u>: N/A

- <u>Waiver, Release or Satisfaction of any Claim</u>: N/A

- <u>Agreement to Limit Marketing or Not Solicit Competing Offers</u>: This is a private sale.

- <u>Interim Agreement with the Proposed Purchaser</u>: N/A

- <u>Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order</u>: N/A

- <u>Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code</u>: N/A

- <u>Limitation of the Proposed Purchaser's Successor Liability</u>:  The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors.  ¶6.

-9-

8906941

- Sale Free and Clear: The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens. ¶5.

- Relief from Bankruptcy Rule 6004(h) or 6006(d): The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

    vi. **116 N. Croskey St. (Philadelphia, PA)[3]**

- Purchasers: Jennifer Terker and Michael Petrakis

- Debtor Seller: Cherry Street Capital 113-27 LLC

- Description of Property: 116 N. Croskey St., Philadelphia, PA 19103

- Closing Date: 72 hours after court approval

- Purchase Price: $1,762,500.00

- Condition of Sale: N/A.

- Deadline for Approval or Closing of Sale: N/A.

- Deposit Requirement and Deposit Forfeiture: $60,000.00 down payment

- Request for Tax Determination: N/A

- Access to Debtors' Books and Records: N/A

- Executory Contracts to be Assumed: N/A

- Credit Bidding: N/A

- Broker/Sales Agent's Fee/Commission: Compass Pennsylvania LLC (buyer agent) and Keller Williams Philly (seller agent).

15. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- Sale to Insider: N/A.

---

[3] On or around June 14, 2022, the proposed purchasers purported to terminate this proposed transaction by submitting a *Notice of Termination of Agreement of Sale*. However, the Debtors and the proposed purchasers are working to consensually resolve this issue.

-10-

- Agreements with Management or Key Employees: N/A

- Waiver, Release or Satisfaction of any Claim: N/A

- Agreement to Limit Marketing or Not Solicit Competing Offers: This is a private sale.

- Interim Agreement with the Proposed Purchaser: N/A

- Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order: N/A

- Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code: N/A

- Limitation of the Proposed Purchaser's Successor Liability: The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors. ¶6.

- Sale Free and Clear: The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens. ¶5.

- Relief from Bankruptcy Rule 6004(h) or 6006(d): The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

vii. **124 N. Croskey St. (Philadelphia, PA)**

- Purchasers: Timothy Nester and Christopher Eckman

- Debtor Seller: Cherry Street Capital 113-27 LLC

- Description of Property: 124 N. Croskey St., Philadelphia, PA 19103

- Closing Date: To be scheduled by the parties prior to July 15, 2022

- Purchase Price: $1,800,000.00

- Condition of Sale: N/A

- Deadline for Approval or Closing of Sale: July 15, 2022

- Deposit Requirement and Deposit Forfeiture: $25,000.00 initial deposit, and $50,000 deposit due 48 hours after buyer due diligence is completed.

- Request for Tax Determination: N/A

-11-

8906941

- Access to Debtors' Books and Records: N/A

- Executory Contracts to be Assumed: N/A

- Credit Bidding: N/A

- Broker/Sales Agent's Fee/Commission: Berkshire Hathaway Fox & Roach – Haverford (buyer agent) and Keller William Philly (seller agent).

16. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- Sale to Insider: N/A.

- Agreements with Management or Key Employees: N/A

- Waiver, Release or Satisfaction of any Claim: N/A

- Agreement to Limit Marketing or Not Solicit Competing Offers: This is a private sale.

- Interim Agreement with the Proposed Purchaser: N/A

- Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order: N/A

- Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code: N/A

- Limitation of the Proposed Purchaser's Successor Liability: The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors. ¶6.

- Sale Free and Clear: The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens. ¶5.

- Relief from Bankruptcy Rule 6004(h) or 6006(d): The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

viii. **Ocean Delray Condominium, Unit #8 (Delray Beach, FL)**

- Purchasers: Matt Wollman

- Debtor Seller: Wright By The Sea 1901 LLC

-12-

8906941

- Description of Property: 1901 South Ocean Boulevard, Unit #8, Delray Beach, FL 33483

- Closing Date: July 5, 2022

- Purchase Price: $6,450,000.00

- Condition of Sale: N/A

- Deadline for Approval or Closing of Sale: N/A

- Deposit Requirement and Deposit Forfeiture: $1,935,000.00 initial deposit

- Request for Tax Determination: N/A

- Access to Debtors' Books and Records: N/A

- Executory Contracts to be Assumed: N/A

- Credit Bidding: N/A

- Broker/Sales Agent's Fee/Commission: Douglas Elliman and TTR Sotheby's International Realty Washington D.C.

17. A summary of "special provisions" enumerated in Local Rule 6004-1(b) is as follows:

- Sale to Insider: N/A.

- Agreements with Management or Key Employees: N/A

- Waiver, Release or Satisfaction of any Claim: N/A

- Agreement to Limit Marketing or Not Solicit Competing Offers: This is a private sale.

- Interim Agreement with the Proposed Purchaser: N/A

- Release of Sale Proceeds on or After the Closing, or Allocation of Sale Proceeds Between or Among Sellers, Without Further Court Order: N/A

- Sale or Limitation of Right to Pursue Avoidance Claims Under Chapter 5 of the Bankruptcy Code: N/A

- Limitation of the Proposed Purchaser's Successor Liability: The Sale Order provides that Purchaser shall have no successor liability for any claims against the Debtors. ¶6.

8906941

- Sale Free and Clear:  The Sale Order provides that the Property is being transferred free and clear of all liens, claims and encumbrances other than permitted liens.  ¶5.

- Relief from Bankruptcy Rule 6004(h) or 6006(d):  The Sale Order provides that it shall be effective and enforceable, immediately upon its entry. ¶10.

## RELIEF REQUESTED

18. By this Motion, the Debtors respectfully request the entry of the Sale Order, approving the proposed sales and authorizing the sales of the Properties free and clear of all liens, claims, encumbrances and interests and granting related relief, including payment of applicable broker/sale commissions.

## BASIS FOR RELIEF REQUESTED

### I. The Sale of the Properties is Authorized by Section 363 as a Sound Exercise of the Debtors' Business Judgment

19. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Section 105(a) of the Bankruptcy Court provides, in pertinent part, that "[t]he Court may issue any order, process or judgment that is necessary and appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

20. Courts generally apply the "business judgment" standard in determining whether to approve a proposed transaction under section 363 of the Bankruptcy Code. *See*, *e.g.*, *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (noting that, under normal circumstances, courts defer to the debtor's judgment concerning the proposed use of estate property under section 363(b) when there is a legitimate business justification); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business purpose" standard for transactions under section 363).

21. Under this standard, the debtor bears the initial burden of establishing that a valid business purpose exists for the use of estate property in a manner outside of the debtor's ordinary course of business. *See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). Once the debtor articulates a valid business justification for the proposed transaction, courts will generally presume that the decision was made "on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *Off. Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

22. Thus, after a debtor satisfies its initial burden of establishing a valid business justification, the business judgment rule shields the debtor's management from judicial second-guessing and mandates that a court approve the debtor's business decision unless the decision is a product of bad faith or constitutes a gross abuse of discretion. *See, e.g.*, *In re Global Crossing*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

23. Here, the Debtors submit that the sale of the Properties to the Purchasers is a sound exercise of their business judgment. The Debtors believe that the consideration offered by the Purchasers is fair and reasonable – and likely materially more favorable than what the Debtors otherwise would obtain. Moreover, the sale to the Purchasers relieves the Debtors of the burden and cost of attempting to further market and sell the Properties, as well as any related upkeep or maintenance costs.

24. The Purchasers' purchase of the Properties is the result of good faith, arm's-

length negotiations between the parties. Accordingly, the Debtors request that this Court find that the Purchasers are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code[4] and that the sales are not subject to avoidance under section 363(n) of the Bankruptcy Code.[5]

25. In light of the foregoing, the Debtors respectfully submit that the sale of the Properties to the Purchasers is in the best interest of the Debtors' estates, their creditors and other parties in interest.

### II. The Sale and Transfer of the Properties Free and Clear of All Liens, Claims, Encumbrances and Interests is Authorized by Section 363(f)

26. The Debtors submit that it is appropriate to sell and transfer the Properties free and clear of all liens, claims, encumbrances and interests of any nature, including, in each case, all "interests" as such term is defined in section 363(f) of the Bankruptcy Code (collectively, the "**Liens and Interests**"). Section 363(f) of the Bankruptcy Code authorizes a debtor-in-possession to sell assets free and clear of Liens and Interests if: (i) applicable nonbankruptcy law permits sale of property free and clear of such interests; (ii) the party asserting such a lien, claim or interest consents to such sale; (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of

---

[4] Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification on appeal of an authorization under sections 363(b) or 363(c) of the Bankruptcy Code does not affect the validity of a disposition under that authorization to an entity that has acted in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the relevant transaction were stayed pending the appeal. 11 U.S.C. § 363(m).

[5] Section 363(n) of the Bankruptcy Code provides that: "[t]he trustee may avoid a sale under this section if the sale process was controlled by an agreement among the potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection." 11 U.S.C. § 363(n).

8906941

a bona fide dispute; or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See* 11 U.S.C. § 363(f); *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) (section 363(f) "is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.").

27. The Debtors submit that sections 363(f)(2), (3) and (5) are satisfied. First, there are no current known Liens and Interests on the Properties. To the extent that any party in interest believes that it has a lien or interest with respect to the Properties and it does not object to the applicable sale, any alleged lienholder will also be deemed to consent to the sale free and clear of all Liens and Interests. Second, to the extent that any parties assert or seek to assert a security interest in the Properties, the Debtors request that the Liens and Interests asserted against the Properties by any creditor purporting to be a secured creditor be transferred and attach to the proceeds from the sale received by the Debtors, subject to the rights, claims, defenses, and objections, in any, of any and all interested parties with respect thereto. Lastly, all such parties could be compelled to accept money satisfaction for their interests. As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied to permit the sale free and clear of all Liens and Interests.

28. The Debtors also submit that it is appropriate to sell the Properties free and clear of successor liability. The purpose of an order purporting to authorize the transfer of assets free and clear of all "interests" would be frustrated if claimants could thereafter use the transfer as a basis to assert claims against the Purchasers, arising from the Debtors' pre-sale conduct. Courts routinely hold that a purchaser of a debtor's assets pursuant to section 363 takes free from successor liability resulting from pre-existing claims. *See, e.g.*, *In re Christ Hosp.*, 502 B.R. 158,

171 (Bankr. D.N.J. 2013), *aff'd*, 2014 WL 4613316 (D.N.J. Sept. 12, 2014); *In re Motors Liquid. Co.*, 2016 WL 3766237 (2d Cir. July 13, 2016) *12-13 ("We agree that successor liability claims can be 'interests' when they flow from a debtor's ownership of transferred assets . . . a bankruptcy court may approve a § 363 sale 'free and clear' of successor liability claims if those claims flow from the debtor's ownership of the sold assets."); *In re Chrysler LLC*, 405 B.R. 84, 811 (Bankr. S.D.N.Y. 2009) ("[I]n personam claims, including any potential state successor or transferee liability claims against New Chrysler, as well as in rem interests, are encompassed by section 363(f) and are therefore extinguished by the Sale.").

29.     For these reasons, the Purchasers should not be liable under any theory of successor liability relating to the Properties, but instead, should hold the Properties free and clear of any and all Liens and Interests, including successor liability claims.

### WAIVER OF RULE 6004(h) STAY OF RELIEF, IF APPLICABLE

30.     The Debtors request that the Court waive any stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  FED. R. BANKR. P. 6004(h).  Timely consummation of the sale is of critical importance to the Debtors' efforts to maximize the value of their estates.  Accordingly, the Debtors request that the Court waive any applicable stay period under Bankruptcy Rule 6004(h).

### WAIVER OF MEMORANDUM OF LAW

31.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is incorporated herein and this Motion does not raise any novel issues of law.

**NO PRIOR REQUEST**

32.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

**NOTICE**

33.  Notice of this Motion shall be provided to (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) the Debtors' thirty largest unsecured creditors on a consolidated basis and the Debtors' thirty largest investors on a consolidated basis; (iii) S3 RE Bergenline Funding, LLC, S3 RE 1300 Manhattan Funding LLC and Toorak Capital Partners; (iv) the U.S. Attorney General; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the New Jersey Attorney General; (viii) the U.S. Attorney for the District of New Jersey; (ix) the New Jersey Division of Taxation; (x) the New Jersey Bureau of Securities; (xi) the New York Attorney General; (xii) the New York Department of Taxation and Finance; (xiii) the Florida Attorney General; (xiv) the Florida Department of Revenue; (xv) the Illinois Attorney General; (xvi) the Illinois Department of Revenue; (xvii) the Illinois Securities Department; (xviii) the Alabama Attorney General; (xix) the Alabama Department of Revenue; (xx) the Alabama Securities Commission; and (xxi) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*REMAINDER OF PAGE INTENTIONALLY BLANK*]

8906941

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court grant the relief requested herein, and such further relief as the Court may deem just and proper.

Dated: June 15, 2022                                **SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(937) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

8906941