**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1] <br><br> Debtors. | Chapter 11 <br><br> Case 22-14539- (JKS) <br><br> (Jointly Administered) |

**APPLICATION FOR ENTRY OF AN ORDER SHORTENING TIME PERIOD FOR NOTICE UNDER FED. R. BANKR. P. 9006(c)(1), LIMITING NOTICE, AND SETTING HEARING FOR APPROVAL OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through their undersigned proposed counsel, submit this application (the "**Application**"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") and Rule 9013-2(c) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), for entry of an order shortening the time period for notice, limiting notice, and setting a hearing for approval of the *Debtors' Motion for Entry of an Order*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

1

8908220

*Authorizing the Private Sale of Certain Properties Free and Clear of Liens, Claims, Encumbrances and Interests, and Granting Related Relief* (the "**Private Sale Motion**")[2]. In support of this Application, the Debtors rely on the facts and arguments set forth in the Private Sale Motion, which is incorporated herein by reference, and respectfully state as follows:

## BACKGROUND

### I. General Background

1. On June 7, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Additional background regarding these Chapter 11 Cases is set forth in the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16].

### II. The Private Sale Motion

4. The Debtors commenced these Chapter 11 Cases with the goal of, *inter alia*, profitably selling their completed properties in order to maximize the value of their estates and to propose a plan of reorganization that will provide a substantial, if not full, recovery to all stakeholders and position the Debtors to continue operating as a profitable mid-sized real estate investment firm.

5. Here, after negotiating at arms-length, the Debtors have determined in their business judgment to sell the Properties to the Purchasers for an aggregate purchase price in excess of $20 million. All of the Properties were marketed for sale by independent third-party brokers/realtors who are unaffiliated with the Debtors. Moreover, because the Properties are all

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Private Sale Motion.

8908220

unencumbered, all proceeds from the proposed sales will directly and substantially benefit the Debtors' estates.

6.  However, time is of the essence because, as shown below, some of the proposed sales have rapidly approaching closing dates (the earliest of which is June 24, 2022). Moreover, as explained in the Private Sale Motion, one proposed purchaser recently submitted a *Notice of Termination of Agreement of Sale*. Although the Debtors and the proposed purchaser are working to consensually resolve this issue and are optimistic that they will be able to do so, the Debtors respectfully submit that expedited consideration of the Private Sale Motion is necessary, warranted and appropriate to ensure that the proposed sales close and the Debtors' estates can realize over $20 million in value for the benefit of their creditors, investors and other stakeholders.

| Property | Closing Date |
|---|---|
| 285 7th Street Condominium Unit No. 1 (Brooklyn, NY) | 72 hours after court approval[3] |
| 285 7th Street Condominium Unit No. 2 (Brooklyn, NY) | 72 hours after court approval[4] |
| 285 7th Street Condominium Unit No. 3 (Brooklyn, NY) | 72 hours after court approval[5] |
| 494 Seventh Street Condominium, Unit No. 1 (Brooklyn, NY) | June 24, 2022 |
| 494 Seventh Street Condominium, Unit No. 2 (Brooklyn, NY) | July 13, 2022 |
| 116 N. Croskey St. (Philadelphia, PA) | 72 hours after court approval |
| 124 N. Croskey St. (Philadelphia, PA) | To be scheduled by the parties prior to July 15, 2022 |
| Ocean Delray Condominium, Unit #8 (Delray Beach, FL) | July 5, 2022 |

7.  Therefore, by this Application, the Debtors seek to schedule a hearing on the Private Sale Motion on either **Tuesday, June 21, 2022 or Wednesday, June 22, 2022**.

---

[3, 4, 5]  The scheduled closing dates have passed. The Debtors anticipate rescheduling the closings to occur within 72 hours of the entry of an order authorizing the sales.

3

8908220

## GOOD CAUSE EXISTS TO SHORTEN TIME

8. The regular notice period applicable to motions in this Court is twenty-one (21) days. However, Bankruptcy Rule 9006(c) and Local Rule 9013-2(c) authorize the Court to shorten the notice period and limit notice on motions for cause shown. The primary consideration for a court in determining whether to reduce a notice period is the prejudice that could potentially result to parties entitled to notice if the reduction is granted. *See, e.g., In re Philadelphia Newspapers, LLC*, 690 F. 3d 161, 171 (3rd Cir. 2012); *In re Grant Broadcasting of Philadelphia*, 71 B.R. 390, 397 (Bankr. W.D. Pa. 1987); *In re Villareal*, 160 B.R. 786, 788 (W.D. Tex. 1993).

9. Here, good cause exists to shorten notice with respect to the relief requested by the Private Sale Motion. The Debtors firmly believe that the proposed sales of the Properties to the Purchasers represent the best opportunity to maximize the value of the estates for the benefit of creditors, investors and other stakeholders. Moreover, because the Properties were marketed extensively before the Petition Date by third party brokers/realtors, the Debtors do not believe that further extending the marketing and sale process would benefit any party in interest. Therefore, it is critical that the Debtors consummate the sales to the Purchasers so that the sales can close, and the Debtors' estates can realize over $20 million in value for the benefit of their creditors, investors and other stakeholders, which value might otherwise be lost if the sales are further delayed.

10. Moreover, shortening notice with respect to the Private Sale Motion would not prejudice creditors. Though the Debtors are seeking shortened notice with respect to the Private Sale Motion, the Debtors are not conducting a hasty sale process. Rather, each of the Properties was subject to a robust and extensive prepetition marketing process by independent, third-party

8908220

brokers/realtors who are unaffiliated with the Debtors, and the Debtors believe the proposed sales offer the best opportunity to maximize the value of the Properties. Accordingly, the Debtors believe that under the circumstances, expedited consideration of the Private Sale Motion will serve to benefit, not harm, the Debtors' estates and creditors.

11. For the foregoing reasons, the Debtors believe that expedited consideration of the Private Sale Motion is warranted under the circumstances, and submit that just cause exists to schedule a hearing on such relief on shortened notice.

## CONCLUSION

**WHEREFORE**, the Debtors request entry of an order scheduling a hearing on the Private Sale Motion on either **Tuesday, June 21, 2022 or Wednesday, June 22, 2022**.

Respectfully submitted,

Dated: June 15, 2022                                **SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(937) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

8908220

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**SILLS CUMMIS & GROSS P.C.**<br>S. Jason Teele, Esq. (steele@sillscummis.com)<br>Daniel J. Harris, Esq. (dharris@sillscummis.com)<br>Gregory Kopacz, Esq. (gkopacz@sillscummis.com)<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>(973) 643-7000 (Telephone)<br>(973) 643-6500 (Facsimile)<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors-in-Possession* |

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br>            Debtors. | Chapter 11<br><br>Case 22-14539 (JKS)<br><br>(Jointly Administered) |

**ORDER SHORTENING TIME PERIOD FOR NOTICE, LIMITING NOTICE, AND SETTING HEARING FOR APPROVAL OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including three (3), is hereby **ORDERED**.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

8908220

Page: 2
Debtor: National Realty Investment Advisors, LLC, *et al.*
Case No.: 22-14539 (JKS)
Caption: Order Shortening Time Period for Notice, Limiting Notice, and Setting Hearing for Approval of Debtors' Motion for Entry of an Order Authorizing the Private Sale of Certain Properties Free and Clear of Liens, Claims, Encumbrances and Interests, and Granting Related Relief

---

Upon consideration of the Application[1] of the above-captioned debtors and debtors-in-possession (the "**Debtors**") for shortened notice under Fed. R. Bankr. P. 9006(c)(1) with respect to the Private Sale Motion (defined below), and for cause shown, it is

**ORDERED** as follows:

1. The time period required by Local Bankruptcy Rule 9013-1 and/or Fed. R. Bankr. P. 2002 or other rule for notice of a hearing for approval of the *Debtor's Motion for Entry of an Order Authorizing the Private Sale of Certain Properties Free and Clear of Liens, Claims, Encumbrances and Interests, and Granting Related Relief* (the "**Private Sale Motion**") is hereby shortened as set forth herein.

2. A hearing shall be conducted on the relief requested in the Private Sale Motion on **June___, 2022 at___** (ET), at the United States Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102, before the Honorable John K. Sherwood.

4. The Debtors shall cause to be served a copy of this Order, the Application, and the Private Sale Motion (to the extent that they have not been served to date) upon (i) the Office of the United States Trustee; (ii) the Debtors' thirty largest unsecured creditors on a consolidated basis and the Debtors' thirty largest investors on a consolidated basis; (iii) S3 RE Bergenline Funding, LLC, S3 RE 1300 Manhattan Funding LLC and Toorak Capital Partners; (iv) the U.S. Attorney General; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the New Jersey Attorney General; (viii) the U.S. Attorney for the District of New Jersey; (ix) the New Jersey Division of Taxation; (x) the New Jersey Bureau of Securities;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

8908220

Page: 3
Debtor: Integrated Dental Systems, LLC
Case No.: 20-21423
Caption: Order Shortening Time Period for Notice, Limiting Notice, and Setting Hearing for Approval of Debtors' Motion for Entry of an Order Authorizing the Private Sale of Certain Properties Free and Clear of Liens, Claims, Encumbrances and Interests, and Granting Related Relief.

---

(xi) the New York Attorney General; (xii) the New York Department of Taxation and Finance; (xiii) the Florida Attorney General; (xiv) the Florida Department of Revenue; (xv) the Illinois Attorney General; (xvi) the Illinois Department of Revenue; (xvii) the Illinois Securities Department; (xviii) the Alabama Attorney General; (xix) the Alabama Department of Revenue; (xx) the Alabama Securities Commission; and (xxi) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 by email (where available) and overnight mail within one (1) business day after the entry of this Order.

5. The notice authorized by this Order is deemed appropriate and adequate under the circumstances.

6. A *Certificate of Service* must be filed prior to the hearing date.

6. Any objection to the Private Sale Motion may be presented at the hearing.

7. Court appearances are required for the Court to consider the Private Sale Motion and any objection(s) thereto.

8. Parties may request to appear by telephone by contacting Chambers prior to the hearing date.

8908220