**Ice Miller LLP**
1500 Broadway, 29th Floor
New York, NY 10036
Louis T. DeLucia
Phone: (212) 835-6312
Email: Louis.DeLucia@icemiller.com
Alyson M. Fiedler
Phone: (212) 835-6315
Email: Alyson.Fiedler@icemiller.com

*Appearing for Investors Michael Chen,
Christina Hsieh, Albino Tarabocchia,
and James Fox*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case 22-14539- (JKS)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF CERTAIN INVESTORS TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER AUTHORIZING THE PRIVATE SALE
OF CERTAIN PROPERTIES FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS, AND GRANTING RELATED RELIEF**

Investors Michael Chen ("**Chen**"), Christina Hsieh ("**Hsieh**"), Albino Tarabocchia ("**Tarabocchia**"), and James Fox ("**Fox**") (collectively, the "**Investors**"), hereby submit their limited objection to the motion of the above-captioned debtors and debtors-in-possession (the "**Debtors**"), for entry of an order authorizing the private sale of certain Properties free and clear

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

1

of liens, claims, encumbrances, and interests and granting related relief (Dkt. 36) (the "**Motion**"), as follows:[2]

## BACKGROUND

### I. GENERAL BACKGROUND

1. On June 7, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Chapter 11 Cases**").

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors or investors has been formed to date.

### II. THE PRIVATE SALE MOTION

4. The Debtors seek authorization for the private sale of eight Properties for an aggregate purchase price in excess of $20 million (the "**Proceeds**"). Debtors assert that the Sale Agreements were negotiated at arm's length after being marketed for sale by independent third-party brokers/realtors who are unaffiliated with the Debtors. Finally, Debtors allege that the Properties are all unencumbered, and that all Proceeds from the proposed Sale Agreements will directly and substantially benefit the Debtors' estates.

5. Debtors have asked the Court to approve the sale on an expedited basis, before any committees have been formed and before the sales can be scrutinized by independent estate fiduciaries because some of the proposed sales have rapidly approaching closing dates, the earliest of which being June 24, 2022.

6. The specific Properties that the Debtors are seeking to sell are:

- 285 7th Street Condominium Unit No. 1 (Brooklyn, NY), purportedly owned by Debtor 7th Street Capital 285, LLC;

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

- 285 7th Street Condominium Unit No. 2 (Brooklyn, NY), purportedly owned by Debtor 7th Street Capital 285, LLC;

- 285 7th Street Condominium Unit No. 3 (Brooklyn, NY), purportedly owned by Debtor 7th Street Capital 285, LLC;

- 494 Seventh Street Condominium, Unit No. 1 (Brooklyn, NY), purportedly owned by Debtor **Seventh Street Capital 494, LLC**;

- 494 Seventh Street Condominium, Unit No. 2 (Brooklyn, NY), purportedly owned by Debtor **Seventh Street Capital 494, LLC**;

- 116 N. Croskey St. (Philadelphia, PA), purportedly owned by Cherry Street Capital 113-27 LLC;

- 124 N. Croskey St. (Philadelphia, PA), purportedly owned by Cherry Street Capital 113-27 LLC; and

- Ocean Delray Condominium, Unit #8 (Delray Beach, FL), purportedly owned by Weight By The Sea 1901 LLC.

### III. <u>INVESTORS' INTERESTS, CLAIMS, AND NOTICE</u>

7. Investors Chen and Hsieh invested in **Seventh Street Capital 494 LLC** (and other Debtors) and has a direct interest in the Proceeds of the sale of the Properties by that Debtor. Chen and his family members assert claims against the Debtors of not less than $3.3 million comprised of investments in various NRIA-affiliated entities, including NRIA Partners Portfolio Fund 1, LLC, a 3.33% interest in Debtor **Seven Street Capital 494 LLC**, and a 50% interest in Black Horse Alley Capital LLC, also a Debtor herein (Case No. 22-14571), and other contract damages.

8. On May 15, 2017, Chen purchased one membership unit of **Seventh Street Capital 494, LLC** out of 30 being offered, for the purchase price of $80,893.23. Hsieh also purchased one membership unit of **Seventh Street Capital 494, LLC** on the same date for the same purchase price. Documents evidencing Chen's and Hsieh's 6.66% aggregate interest in **Seventh Street Capital 494, LLC** as of December 2020 are attached hereto as **Group Exhibit A**. Accordingly, Chen and Hsieh have a direct interest in the **Seventh Street Capital 494, LLC** entity that is

purportedly the owner of 494 Seventh Street, Units 1 and 2 in Brooklyn, New York—two of the eight Properties that are the subject of the Motion.[3]

9. Tarabocchia invested not less than $480,000 in NRIA and certain of its affiliates, and made an investment in Black Horse Alley Capital LLC, in which he is a 50% member. Chen owns the other 50% member interests.

10. Fox invested at least $2.95 million in NRIA Partners Portfolio Fund 1, LLC. He invested an initial $2 million on January 13, 2021, $750,000 on April 19, 2021, and $200,000 on August 4, 2021.

11. On June 20, 2022, the Debtors filed a motion to dismiss Black Horse Alley Capital LLC's case pursuant to section 1112(b) of the title 11 of the United States Code (the "**Bankruptcy Code**") (Dkt. No. 53) (the "**Dismissal Motion**") because the Debtors belatedly recognized that although Chen and Tarabocchia own 100% of the membership interests of Black Horse Alley Capital, LLC, its petition was filed without the requisite corporate authority.

12. Other investors may also claim a direct interest in certain of the real estate asserted to be owned by the Debtors. As evidenced by the Dismissal Motion, the Debtors' records are not accurate.

13. Moreover, investors with an interest in the Properties may not be on actual notice of the Motion because notice was limited to only the "thirty largest investors on a consolidated basis." (Dkt. No. 36, 38)  Neither Chen nor Hsieh are identified on the Debtors' "List of 30 Largest Investors on a Consolidated Basis" (*see* Voluntary Petition at page 21, Dkt. No. 1). Yet their interests in the Properties are directly affected by the Motion – and but for their extraordinary vigilance, they would have had no notice of the relief sought in the Motion.

---

[3] Nevertheless, Seventh Street Capital 494, LLC's petition incorrectly lists Seventh Street Capital 494, LLC as being 100% owned by debtor NRIA 494 Seventh Manager LLC.

## IV. REGULATORY INVESTIGATIONS AND POSTPETITION CASH NEEDS

14. Brian J Casey's *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* filed on June 7, 2022 (the "**Casey Declaration**") concedes that the Debtors have been the subject of extensive regulatory investigations by the Securities and Exchange Commission, United States Attorney, and state securities regulators including the State of New Jersey Bureau of Securities, Alabama Securities Commission, and Illinois Securities Department (collectively, the "**Investigations**"). (Dkt. No. 16).

15. Publicly available information indicates that the Investigations are premised on accusations of violations of applicable securities laws (and potentially other wrongful conduct), resulting in more than $540 million in unpaid investors (whose investments, in many, many cases, represented the investors' entire life savings).[4] The investors in this case are not large financial institutions, investment banks, hedge funds, or market makers. They are virtually all individuals *reliant* on the Debtors' promised 12% "**guaranteed** return of capital" to meet living expenses. *See,* a sample "**Guarantee of Payment**" signed by Rey Grebato, President, National Realty Investment Advisors, LLC, attached as **Exhibit C**. (Dkt. No. 28). Many of the investors entrusted all of their retirement funds with the Debtors, but now have been left with insufficient income with which to meet living expenses as a result of the Debtors' conduct and this bankruptcy filing.

16. The Twelve-Week Budget ("**Budget**") attached to the Casey Declaration reflects **$72,330,870** in cash on hand as of the Petition Date, and **$1,650,000** in revenue (on or about June 21, 2022), for a total of **$73,980,870** in cash and other revenue.[5] The Budget also indicates that the Debtors' total cash "uses" over the same twelve-week period totals (**$20,398,142**). Accordingly,

---

[4] *See* the news articles attached as **Group Exhibit B** affixed hereto.,
[5] Dkt. No. 16, at Exhibit A.

5

the Debtors have more than adequate cash available to meet all costs in the Budget *without* the immediate need to use the Proceeds of the sale of the Properties.[6]

## V. LIMITED OBJECTION

17. The Investors do not oppose the proposed sale of the Properties. However, until an official investors or creditors' committee is appointed and has the opportunity to assess its usage, the Investors object to the Debtors' use of the Proceeds and request that the Proceeds of the sales of the Properties be segregated and held separate and apart from the Debtors' other property because:

- The Debtors do not need the Proceeds to operate, as evidenced by the Budget because they have $73 million of available funds, excluding the Proceeds, and need less than $21 million;

- The Debtors have not established that all investors or other parties with an interest in the Properties (and/or entities holding title to the Properties) have received adequate notice; and

- The Debtors' records appear to be incomplete and inaccurate, as evidenced by the required Dismissal Motion, and as further evidenced by Debtors' counsel's statements made on the record at the first-day hearings on June 9, 2022, wherein counsel represented that EisnerAmper had been retained prepetition to "reconstruct" the Debtors' books and records. Thus, the Debtor has not and may not presently be able to assure the Court and other investors do not have an interest in the Proceeds which the Debtors would like to use, potentially in violation of section 363(c) of the Bankruptcy Code.

18. Accordingly, pending further scrutiny by an official committee, the Debtors should not be permitted to commingle the funds with general operating funds, or use the funds to meet expenses due under the Budget.

19. The more than 2000 individual investors are entitled to oversight of the Debtors' business operations and the ability to assess the propriety of the Debtors' budgeted disbursements.

---

[6] The Investors do not concede or represent that they agree with the expenses or costs to be paid under the Budget, or that they are appropriate disbursements to be made by the Debtors.

Because the Debtors' have no need to immediately use the Proceeds, any use of the Proceeds should await the appointment of, and then review and approval of an official investors' committee appointed pursuant to section 1102 of the Bankruptcy Code.

20. Based on the foregoing, the Investors respectfully request that the Court grant relief consistent with the foregoing limited objection and grant such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,
Dated: June 21, 2022

**ICE MILLER LLP**

*/s/ Louis T. DeLucia*
Louis T. DeLucia
Alyson M. Fiedler
1500 Broadway, 29th Floor
New York, NY 10036
Phone: (212) 835-6312
Email: Louis.DeLucia@icemiller.com
Phone: (212) 835-6315
Email: Alyson.Fiedler@icemiller.com

*For Investors Michael Chen, Christina Hsieh Albino Tarabocchia, and James Fox*