# EXHIBIT A

## Proposed Order

8900364

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

|  |  |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>      Debtors. | Chapter 11<br><br>Case No.: 22-14539 (JKS)<br><br>(Jointly Administered) |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

  The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

8900364

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 2 |

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order for entry of an order authorizing the Debtors to employ and compensate professionals utilized in the ordinary course of business; and good and sufficient notice of the Motion having been given; and the Court having considered the moving papers, and any opposition thereto; and good cause appearing for the entry of this Order; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that notice of the Motion is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized to employ and compensate the Ordinary Course Professionals listed on **Exhibit B** to the Motion and/or any additional Ordinary Course Professionals to the extent deemed necessary or appropriate by the Debtors, in the ordinary course of business, effective as of the earlier of (i) the Petition Date and (ii) the date of commencement of the work provided to the Debtors by each respective Ordinary Course Professional, in accordance with the following procedures:

   (a) Within thirty (30) days of the later of the entry of an order granting this Motion or the engagement of such professional by the Debtors, each Ordinary Course

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

-2-

8900364

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 3 |

Professional, including those listed on **Exhibit B**, will (x) file with the Court (i) a declaration substantially in the form annexed hereto as **Exhibit C**, certifying that such professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter or matters on which such professional is to be employed, and (ii) a completed retention questionnaire substantially in the form annexed hereto as **Exhibit D**, which, among other things, will detail the type of services to be provided and the compensation to be paid for such services, and (y) serve the foregoing declaration and retention questionnaire upon (i) the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**"); (ii) counsel to any statutory committee appointed in these chapter 11 cases; and (iii) those parties who have filed a notice of appearance and request for service of pleadings in the chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "**Retention Notice Parties**").

(b)  The Debtors propose that the Retention Notice Parties be given ten (10) days after service of each declaration and questionnaire to object to the retention of the applicable Ordinary Course Professional (the "**Retention Objection Deadline**") and that any such objection be filed with the Court and served upon the Debtors, the relevant Ordinary Course Professional, and the Retention Notice Parties.  If no objection is filed prior to the Retention Objection Deadline, the Debtors request that the employment, retention, and compensation of the Ordinary Course Professional be deemed approved without further order of the Court. If an objection is filed by the Retention Objection Deadline and such objection cannot be resolved within twenty (20) days, the Debtors will schedule the matter for a hearing before the Court, and the Debtors and/or the relevant Ordinary Course Professional will have the right to file a reply with respect to any objection prior to the scheduled hearing.

3.  The Debtors are authorized to pay each Ordinary Course Professional, without a prior motion to the Court, 100% of the fees and disbursements requested, up to $50,000 per month on average over a rolling three (3) month period, for each Ordinary Course Professional, excluding costs and disbursements, and provided further that the Debtors shall not pay any individual Ordinary Course Professional in excess of $500,000 (excluding costs and

8900364

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 4 |

disbursements) during the course of these chapter 11 cases (the "**Ordinary Course Professional Fee Cap**") in accordance with the following payment procedures:[3]

    (a)    Each Ordinary Course Professional must submit <u>by e-mail</u> reasonably detailed monthly invoices (each, an "**Invoice**") detailing the nature of the services rendered and expenses incurred in accordance with such professional's standard billing practices to: (i) the Debtors, Attn.: Brian Casey (bcasey@caseygroupltd.com); and (ii) counsel to the Debtors, Sills Cummis & Gross, P.C., Attn.: Daniel J. Harris, Esq. (dharris@sillscummis.com) and Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com) (collectively, the "**Debtor Notice Parties**"). As soon as reasonably practicable after receipt of an Invoice, the Debtors shall provide a copy of such Invoice by e-mail to: (i) counsel to any committee appointed in these chapter 11 cases and (ii) the U.S. Trustee (collectively with the Debtor Notice Parties, the "**Payment Notice Parties**").

    (b)    An Ordinary Course Professional shall not be paid pursuant to this Order until each of the Payment Notice Parties has had fourteen (14) days from the receipt of an Invoice to object to the fees and/or expenses contained therein, and any such objection shall be filed with the Court and served upon the relevant Ordinary Course Professional, and the Payment Notice Parties.

    (c)    If no timely objection is filed, the Debtors may pay the relevant fees and/or expenses without further order of this Court. In the event that a timely filed objection cannot be resolved within fourteen (14) days of its filing, this Court, upon request of the Debtors, shall schedule a hearing to consider and resolve such dispute.

4.    In the event that an Ordinary Course Professional's fees and disbursements exceed the Ordinary Course Professional Fee Cap, then such Ordinary Course Professional must file a fee application with this Court for approval of such fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any applicable Local Bankruptcy Rules.

5.    The Debtors' rights to dispute any Invoices submitted by an Ordinary Course Professional shall not be affected or prejudiced in any manner by the terms of this Order.

---

[3] This proposed cap is based on the maximum amount of fees and expenses the Debtors expect may be incurred by any single Ordinary Course Professional, but does not represent the fees and expenses the Debtors expect any Ordinary Course Professional will typically incur on a monthly basis.

8900364

Case 22-14539-JKS    Doc 83-1    Filed 06/28/22    Entered 06/28/22 14:05:03    Desc
Proposed Order    Page 6 of 6

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 5 |

6. The Debtors may employ and compensate additional Ordinary Course Professionals not listed on **Exhibit B** attached to the Motion in accordance with the procedures approved by this Order.

7. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

8. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

11. The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) days after entry of this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8900364