| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>100 Southgate Parkway<br>Morristown, New Jersey 07962<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Warren J. Martin, Jr. (wjmartin@pbnlaw.com)<br>Kelly D. Curtin (kdcurtin@pbnlaw.com)<br>David E. Sklar (desklar@pbnlaw.com)<br>*Counsel to Allen Cvelic and Martina Gudac* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>　　　　　　　　　Debtors. | Chapter: 11<br><br>Case No.: 22-14539 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date and Time:**<br>**July 19, 2022 at 2:00 p.m.** |

**OMNIBUS OBJECTION OF ALLEN CVELIC AND MARTINA GUDAC TO (I) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, (II) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ASSUME CERTAIN CONSTRUCTION CONTRACTS AND (III) JOINDER IN THE UNITED STATES TRUSTEES' OBJECTION THE RETENTION OF SILLS CUMMIS & GROSS P.C. AS COUNSEL FOR THE DEBTORS**

Allen Cvelic and Martina Gudac, Investors in NRIA and subsidiaries ("Objectors"), by and through their undersigned counsel, hereby submit this Omnibus Objection (the "Omnibus Objection") to the following pleadings filed by the Debtors:

　　i.　Debtors' Motion for Entry of an Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business [ECF No. 83] ("Ordinary Course Professionals Motion");

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

1

7021128

    ii.    Debtors' Motion for Entry of an Order Authorizing the Debtors to Assume Certain Construction Contracts [ECF No. 85] ("Motion to Assume Contracts"); and

    iii.    The Objectors also join in the United States Trustees' Objection to the Retention of Sills Cummis & Gross P.C. (the "Sills Firm") as Counsel for the Debtors [ECF No. 48] ("Sills Retention Application").

The Ordinary Course Professionals Motion, Motion to Assume Contracts, and Sills Retention Application are collectively referred to herein as the "Motions".

## PRELIMINARY STATEMENT

1. Given the Debtors' pervasive fraud and preferential treatment of insiders and affiliates as is detailed in, among other things, the cease-and-desist order [ECF No. 60] (the "Cease and Desist Order") issued by the New Jersey Bureau of Securities ("Bureau"), the Objectors have concerns over the Debtors' proposed motions and stripped down proposed processes to (i) retain and compensate "ordinary course professionals" and (ii) to pay certain contract counterparties, particularly in light of the lackluster disclosures made in connection with each of these Motions, as well as the Debtors' prior expedited Motion to Approve some $20 million in real estate sales on short notice. (ECF No. 36). For the reasons expressed by the Office of the United States Trustee in its objection to the Sills Retention Application (the "UST Objection"), the Objectors also have concerns with the Sills Firm's representation of the Debtors in these Chapter 11 Cases.

## BACKGROUND

2. On June 7, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

3. The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

7021128

4.      Additional background regarding the commencement of these Chapter 11 Cases is set forth in the Declaration of Brian Casey in Support of Chapter 11 Petitions and First Day Pleadings [ECF No. 16] (the "First Day Declaration").

A. *Ordinary Course Professionals Motion*

5.      On June 28, 2022, the Debtors filed the Ordinary Course Professionals Motion, wherein the Debtors seek to retain and pay a list of approximate sixty (60) entities, including, but not limited to, engineers, architects, surveyor, appraisals, and attorneys. The deadline to object to the Ordinary Course Professionals Motion is July 12, 2022. A hearing on the Ordinary Course Professionals Motion, is scheduled for July 19, 2022 at 2:00 p.m. (EST).

B. *Motion to Assume Contracts*

6.      On June 28, 2022, the Debtors filed the Motion to Assume Contracts, wherein the Debtors seek to assume fifty-seven (57) contracts associated with seven (7) different projects at the cure cost of approximately $3.5 million and an unknown amount in future obligations. The deadline to object to the Motion to Assume Contracts is July 12, 2022. A hearing on the Motion to Assume Contracts is scheduled for July 19, 2022 at 2:00 p.m. (EST).

C. *Sills Retention Application*

7.      On June 20, 2022, the Debtors' filed the Sills Retention Application. As set forth in the Declaration of S. Jason Teele in Support of the Sills Retention Application (the "Teele Declaration"), the Sills Firm represented former employees of the Debtors in various matters, a number of whom stand accused of fraud and perpetrating a Ponzi scheme by Bureau. *See* ECF No. 84-3 at ¶ 18(d).

7021128

## OBJECTION

A. *Motion to Retain Ordinary Course Professionals*

8. No information is provided in the Motion to enable the reader or the Court to evaluate relationships between insiders of the Debtors and the so-called "ordinary course" professionals. This is despite the fact that in First Day Declaration, he states that:

> Among other things, the company's… internal processes for the selection of contractors was irregular and reflected a preference for entities associated with former insiders and their affiliates.

*See First Day Declaration,* ¶ 23.

9. However, the Ordinary Course Professionals Motion was filed without any representative of the Debtors certifying to any facts in support thereof, and seeks to retain and pay a list of approximate sixty (60) professionals, including, but not limited to engineers, architects, surveyor, appraisals, attorneys. While these professionals will be required, under the relief sought in the Ordinary Course Professionals Motion, to file a form "disclosure certification," which form is annexed to the Ordinary Course Professionals Motion as Exhibit C, that disclosure certification, with respect to possible relationships with the fraudulent actors, states only the following at ¶ 3:

> The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Debtors' chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties-in-interest in these chapter 11 cases. The Firm does not and will not perform services for any such persons in connection with these chapter 11 cases. In addition, the Firm does not have any relationship with any such persons, their attorneys, or accountants that would be adverse to the Debtors or their estates.

10. The Objectors believe that given the allegations made in the Casey Declaration, as well as in the Bureau's Cease and Desist Order, the Debtors ought not rely upon the representations of the 60 so called "ordinary course" professionals themselves, in a form certification, but instead should conduct their own investigation of possible insider relationships, and if appropriate

4

thereafter, refile the Ordinary Course Professionals Motion with a certification stating that the Debtor has determined, after thorough analysis, that of the 60 parties who are proposed to be paid as ordinary course professionals, there are no relationships with the fraudulent actors referenced in the First Day Declaration and/or the Bureau's Cease and Desist Order.

    B.  *Motion to Assume Contracts*

    11.    Besides the 60 parties who are proposed to be paid under the "Ordinary Course Professionals" motion, the Motion to Assume Contracts seeks to add and pay another 57 parties, for a total of 117 parties to be paid, by assuming fifty-seven (57) contracts associated with seven (7) different projects at a current cure cost of approximately $3.5 million and an unknown amount in future obligations.  Again, this is in the face of Casey's statement in the First Day Declaration that:

> Among other things, the company's… internal processes for the selection of contractors was irregular and reflected a preference for entities associated with former insiders and their affiliates.

*See First Day Declaration,* ¶ 23.

    12.    Not one of the contracts sought to be assumed is filed with the Motion to Assume Contracts, and no information whatsoever is provided regarding the status and profitability of the projects relating to those contracts.  Indeed, some of the projects are just in the planning stage, while others (Green Roof Condominiums and Gulf Stream Views) are marked as "completed" on the Debtors website.  This begs the obvious question—why are contracts being assumed for completed projects?  *See* https://nria.net/june-2022-construction-report, last visited July 7, 2022.  The Objectors have justifiable concerns that the contractual counterparties to the contracts proposed to be assumed may have relationships with the perpetrators of the fraud.  If history is any guide, the Debtors recently presented expedited motion to sell properties [ECF No. 36], if granted as proposed, would have resulted in fraudulent insider Thomas N. Salzano's son, "TJ" Salzano, receiving

substantial brokerage commissions through the Compass Firm, where he is employed, without any disclosure to the Court that the founder and mastermind of the NRIA fraud is this broker's father.

13.  The certification submitted in support of the Motion to Assume Contracts is light in its language addressing possible connections between contract counterparties and insiders or former insiders of the Debtors, certifying only the following:

> The Independent Manager, <u>with the assistance of the Debtors' employees and advisors,</u> reviewed the performance of each contract counterparty, the reason that the counterparty was "on the job," any connections between the contract counterparty and insiders or former insiders of the Debtors, and other relevant matters. As part of this process, the Independent Manager <u>advised the Debtors' construction operations team that</u> the Debtors would not be doing business going forward with entities that had personal relationships with Rey E. Grabato, II, Coley O'Brien, Thomas "Nick" Salzano, or other former insiders of the Debtors. <u>To the best of the Independent Manager's knowledge, none of the entities listed on **Exhibit B** are insiders of the Debtors or have personal relationships with Rey E. Grabato, II, Coley O'Brien, Thomas "Nick" Salzano, or other former insiders of the Debtors.</u>

*(Emphasis added)*; s*ee also* Casey Declaration, at ¶ 4. Upon information and belief, the Debtors' "employees and advisors" and "construction operations team" upon which Mr. Casey certifies reliance are the same employees and advisors who reported to Salzano, Grabato, and O'Brien during the period the fraud was being perpetrated.  Further, and notably, the list of insiders Casey describes above does not include Arthur Scutaro, who is a defendant in the Cease and Desist Order, and who, upon information and belief, is the insider who introduced Casey to the NRIA assignment.

14.  Given the egregious and fraudulent pre-petition conduct alleged and the case history to date, the Objectors suggest that if the Motion to Assume Contracts is to move forward, a more fulsome analysis should be presented as to the investigation undertaken, and a certification concerning relationships should be filed by the Debtors/Movant(s) that goes well beyond "[t]o the best of the Independent Manager's Knowledge."

C. *Sills Retention*

15. The concerns outlined in in the United States Trustee's Objection with respect to the retention of Sills, are similarly of concern to the Objectors and the Objectors therefore join in the United States Trustee's Objection.

### RESERVATION

16. The Objectors reserve the right to supplement, amend or further object to (i) the Ordinary Course Professionals Motion, (ii) Motion to Assume Contracts, and/or (iii) their Joinder in the United States Trustee's Objection to the Sills Retention Application.

**WHEREFORE,** the Objectors respectfully request that the Court deny (i) the Ordinary Course Professionals Motion, (ii) Motion to Assume Contracts, and (iii) the Sills Retention Application.

Dated: July 11, 2022

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Counsel to Allen Cvelic and Martina Gudac*

By:    */s/ Warren J. Martin Jr.*
Warren J. Martin, Jr., Esq.
Kelly D. Curtin, Esq.
David E. Sklar, Esq.
100 Southgate Parkway
Morristown, New Jersey 07962
Telephone: (973) 538-4006
Facsimile: (973) 538-5146
Email: wjmartin@pbnlaw.com
kdcurtin@pbnlaw.com
desklar@pbnlaw.com

7021128