| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**SCHENCK, PRICE, SMITH & KING, P.C.**<br>220 Park Avenue \| P.O. Box 991<br>Florham Park, New Jersey 07932-0991<br>(973) 539-1000<br>(973) 540-7300 Facsimile<br>Franklin Barbosa, Jr. (fb@spsk.com)<br>*Counsel to Thomas J. Cioffe, Cioffe Enterprises, Inc., Thomas J. Cioffe, Jr., Joseph Occhiogrosso, and Annemarie Occhiogrosso* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 22-14539 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date and Time:**<br>**July 19, 2022 at 2:00 p.m.** |

**CORRECTED[2] JOINDER OF THOMAS J. CIOFFE, CIOFFE ENTERPRISES, INC., THOMAS J. CIOFFE, JR., JOSEPH OCCHIOGROSSO, AND ANNEMARIE OCCHIOGROSSO TO THE OMNIBUS OBJECTION OF ALLEN CVELIC AND MARTINA GUDAC TO (1) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS, (II) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ASSUME CERTAIN CONSTRUCTION CONTRACTS AND (III) JOINDER IN THE UNITED STATES TRUSTEES' OBJECTION THE RETENTION OF SILLS CUMMIS & GROSS P.C. AS COUNSEL FOR THE DEBTORS.**

Thomas Cioffe, Cioffe Enterprises, Inc., Thomas J. Cioffe, Jr., Joseph Occhiogrosso, and

Annemarie Occhiogrosso, creditors and investors in NRIA and/or its subsidiaries (the "Schenck

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

[2] This corrected joinder removes a prior misstatement that Thomas N. Salzano had left the country to escape U.S. authorities and clarifies that Compass was to receive the commission on the sale of 20 properties requested by the Debtors [ECF No. 36].

Objectors"), by and through their undersigned counsel, Schenck, Price, Smith & King, LLP, hereby submit this corrected joinder in support of the *Omni Objection of Allen Cvelic and Martina Gudac to (I) Debtors' Motion for Entry of an Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Couse of Business, (II) Debtors' Motion for Entry of an order Authorizing the Debtors to Assume Certain Construction Contracts, and (III) Joinder in the United States Trustees' Objection to the Retention of Sills Cummis & Gross P.C. as Counsel for the Debtors* (the "Omnibus Objection") [ECF No. 117] filed by investors, Allen Cvelic and Martina Gudac (the "Porzio Objectors"). In support of this Joinder, the Schenck Objectors respectfully state as follows:

## JOINDER

1. The Schenck Objectors join in the substantive arguments raised by the Porzio Objectors in the Omnibus Objection and, by virtue thereof, also joins in the arguments raised by the *Objection of the United States Trustee to Debtors' Application for Retention of Professional to Retain Sills Cummis & Gross, P.C., as Attorney for the Debtors-In-Possession* (the "Retention Objection") [ECF No. 114].

2. Several factors and recent developments have raised significant concerns regarding the Debtors' continued operation of their businesses and management of their properties, as well as the transparency, credibility and independence of Brian Casey, the supposed Independent Manager ("Mr. Casey") of National Realty Investment Advisors, LLC ("NRIA"). First and foremost, the New Jersey Bureau of Securities (the "BOS") provided a detailed description of the Debtors' widespread fraud and preferential treatment of insiders and affiliates in its cease-and-desist order [ECF No. 60] (the "Cease and Desist Order"). Second, the Debtors and Mr. Casey failed to properly disclose, in connection with their motion to sell approximately $20 million worth

of valuable real estate, that the son of Thomas N. Salzano, the founder and former executive of NRIA who is currently mired by allegations that he masterminded the fraud detailed by the BOS, works for a real estate broker (Compass) involved in marketing several of the properties to be sold and Compass was due to receive a substantial commission therefrom.

3. The heightened concern precipitated by the events described above is amplified by the relative dearth of information and disclosures provided by the Debtors and Mr. Casey in connection with the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business* (the "Ordinary Course Professionals Motion") [ECF No. 83] and *Debtors' Motion for Entry of an Order Authorizing the Debtors to Assume Certain Construction Contracts* ("Assumption Motion") [ECF No. 48].

4. In connection with the Ordinary Course Professionals Motion and the Assumption Motion, the Debtors and Mr. Casey fail to: (i) adequately vet the relationships between the ordinary course and construction professionals with which they seek to continue to do business and the current and former insiders of the Debtors; and (ii) disclose the details of construction contracts they seek to assume, disclose the status of the subject constructions projects, and disclose their estimated profitability. This is a general summary of certain issues affecting the motions, which issues are more fully discussed in the Omnibus Objection.

5. Mr. Casey's soft representations that "[t]o the best of [his] knowledge" the construction professionals do not "have personal relationships" with former insiders of the Debtors is insufficient to carry motions under ordinary circumstances. *See Assumption Motion*, at ¶9; *see also First Day Declaration of Brian Casey ("Casey Dec.")* at ¶4. It follows that those representations are insufficient where, as here, the BOS has highlighted significant pre-petition fraud in its Cease and Desist Order and Mr. Casey acknowledges the Debtors' historical practice

of selecting professionals associated with insiders. *See Casey Dec.*, at ¶23 [ECF No. 16]; *see also Cease and Desist Order*.

6. The Schenck Objectors understand that a goal of these proceedings is (and should be) the maximization of the value of the Debtors' assets. However, given the lack information provided by the Debtors and Mr. Casey, the Schenck Objectors and similarly situated parties cannot assess the soundness of the Debtors' and Mr. Casey's judgment.

7. Lastly, the conflicts and concerns described by the U.S. Trustee in its Retention Objection are significant. As such, the Schenck Objectors join in the Retention Objection.

## **RESERVATION OF RIGHTS**

8. The Schenck Objectors reserve the right to supplement, correct or amend this Joinder and further object to the Debtors' pending motions and retention application.

WHEREFORE, the Schenck Objectors respectfully request that the Court deny the (i) Ordinary Course Professionals Motion, (ii) the Assumption Motion, and (iii) the Retention Application.

Respectfully Submitted,

Dated: July 12, 2022

**SCHENCK, PRICE, SMITH & KING, LLP**
*Thomas J. Cioffe, Cioffe Enterprises, Inc., Thomas J. Cioffe, Jr., Joseph Occhiogrosso, and Annemarie Occhiogrosso*

By:  */s/ Franklin Barbosa, Jr.*
Franklin Barbosa, Jr., Esq.
220 Park Avenue | P.O. Box 991
Florham Park, New Jersey 07932-0991
Telephone: (973) 539-1000
Facsimile: (973) 540-7300
Email: fb@spsk.com