| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis. T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway<br>Suite 2900<br>New York, NY 10036<br>Phone: 212-835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>(Jointly Administered)<br><br>**Hearing Date: August 9, 2022 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 2, 2022** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO THE MOTION OF U.S. CONSTRUCTION, INC. FOR AN ORDER
COMPELLING PERFORMANCE AND/OR ASSUMPTION OF AGREEMENTS**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned jointly administered chapter 11 cases (the "**Chapter 11 Cases**") of National Realty Investment Advisors, LLC, *et al.* (the "**Debtors**"), by and through its undersigned proposed counsel, hereby objects (the "**Objection**") to the *Motion to Compel Performance and/or*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

*Assumption of Agreements and For Related Relief* [Dkt. No. 125] (the "**Motion**")[2] of U.S. Construction, Inc. ("**USC**") and joins the objection filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") at Docket No. 222 (the "**Debtors' Objection**"), and in support thereof respectfully states as follows:

## PRELIMINARY STATEMENT

1. USC, Dustin Salzano (USC's putative Chief Financial Officer, and son of Thomas "Nicholas" Salzano, "**Salzano**"), John M. Farina (UFC's putative President and CEO), Premier Access Property Management, Inc., and many of their affiliates are subjects of the Committees' investigation into the pervasive fraud that led to the Debtors' bankruptcy filing, and more than $560 million in unpaid investor and creditor claims.

2. Although nascent, the Committee's investigation (led by the forensic team at Alvarez & Marsal, and former FBI agents) has already caused the Committee to conclude that USC (and those that acted in concert with it) appears to have been complicit in Salzano's illicit enterprise and may be liable for tens of millions of dollars in diverted, misappropriated investor funds. As reflected in the New Jersey Bureau of Securities' *Summary Cease and Desist Order* dated June 21, 2022 [Dkt. No. 60], Salzano caused the Debtors to transfer funds or grant unwarranted monetary concessions to USC without fair or adequate consideration to the Debtors, directly damaging more than 1800 individual investors, many of whose entire retirement savings are at risk of loss.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3. USC has unclean hands, and once discovery is complete, the Court may conclude that with respect to the contracts at issue in USC's Motion, USC was paid for services rendered by others – and not USC itself.

4. Accordingly, the Debtors' business judgment and the well-reasoned law governing executory contracts under section 365 of the Bankruptcy Code should control, and the Debtors should not be compelled to assume a contract with a party against whom they (and their investors and creditors) likely have superior and substantial claims.

## ARGUMENT

5. The relief sought by USC is not authorized under the Bankruptcy Code or any other applicable law. Section 365(a) of the Bankruptcy Code authorizes a trustee or debtor-in-possession to assume or reject executory contracts, subject to the Court's approval. "Section 365(a) enables the debtor (or its trustee), upon entering bankruptcy, to decide whether the contract is a good deal for the estate going forward." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, __ U.S. __, 139 S. Ct. 1652, 1658 (2019). A debtor's decision whether to assume or reject an executory contract is an exercise of its business judgment. *Id.*

6. By its Motion, USC asks the Court to compel the Debtors to assume their contracts with USC. That is neither authorized by the Bankruptcy Code nor appropriate.

7. Section 365(d)(2) of the Bankruptcy Code authorizes a non-debtor party to an executory contract to seek an order of the Bankruptcy Court setting a deadline by which the debtor must assume or reject the executory contract. However, while the non-debtor party to an executory contract may seek to compel the debtor to *decide* whether to assume or reject an executory contract, it cannot seek to impose a specific decision. *In re Chateaugay Corp.*, 130 B.R. 162, 166 (S.D.N.Y.

1991) ("Neither the non-debtor party to an executory contract nor the bankruptcy court can compel the debtor to assume the contract.").

8. The Debtors have announced their intention to reject the USC contracts. The Committee agrees whole-heartedly with that decision. While the Committee's investigation is only in its infancy, the Committee has already reviewed evidence suggesting an improper relationship between USC and the Debtors' former management sufficient to justify terminating the relationship with USC. This is especially true in light of the allegations made against USC by the New Jersey Bureau of Securities in its *Summary Cease and Desist Order* [Dkt. No. 60, at pages 16-17 and 29].

9. Since their retention on July 5, 2022, the Committee's proposed counsel and financial advisors have worked diligently with the Debtors to assess the status of the Debtors' ongoing construction projects and ensure that all appropriate projects move forward as expeditiously and efficiently as possible in recognition of the fact that completing these construction projects and bringing the developed real estate to market provides the best avenue for maximizing recoveries for the Debtors' creditors and investors. Having reviewed the Ocean Delray project, the Committee is in agreement that the retention of a new general contractor to complete the Ocean Delray project is in the best interests of the creditors.

[*Remainder of Page Intentionally Blank*]

**WHEREFORE,** the Committee respectfully requests that this Court deny the Motion and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: August 2, 2022

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**ICE MILLER LLP**
Louis. T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway
Suite 2900
New York, NY 10036
Phone: 212-835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*