UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

NORRIS McLAUGHLIN, P.A.
400 Crossing Boulevard, 8th Floor
P.O. Box 5933
Bridgewater, NJ 08807-5933
(908) 722-0700
Jerome J. Gallagher, Jr. (jfgallagher@norris-law.com)
Attorneys for Secured Creditor, IPFS Corporation

In Re:

CHERRY STREET CAPITAL 113-27, LLC
          Debtor.

Case No.   22-14577-JKS

Chapter 11

Hon. John K. Sherwood

# SECURED CREDITOR, IPFS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF

On the Brief:
  Jerome F. Gallagher, Jr., Esq.

## TABLE OF CONTENTS

PAGE

STATEMENT OF FACTS ...................................................................................................1

LEGAL ARGUMENT..........................................................................................................1

CONCLUSION.....................................................................................................................7

## STATEMENT OF FACTS

In the interest of brevity, IPFS Corporation ("IPFS") respectfully incorporates herein by reference in their entirety the Certification of Lisa Chandler (the "Chandler Cert.") and attached Exhibits, which details IPFS's business arrangement with Chapter 11 debtor Chery Street Capital 113-27, LLC (the "Debtor"), and sets forth the factual basis for the relief requested herein, and the Certification of Jerome F. Gallagher, Jr., Esq. ("Counsel Cert."), which supports IPFS's request for an award of contractual attorneys' fees and costs, filed simultaneously herewith.

## LEGAL ARGUMENT

### IPFS IS ENTITLED TO AN ORDER PROVIDING RELIEF FROM THE AUTOMATIC STAY AND GRANTING RELATED RELIEF

IPFS is an insurance premium finance company engaged in the business of entering into insurance premium finance agreements within the meaning of New Jersey's Insurance Premium Finance Company Act, N.J.S.A. 17:16D-1 *et seq.* (the "Act"). *See* N.J.S.A. 17:16D-2. As such, the Finance Agreement at issue is governed by the Act. To be clear, IPFS is not an insurance company, and does not issue insurance policies; IPFS is a lender which provides financing of insurance premiums to its customers, such as the Debtor, in consideration of the customer's agreement to remit payments pursuant to the terms of the Finance Agreement entered into with the Debtor on or about March 8, 2022 (the "Finance Agreement") and to secure its payment obligations by granting to IPFS a perfected security interest in the prepaid, unearned premiums. *See* N.J.S.A. 17:16D-2(b), 14 and 15. These types of transactions were succinctly summarized by the Fifth Circuit Court of Appeals:

> Premium financing involves an advance by the finance company to the insurance company, or its agent, of the premium due for the full term of the policy. This advance is then repaid by the insurer

1

> to the finance company in amortized monthly installments which includes an additional amount to cover financing charges. The finance company is secured in making this advance by obtaining the right to cancel the policy and receive a return premium due upon cancellation, if timely payments are not made.

*Baker & Co. v. Preferred Risk Mut. Ins. Co.*, 569 F.2d 1347, 1348 (5th Cir. 1978).

The Act grants to the finance company a perfected security interest in the prepaid, unearned premiums.[1] N.J.S.A. 17:16D-14(a) and (b) provide as follows:

> (a)  Whenever a financed insurance contract is cancelled, the insurer on notice of such financing shall return whatever gross unearned premiums are due under the insurance contract to the premium finance company for the account of the insured….
>
> (b)  In the event that the crediting of return premiums to the account of the insured results in a surplus over the amount due from the insured, the premium finance company shall refund the excess to the insured provided that no such refund shall be required if it amounts to less than $1.00

N.J.S.A. 17:16D-14(a), (b).

The Act further makes clear that the finance company's perfected security interest is exempt from any filing requirements:

> No filing of the premium finance agreement shall be necessary to perfect the validity of such agreement as a secured transaction as against creditors, subsequent purchasers, pledgees, encumbrancers, successors, or assigns.

N.J.S.A. 17:16D-15.

Thus, the Act creates a perfected statutory interest in favor of the premium finance company in the unearned premiums, specifically exempts premium finance agreements from filing requirements (such as a UCC-1 financing statement), and automatically perfects the

---

[1] In simplest terms, the finance company pays the premium to the insurer and the insurer earns the premium on a pro-rata basis, subject to any minimum earned premiums specified by the insurer. The Act grants to the finance company a statutory, perfected security interest in those prepaid, unearned premiums as collateral for the loan.

2

validity and priority of the security interest "as a secured transaction as against creditors, subsequent purchasers, pledgees, encumbrancers, successors, or assigns." N.J.S.A. 17:16D-15. As a result, IPFS's security interest herein was perfected and became enforceable at the time of execution of the Finance Agreement attached as Exhibit A to the Chandler Cert. Indeed, Bankruptcy Courts recognize insurance premium financing companies, like IPFS, as holding a purchase money security interest in unearned insurance premiums. *See e.g.*, *In re Cooper*, 104 B.R. 774, 775 (Bankr. S.D.W.Va. 1989) (internal citations omitted); *In re U.S. Repeating Arms Co.*, 67 B.R. 990, 997-98 (Bankr. D. Conn. 1986).

Bankruptcy Courts further recognize that IPFS's perfection of its security interest in its collateral is exempt from Article 9 recording requirements. *See, Premium Financing Specialist, Inc. v. Lindsey*, 11 B.R. 135, 138 (E.D. Ark. 1981) (holding that an insurance premium financing agreement creates a security interest in unearned premiums which is not subject to Article 9 filing requirements); *In re Remcor, Inc.*, 186 B.R. 629, 635 (Bankr. W.D. Pa. 1995) (citing cases spanning multiple jurisdictions finding that the perfection of security interests in unearned insurance premiums is determined without reference to Article 9); *In re Maplewood Poultry Co.*, 2 B.R. 550, 554-55 (Bankr. D. Maine 1980) (in a case involving interpretation of New Jersey law, finding that Article 9 of the U.C.C. does not apply to secured transactions in which the collateral consists of unearned insurance premiums).

In the instance case, the unearned insurance premiums have been established, the perfected security interest of IPFS exists, the Debtor's payment defaults have occurred, and IPFS must be entitled to cancel the policies and collect the unearned premiums. *See e.g., In re RBS Industries, Inc.*, 67 B.R. 946, 950-51 (Bankr. D. Conn. 1986) (finding that creditor, pre-petition, had financed insurance policies and received a security interest in unearned premiums, was

3

entitled to recover value of unearned premiums); *Maplewood Poultry Co.*, 2 B.R. at 554-55 (holding that insurance premium finance company was entitled to cancel policies and recover unearned premiums under terms of finance agreement governed by New Jersey law).

To that end, IPFS respectfully submits that cause exists to grant relief from the automatic stay to cancel such policies and collect the unearned premiums. Section 362(d)(1) provides that a Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Section 362(d)(1) does not define "cause," leaving Courts to decide what constitutes cause under the totality of the circumstances. *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) (internal citations omitted).

Initially, cause exists due to the Debtor's failure to make post-petition payments. *See In re Watson*, 286 B.R. 594, 604 (Bankr. D.N.J. 2002) (finding that debtor's failure to make post-petition payments is sufficient cause to grant relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code). Here, despite the Debtor's inclusion of IPFS in its motion to approve payment to critical vendors (Case No. 20-21435, Docket Nos. 20, 34), and the Court's entry of an Order approving certain critical payments (Case No. 20-21436, Docket No. 60), IPFS has not received pre and post-petition installment payments due on July 10,2022, as required under the Financing Agreement. Thus, the Debtor is in default and causes exists for granting relief from the automatic stay.

In addition, cause exists for relief due to the Debtor's failure to provide adequate protection as expressly provided in Section 362(d)(1). For example, the court in *In re Universal Motor Express, Inc.*, granted an insurance premium finance company relief from the automatic stay to cancel an insurance policy and apply unearned premiums to the debtor's indebtedness to

4

the company where, similar to the instant case, the movant demonstrated that the debtor was not making payments to the company, its security interest in premiums was declining in value, and where the debtor failed to make any concrete proposals for adequate protection of the movant. 72 B.R. 208, 211 (Bankr. W.D.N.C. 1987).

Here, IPFS respectfully submits that the Debtor's failure or inability to offer adequate protection to IPFS militates in favor of granting IPFS's motion. The value of IPFS's collateral declines at the daily rate of approximately $151.12. If the Debtor is not able to give adequate protection of IPFS's security interest, and to date the Debtor herein has been either unable or unwilling to remit such payment, it is respectfully submitted that as a matter of law, this Court must afford relief from the automatic stay to IPFS so that IPFS can exercise its right to cancel the insurance policy, recover the prepaid, unearned premiums, and apply those funds against the Debtor's indebtedness. Due to the significant daily decline in the value of its collateral IPFS further requests a waiver of the fourteen (14) day stay imposed by Fed. R. Bankr. P. 4001(a)(3) to enable IPFS to take immediate action to cancel the policies and collect the prepaid, unearned premiums.

To the extent the Court is not inclined to grant relief from the automatic stay, IPFS respectfully submits that it is entitled to adequate protection under Section 363(e) of the Bankruptcy Code. In connection therewith, Section 363(a) of the Bankruptcy Code provides, in relevant part, that "cash collateral" means "cash . . . deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate has an interest . . ." 11 U.S.C. § 363(a). IPFS respectfully submits that the unearned premiums in which IPFS has a security interest fall within this definition. Pursuant to Section 363(c)(2)(A) of the Bankruptcy Code, the Debtor may not use cash collateral unless the parties that have an interest in the cash

5

collateral consent thereto, or the Court, after notice and a hearing, authorizes such use. *See* 11 U.S.C. § 363(c)(2)(A) and (B). The Debtor herein cannot use the cash collateral (i.e., prepaid, unearned premiums) that was loaned to the Debtor to purchase its insurance coverage since IPFS does not so consent. If the Court authorizes such use, then, under Section 363(e) of the Bankruptcy Code, IPFS respectfully submits that this Court must condition such use upon the Debtor providing adequate protection of IPFS's interest.

### Attorneys' Fees and Costs

Pursuant to paragraph 13 of the Finance Agreement (Chandler Cert., Ex. A, ¶13), the Debtor agreed that if IPFS hires an attorney to collect any monies due under the Agreement, the Debtor shall pay IPFS's reasonable attorneys' fees and costs if and to the extent that such payment is allowed by the laws of the State in which Debtor is located. *See* Certification of Lisa Chandler at ¶ 10. In addition to its contractual rights under the Finance Agreement, IPFS respectfully submits that it is permitted to recover reasonably attorney's fees and costs under Section 506(b). A Certification of Counsel in support of IPFS's request for an award of counsel fees and costs is submitted herewith in support of IPFS's application for an award of attorneys' fees and costs.

**CONCLUSION**

Based upon the foregoing, IPFS respectfully requests that this Court enter an Order granting to IPFS the following relief: (a) relief from the automatic stay pursuant to 11 U.S.C. §362(d), allowing IPFS to cancel the subject insurance policies and to apply the refunded, unearned premiums towards Debtor's outstanding indebtedness herein; (b) prohibiting Debtor's further use of IPFS's cash collateral; and (c) awarding to IPFS its reasonable attorney's fees and costs in an amount to be determined by the Court.

          **NORRIS McLAUGHLIN, P.A.**
          *Attorneys for Secured Creditor,*
          *IPFS Corporation*

Dated: August 1, 2022          By: */s/ Jerome F. Gallagher, Jr.*
                                           JEROME F. GALLAGHER, JR.