| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**DUANE MORRIS LLP**<br>Lawrence J. Kotler (LJKotler@duanemorris.com)<br>(admission *pro hac vice* pending)<br>Drew S. McGehrin (DSMcGehrin@duanemorris.com)<br>30 S. 17th Street<br>Philadelphia, PA 19103<br>215.979.1000 (Telephone)<br>215.979.1020 (Facsimile)<br><br>*Attorneys for Bower Lewis Thrower Architects, Ltd.* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>Honorable John K. Sherwood |

**NOTICE OF FILING AND PERFECTION OF LIEN
PURSUANT TO 11 U.S.C. §§ 362(b)(3) AND 546(b) OF
<u>BOWER LEWIS THROWER ARCHITECTS, LTD.</u>**

Bower Lewis Thrower Architects, Ltd. (the "<u>Claimant</u>"), a creditor of the above-captioned debtors (the "<u>Debtors</u>"), hereby files this Notice of Filing and Perfection of Lien (the "<u>Notice</u>") pursuant to 11 U.S.C. §§ 362(b)(3) and 546(b) against certain real property owned by the debtor South Christopher Columbus Capital 1499 LLC ("<u>SCCC</u>"). Claimant files this Notice in connection with work previously performed by Claimant on the Property (as defined herein). In support hereof, Claimant states as follows:

DM2\15956233.2

## BACKGROUND

1. On June 7, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of New Jersey (the "Court").

2. Upon information and belief[1], SCCC is the owner of certain property located at 1401 S. Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148 and known as Philadelphia Office of Property Assessment Account Nos. 885900010 and 885900020 (the "Property").

3. Prior to the Petition Date, Claimant, as a subcontractor, was retained by U.S. Construction, Inc. ("USC"), as a general contractor for architectural design and construction administration services and to assist USC in the building and development of a waterfront, mixed-use residential complex on the Property (the "Project").

4. On or about September 3, 2019, Claimant entered into that certain Architect Agreement with USC (identified as BLTa Project # 1915000) and on or about May 17, 2021 Claimant entered into a second Architect Agreement with USC (identified as BLTa Project # 1915200) (collectively, the "Architect Agreements")[2]. True and correct copies of the Architect Agreements were attached as Exhibits B-1 and B-2 to Claimant's Mechanics' Lien Claim (as defined herein).

---

[1] As of the date hereof, SCCC has yet to file its schedules.

[2] The Architect Agreements and other exhibits to Claimant's Mechanics' Lien Claim are a matter of public record; however, Claimant will provide copies of the same upon written request.

5. Pursuant to the Architect Agreements, Claimant was obligated to prepare drawings, specifications, and other contractual documents, as well as to provide construction administration services during the erection, construction, alteration, and completion of the Project.

6. Pursuant to two Assignment Agreements dated May 31, 2022 (the "<u>Assignment Agreements</u>")[3], USC assigned its rights under both Architect Agreements with Claimant to SCCC. True and correct copies of the Assignment Agreements are attached hereto as **<u>Exhibit C</u>**.

7. Under the Assignment Agreements, SCCC agreed that Claimant completed $737,444.00 in services for Phases I and II of the Project that remained unpaid, and also agreed to pay Claimant for these services on or before June 7, 2022.

8. SCCC failed to fully pay Claimant for the work, labor and services provided by Claimant on or before June 7, 2022.

9. As a result, Claimant, on June 21, 2022, pursuant to applicable state law, filed its Mechanics' Lien Claim with the Court of Common Pleas for Philadelphia County, Pennsylvania at Case ID No. 2206M0017 (the "<u>Mechanics' Lien Claim</u>") as a matter of public record. A true and correct copy of the Mechanics' Lien Claim, without exhibits, is attached hereto as **<u>Exhibit A</u>**.

10. On July 15, 2022, Claimant served notice of the lien upon SCCC, thereby perfecting its lien pursuant to 49 Pa. Stat. § 1502(a). A true and correct copy of the Affidavit of Service evidencing the service of the Mechanics' Lien Claim is attached hereto as **<u>Exhibit B</u>**.

11. Claimant last performed work on the Project on or about January 31, 2022.

---

[3] Claimant reserves any and all rights and claims it may have under applicable law, including, applicable non-bankruptcy law, to challenge the propriety of these assignment agreements especially given the chronological proximity that these documents had to the Petition Date. Claimant believes that the Debtors knew or should have known that they were going to file for bankruptcy (which they did) at the time that these agreements were entered into and that Claimant was fraudulently induced to enter into these agreements.

# ARGUMENT

12. Pursuant to Pennsylvania state law and the Bankruptcy Code, Claimant has the right to file and perfect its mechanic's lien in the amount of $737,444.00, plus interest at the highest rate allowed by law, plus all other costs and expenses incurred by Claimant including attorneys' fees.

13. Under the Pennsylvania's Mechanic's Lien of 1963, 49 P.S. §§ 1101 *et seq.*, a lien may be perfected within six months after the completion of the work. *See* 49 Pa. Stat. § 1502(a).

14. As noted herein, Claimant last provided labor and services to SCCC on January 31, 2022, which is within six months of Claimant's perfection of its lien on the Property, occurring on July 15, 2022.

15. Pursuant to this Notice, Claimant is providing notice of the perfection of that lien under 11 U.S.C. §546(b), and further provides notice that the proceeds or income of the Property are cash collateral of Claimant pursuant to 11 U.S.C. §363(a).

16. Notice is sufficient for purposes of 11 U.S.C. § 546(b)(2) if it makes clear that the interest holder intends to enforce its interest in the Property. *See, e.g., Newhall Land Farming Co. v. Am. Heritage Landscape, LP (In re LandSource Cmtys. Dev. LLC)*, 476 B.R. 454, 462 (Bankr. D. Del. 2012); *Jones v. Salem Nat'l Bank (In re Fullop)*, 6 F.3d 422 (7th Cir. 1993); *Casbeer v. State Fed. Sav. & Loan Ass'n of Lubbock (In re Casbeer)*, 793 F.2d 436 (5th Cir. 1986).

17. By filing this Notice, Claimant intends to enforce its interests against Property. Accordingly, Claimant believes that the filing of a pleading such as this constitutes proper notice. *See, e.g., In re LandSource Cmtys. Dev. LLC)*, 476 B.R. 454, 462 (Bankr. D. Del. 2012); *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990).

18. By filing this Notice, Claimant does not waive its right to seek adequate protection for its interest in the Property, nor does Claimant waive any of its rights as a secured, administrative

or unsecured creditor under the Bankruptcy Code, including, but not limited to, rights to assert administrative expenses under §503(b)(1) of the Bankruptcy Code or otherwise.

19. Furthermore, Claimant also preserves and reserves its rights to interest at the legal rate, as well as other costs and expenses, including attorneys' fees that may be awarded by the Court.

WHEREFORE, Bower Lewis Thrower Architects, Ltd. provides this Notice pursuant to 11 U.S.C. §546(b) perfecting its mechanics' lien on the Property.

Dated: August 3, 2022                                  **DUANE MORRIS LLP**

/s/ Drew S. McGehrin
Lawrence J. Kotler (admission *pro hac vice* pending)
Drew S. McGehrin
30 S. 17th Street
Philadelphia, PA 19103
215.979.1000 (Telephone)
215.979.1020 (Facsimile)
LJKotler@duanemorris.com
DSMcGehrin@duanemorris.com

*Counsel for Bower Lewis Thrower Architects, Ltd.*