

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Counsel to the Debtors
and Debtors-in-Possession*

Order Filed on August 5, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.* [1]

Debtors.

Chapter 11

Case No.: 22-14539 (JKS)

(Jointly Administered)

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EISNER ADVISORY GROUP LLC AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: August 5, 2022**

*/s/ John K. Sherwood*
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

8983095

Page: 2
Debtors: National Realty Investment Advisors LLC, *et al.*
Case No.: 22-14539 (JKS)
Caption: Order Authorizing the Employment and Retention of Eisner Advisory Group LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of the Petition Date

Upon the application (the "**Application**")² [Docket No. 105] filed by the Debtors, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, granting authority to retain and employ EA Group as financial advisor to the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter (as modified by this order (this "**Order**")); and it appearing that (i) the Court has jurisdiction over the Chapter 11 Cases and the Application under 28 U.S.C. §§ 1334(b) and 157, and the Standing Order, (ii) venue of the Chapter 11 Cases and the Application in this Court is proper under 28 U.S.C. §§ 1408 and 1409, (iii) the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iv) notice of the Application was adequate and proper under the circumstances, and no other or further notice need be given; and the Court having considered the relief requested in the Application; and upon the Wilen Declaration, the First Day Declaration, the Committee Statement on Pending Motions [Docket No. 142] and the record of the hearing and all of the proceedings had before this Court; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The Application is **APPROVED** as set forth herein.

2. The Debtors are authorized to retain EA Group effective as of the Petition Date under the terms of the Engagement Letter, as modified herein, and this Order.

---

² Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Application.

8983095

Page: 3
Debtors: National Realty Investment Advisors LLC, *et al.*
Case No.: 22-14539 (JKS)
Caption: Order Authorizing the Employment and Retention of Eisner Advisory Group LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of the Petition Date

3. EA Group shall, to the extent reasonably requested by the Debtors, render the following financial advisory services (collectively, the "**Services**"):

  a. Assist the Debtors in preparing their schedules of assets and liabilities and statements of financial affairs.

  b. Prepare the Debtors' monthly operating reports, including coordinating and responding to any inquiries relating to the monthly operating reports filed.

  c. Assist Debtors in the development, preparation and presentation of weekly, monthly, quarterly and annual projections.

  d. Assist the Debtors' representatives and attorneys in developing, presenting, negotiating and confirming a chapter 11 plan.

  e. Review, investigate, assemble and assist the Debtors and Debtors' attorneys in evaluating and responding to inquiries by interested parties.

  f. Assist and work with the Debtors' representatives and attorneys to review, evaluate and reorganize the Debtors' operations.

  g. Coordinate services to be performed by the EA Group identified in the Engagement Letter.

  h. Provide tax consulting services, including assisting in the review of general and responding to tax notices received by the Debtors.

  i. Provide forensic accounting services, as set forth in the Initial Engagement Letter.

  j. Provide accounting consulting services, as set forth in the Second Engagement Letter.

  k. Provide tax consulting and compliance services, as set forth in the Tax Engagement Letter.

  l. Provide other accounting and financial advisory services that may be requested by the Debtors or their representatives or attorneys.

4. For the avoidance of doubt, the fees and expenses of EA Group are not being pre-approved pursuant to section 328(a) of the Bankruptcy Code, and EA Group shall seek compensation and reimbursement of its expenses pursuant to sections 330 and 331 of the

Page 4
Debtors: National Realty Investment Advisors LLC, *et al.*
Case No.: 22-14539 (JKS)
Caption: Order Authorizing the Employment and Retention of Eisner Advisory Group LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of the Petition Date

Bankruptcy Code, and in accordance with the procedures established in the *Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No 177], *provided, however*, EA Group will not be required to record time entries in $1/10^{th}$ hour increments solely with respect to tax work and will be permitted to lump tax-related entries so long as each task is described in sufficient detail. EA Group shall not be paid any further retainer under the Engagement Letter (beyond the $50,000 presently held).

5. The Services provided by EA Group shall compliment, and not duplicate, the services to be rendered by other professionals retained in the Chapter 11 Cases.

6. The Indemnification Provisions set forth in the Engagement Letter are approved, subject to the following modifications:

   a. EA Group (the "**Indemnitee**" under the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter with respect to any claims (as discussed in the Engagement Letter) unless the indemnification, contribution, or reimbursement is approved by this Court;

   b. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any Indemnitee, or provide contribution or reimbursement to any Indemnitee, for any claim or expense to the extent it is: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnitee's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtor(s) allege breach of an Indemnitee's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which the

| | |
|---|---|
| Page | 5 |
| Debtors: | National Realty Investment Advisors LLC, *et al.* |
| Case No.: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Employment and Retention of Eisner Advisory Group LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of the Petition Date |

Indemnitee should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnitee believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnitee must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Indemnitee before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnitee for indemnification, contribution, and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnitee.  All parties in interest, including without limitation the United States Trustee and the Official Committee of Unsecured Creditors, shall retain the right to object to any demand by any Indemnitee for indemnification, contribution, and/or reimbursement.

    d.    Notwithstanding anything to the contrary in the Engagement Letter, any limitations on liability of or any amounts to be contributed by EA Group, including without limitation, the Limitation of Liability, Special Damages, and Client Representations paragraphs in sections 8 or 7, as applicable, of the Standard Terms and Conditions of Engagement to each Engagement Letter, shall not apply.

7.    EA Group shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for any claim arising from services other than the Services provided under the Engagement Letter, unless such Services and the indemnification, contribution, or reimbursement are approved by the Court.

8.    No agreement or understanding exists between EA Group and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for

8983095

Page                6
Debtors:            National Realty Investment Advisors LLC, *et al.*
Case No.:           22-14539 (JKS)
Caption:            Order Authorizing the Employment and Retention of Eisner Advisory Group LLC as Financial Advisor to the Debtors and Debtors in Possession, Effective as of the Petition Date

services rendered in connection with the Chapter 11 Cases, nor shall EA Group share or agree to share compensation received for services rendered in connection with the Chapter 11 Cases with any other person other than as permitted by Bankruptcy Code section 504.

9. The Debtors and EA Group are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern. For the avoidance of doubt, the "Client" under the Engagement Letter shall be understood to be the Debtors.

11. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

12. A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

13. The terms and condition of this Order shall be immediately effective and enforceable upon its entry.

14. Notwithstanding any term in the Engagement Letter to the contrary, the Court retains jurisdiction and power with respect to all matters arising from or related to the implementation of this Order

8983095