**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 13, 2022 at 10:00 a.m. (ET)**<br>**Obj. Deadline: September 6, 2022 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING DEADLINES TO FILE PROOFS OF CLAIM AGAINST AND INTERESTS IN THE DEBTORS, INCLUDING CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE BAR DATES, (C) AUTHORIZING PUBLICATION OF THE BAR DATES, AND (D) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), submit this motion (the "**Motion**") for entry of an order (i) establishing deadlines to file proofs of claim against and interests in the Debtors, including claims arising under section 503(b)(9) of the Bankruptcy Code, (ii) approving the form and manner of notice of the Bar Dates (defined below), (iii) authorizing the Debtors to publish notice of the Bar Dates, and (iv) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

8919460

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 501 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 3003, and 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and D.N.J. LBR 3003-1.

## BACKGROUND

4. On June 7, 2022 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**").

5. The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 30, 2022, the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 94]. On July 21, 2022, the U.S. Trustee amended the composition of the Committee effective July 19, 2022 [Docket No. 175].

6. Additional background facts surrounding the commencement of these Chapter 11 Cases are more fully described in the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16].

## RELIEF REQUESTED

7. By this Motion, the Debtors request entry of an order pursuant to sections 105(a) and 501 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003 and 9008: (a) establishing (i) **November 15, 2022 at 5:00 p.m. (ET)** as the deadline (the "**General Bar Date**") by which

8919460

all creditors and investors, including (x) creditors asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code, other than governmental units (as defined in section 101(27) of the Bankruptcy Code), and (y) parties asserting an equity security or other ownership interest in any of the Debtors, including investors asserting ownership of preferred limited liability company interests of NRIA Partners Portfolio Fund I LLC or the subsidiary Debtors, must file proofs of claim or proofs of interest, (ii) establishing **December 5, 2022 at 5:00 p.m. (ET)** as the date by which governmental units must file proofs of claim (the "**Governmental Bar Date**"); and (iii) requiring any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease to file a proof of claim based on such rejection by the later of (x) the Bar Date and (y) the date that is thirty (30) days following the entry of the order approving such rejection, (the "**Rejection Claims Bar Date**" and together with the General Bar Date and the Governmental Bar Date, collectively, the "**Bar Dates**"); (b) approving the form and manner of notice of the Bar Dates; (c) authorizing the Debtors to publish notice of the Bar Dates and approving the form and manner of same; and (d) granting related relief, as set forth below.

## BASIS FOR RELIEF

**A.     The Proposed Bar Dates**

8.     Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or whose claim is scheduled as disputed, contingent or unliquidated must file a proof of claim. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed. Accordingly, the Debtors request that the Court establish the General Bar Date and Governmental Bar Date. The Governmental Bar Date is at least 180 days after the Petition Date as required by section 502(b)(9) of the Bankruptcy Code. The fixing of the Bar Dates will enable the Debtors to administer these Chapter 11 Cases as efficiently and expeditiously as possible.

3

8919460

9. The Debtors submit that the proposed notice procedures set forth below and in the proposed order submitted herewith (the "**Bar Date Order**") will provide creditors and investors with sufficient time to prepare and timely file proofs of claim and proofs of interest.[2]

10. Pursuant to the proposed Bar Date Order, each person or entity (including, without limitation, an individual, partnership, joint venture, corporation, limited liability company or partnership, estate, trust, or governmental unit) that asserts (i) any claim (as defined in section 101(5) of the Bankruptcy Code)[3] against the Debtors, including claims arising under section 503(b)(9) of the Bankruptcy Code, that arose prior to the Petition Date, or (ii) an equity security or other ownership interest in any of the Debtors, including investors asserting ownership of preferred limited liability company interests of NRIA Partners Portfolio Fund I LLC or the subsidiary Debtors, will be required to file a proof of claim or a proof of interest in writing, which substantially conforms to the Proof of Claim Form (defined below), the Proof of Interest Form (defined below) or Official Form 410, on or before the General Bar Date or Governmental Bar Date (as applicable). The Debtors request that the Court order that all such proofs of claim or proofs of interest be deemed timely filed only if they are actually received by the Claims Agent (defined below) on or before the applicable Bar Date.

11. Additionally, pursuant to the Bar Date Order, any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar

---

[2] Bankruptcy Rule 2002(a)(7) generally requires that parties in interest are given 21 days' notice of the deadline for filing proofs of claim. Given the proposed General Bar Date is November 15, 2022, and the hearing date on this Motion is scheduled for September 13, 2022, parties in interest will have substantially more notice than required by the Bankruptcy Rules.

[3] Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

8919460

Date and (ii) the date that is thirty (30) days following the entry of the order approving such rejection, or be forever barred from doing so.

**B.    Proposed Procedures for Providing Notice of the Bar Dates**

12.    Pursuant to Bankruptcy Rules 2002(a)(7) and 2002(p)(2), upon the Court's entry of the Bar Date Order, and at least forty-five (45) days before the earliest Bar Date, the Debtors propose to mail (i) a copy of a modified version of Official Bankruptcy Form No. 410, substantially in the form attached hereto as Exhibit A (the "**Proof of Claim Form**"),[4] and (ii) a notice of the Bar Dates, substantially in the form attached hereto as Exhibit B (the "**Mailing Notice**") to:

(a)    the Office of the United States Trustee;

(b)    all governmental units (federal, state and local)—including, without limitation, all applicable taxing authorities (including the U.S. Internal Revenue Service)—having jurisdiction over the Debtors;

(c)    all persons known to the Debtors as the holder of a claim or potential claim;

(d)    all persons and entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of the Bar Date Order;

(e)    all parties to executory contracts and unexpired leases of the Debtors; and

(f)    all parties to any litigation with the Debtors.

13.    In addition, upon the Court's entry of the Bar Date Order, and at least forty-five (45) days before the earliest Bar Date, the Debtors propose to mail (i) a copy of the form attached hereto as Exhibit C (the "**Proof of Interest Form**")[5] to all persons or entities asserting

---

[4]    The Proof of Claim Form is substantially similar to Official Bankruptcy Form No. 410, but was modified to include (i) in the caption, the name of each Debtor, their respective bankruptcy case numbers, and a check-box by which each claimant must indicate against which Debtor the completed proof of claim pertains, and (ii) in Part 2, Item 12, a specific check-box for asserting administrative priority claims arising under section 503(b)(9) of the Bankruptcy Code. A copy of the proposed Proof of Claim Form will be filed with the Court prior to the hearing date of this Motion.

[5]    A copy of the proposed Proof of Interest Form will be filed with the Court prior to the hearing date of this Motion.

5

an equity security (as that term is defined in 11 U.S.C. § 101(16)[6]) or other ownership interest in any of the Debtors as reflected in the Debtors' books and records, including investors asserting ownership of preferred limited liability company interests of NRIA Partners Portfolio Fund I LLC, and (ii) the Mailing Notice, substantially in the form attached hereto as Exhibit B.

14. The Debtors intend to work with the Claims Agent to create customized Proof of Interest Forms that includes the name of the investor, the date of the investment, and the amount of the investment as reflected in the Debtors' books and records. The Proof of Interest Form will also advise investors that they do not need to file a proof of interest if they agree with the information provided in the Proof of Interest Form.

15. In addition, pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors seek authority to publish a notice of the Bar Dates, substantially in the form attached hereto as Exhibit D (the "**Publication Notice**"). The Debtors propose to publish the Publication Notice once in the national edition of *USA Today* and in at least two local publications in each of New Jersey, New York, Pennsylvania, and Florida (such as *The Star Ledger*, *Trenton Times*, *NJ.com*, *Philadelphia Inquirer*, or the *New York Post*), within ten (10) days after the entry of the Bar Date Order. By publishing the Publication Notice, the Debtors will reach the widest possible audience of creditors, including unknown creditors, who may not otherwise have notice of the Chapter 11 Cases and ensure that any unknown creditors are afforded the opportunity to file proofs of claim or proofs of interest. The Debtors submit that the Publication Notice is an appropriate means of providing notice of the Bar Dates to unknown creditors.

16. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See Chemetron Corp. v. Jones (In re Chemetron Corp.)*, 72 F.3d 341, 345 (3d Cir. 1995). As the Third Circuit in *Chemetron*

---

[6] Under section 101(16) of the Bankruptcy Code, the term "equity security" means (A) a share in a corporation, whether or not transferable or denominated "stock", or similar security; (B) an interest of a limited partner in a limited partnership; or (C) a warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of section 101(16). As used herein, the term "interest" means an equity security or other ownership interest.

6

8919460

explained, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted). A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 71 F.3d at 346 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

17. The Debtors submit that the Publication Notice satisfies the *Chemetron* standard with respect to unknown creditors and investors. The Debtors have identified those persons and entities that are known to the Debtors to hold claims against or interests in one or more of the Debtors, or who may potentially be holders of claims and interests, and will mail direct notice of the Bar Dates to such parties, as described above. However, because the Debtors cannot be certain that they have identified all potential creditors and investors at this time, the Debtors propose to publish notice of the Bar Dates in *USA Today* and in at least two local publications in each of New Jersey, New York, Pennsylvania, and Florida to ensure that unknown creditors and investors are apprised of the deadline to file claims against the Debtors.

C.  **Parties Required to File a Proof of Claim and Proof of Interest**

  1.  *Proof of Claim Forms*

18. Pursuant to the proposed Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company or partnership, estate, trust, or governmental unit) that asserts any claim (as defined in section 101(5) of the Bankruptcy Code), including claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors that arose prior to the Petition Date or any claim that arises from the rejection of an executory contract or unexpired lease, must file a proof of claim, which substantially conforms to the Proof of Claim Form or Official Bankruptcy Form No. 410,

so that it is actually received by the Debtors' claims and noticing agent, Omni Agent Solutions Inc. (the "**Claims Agent**"), on or before the applicable Bar Date. Proofs of claim may be filed (i) electronically using the interface available on the Claims Agent's website at https://omniagentsolutions.com/NRIA-claims or (ii) by mail, overnight courier, or hand delivery to the Claims Agent's address below:

> National Realty Investment Advisors, LLC Claims Processing
> c/o Omni Agent Solutions
> 5955 De Soto Ave, Suite 100
> Woodland Hills, CA 91367

19.     Pursuant to the proposed Bar Date Order, the following persons or entities will not be required to file a proof of claim on or before the General Bar Date or the Governmental Bar Date, as applicable:

(a) Any person or entity that has already filed a proof of claim in the Chapter 11 Cases with the Clerk of the Bankruptcy Court for the District of New Jersey or the Claims Agent in a form substantially similar to the Proof of Claim Form or Official Bankruptcy Form 410;

(b) Any person or entity whose claim against a particular Debtor is listed on the Schedules (defined below), provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated;" (ii) such claimant does not disagree with the amount and priority of the claim as set forth on the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c) Any person or entity whose claim is based on an equity interest in any of the Debtors, other than a claim of the type described in section 510(b) of the Bankruptcy Code, provided that this subsection does not excuse such person or entity from filing a proof of interest if required by the Bar Date Order, and provided further that nothing in this subsection prohibits the holder of an interest from filing a proof of claim;

(d) Any holder of a claim that has previously been allowed by order of the Court;

(e) Any person or entity whose claim has been paid in full by the Debtors or on behalf of the Debtors;

8919460

  (f) Any holder of a claim for which a specific, different deadline to file a proof of claim has previously been fixed by the Court;

  (g) Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, *provided, however*, that any holder of a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code must file a proof of claim asserting such claim on or before the applicable Bar Date; or

  (h) Professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to section 330 or 331 of the Bankruptcy Code.

  20. The Debtors propose that if a timely-filed claim is transferred, the transferee must (i) file a notice of transfer of the claim with the Claims Agent in accordance with Bankruptcy Rule 3001 (e) and (ii) file such notice of transfer with the Court.

### 2. *Proof of Interest Forms*

  21. Pursuant to the proposed Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, limited liability company or partnership, estate, trust, or governmental unit) that asserts any interest in the Debtors, including the ownership of preferred limited liability company interests of NRIA Partners Portfolio Fund I LLC, must file a proof of interest that substantially conforms to the Proof of Interest Form so that it is actually received by the Claims Agent on or before the applicable Bar Date. Proof of Interest Forms may be filed (i) electronically using the interface available on the Claims Agent's website at https://omniagentsolutions.com/NRIA-claims, or (ii) by mail, overnight courier, or hand delivery to the Claims Agent's address below:

> National Realty Investment Advisors, LLC Claims Processing
> c/o Omni Agent Solutions
> 5955 De Soto Ave, Suite 100
> Woodland Hills, CA 91367

  22. The Debtors' Claims Agent will pre-fill each Proof of Interest Form with each investor's holdings information as reflected in the Debtors' books and records. If an investor agrees with the information on the Proof of Interest Form, they do not have to return a Proof of

Interest Form. If an investor disagrees with the information on the Proof of Interest Form or would like to provide additional supporting information, they must return and Proof of Interest Form on or before the General Bar Date.

**D.    Amendments to Schedules**

23.    The Debtors reserve the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claims listed or reflected in the Debtors' Schedules of Assets and Liabilities (collectively, the "**Schedules**") as to the claim's nature, amount, liability, characterization, or otherwise; (b) subsequently designate any claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. Bankruptcy Rule 1009(a) provides that notice of any amendment to the Schedules must be given to any entity affected thereby.

24.    If the Debtors amend the Schedules in a manner that would add a new claim, reduce the undisputed, non-contingent or liquidated amount of a claim, or change the nature or classification of a claim, the Debtors acknowledge that they would be obligated to satisfy the notice requirements of Bankruptcy Rule 1009(a) for each affected entity. The Debtors propose that any person or entity whose claim is affected by an amendment to the Schedules would be required to file a proof of claim by the later of (i) the applicable Bar Date, and (ii) thirty (30) calendar days after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such person or entity, as described in this paragraph. The Debtors shall provide a notice to the affected parties advising them of the requirement to file a proof of claim in accordance with the preceding sentence.

**E.    Consequences of Failure to File a Proof of Claim or Proof of Interest**

25.    A person, entity or governmental unit that is required to file a proof of claim or proof of interest in the form and manner specified in the Bar Date Order and that fails to do so on or before the applicable Bar Date, (i) shall not, with respect to such claim or interest, be treated as a creditor or equity security holder of the Debtors for the purpose of voting upon any chapter

10

11 plan, (ii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors, their estates, or their successors or assigns with respect to such alleged claim, and (iii) shall be forever barred from asserting such alleged claim or interest against the Debtors, their estates, or their successors or assigns, unless otherwise ordered by the Court.

**F.      Objections to Claims and Interests**

26.     The Debtors reserve the right to object to any proof of claim or proof of interest, whether filed or scheduled, on any grounds.  The Debtors reserve the right to dispute or to assert offsets or defenses to any claim or interest reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise and to subsequently designate any claim as disputed, contingent or unliquidated.

## WAIVER OF MEMORANDUM OF LAW

27.     Because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## NOTICE

28.     Notice of this Motion has been given to (i) the Office of the United States Trustee for Region 3; (ii) the Official Committee of Unsecured Creditors; (iii) S3 RE Bergenline Funding, LLC, S3 RE 1300 Manhattan Funding LLC and Tookrak Capital Partners; (iv) the U.S. Attorney General; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) the New Jersey Attorney General; (viii) the U.S. Attorney for the District of New Jersey; (ix) the New Jersey Division of Taxation; (x) the New Jersey Bureau of Securities; (xi) the New York Attorney General; (xii) the New York Department of Taxation and Finance; (xiii) the Florida Attorney General; (xiv) the Florida Department of Revenue; (xv) the Illinois Attorney General; (xvi) the Illinois Department of Revenue; (xvii) the Illinois Securities Department; (xviii) the Alabama Attorney General; (xix) the Alabama Department of Revenue;

11

8919460

(xx) the Alabama Securities Commission; (xxi) the Insurance Providers; and (xxii) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE,** the Debtors respectfully requests that this Court (a) enter an order substantially in the form attached hereto as **Exhibit E**; and (b) grant the Debtors such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 15, 2022

**SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Counsel to the Debtors and Debtors-in-Possession*

8919460