

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

*Counsel to the Debtors*
*and Debtors-in-Possession*

Order Filed on August 26, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

---

In re:

NATIONAL REALTY INVESTMENT ADVISORS,
LLC, *et al.* [1]

Debtors.

Chapter 11

Case No. 22-14539 (JKS)

(Jointly Administered)

---

### ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

The relief set forth on the following pages, numbered two (2) through eight (8), is

hereby **ORDERED**.

**DATED: August 26, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 2 |

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an order authorizing the Debtors to employ and compensate professionals utilized in the ordinary course of business; and good and sufficient notice of the Motion having been given; and the Court having considered the Motion, and any opposition thereto; and good cause appearing for the entry of this Order; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and it appearing that notice of the Motion is sufficient under the circumstances; and any objections to the requested relief having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth below.

2.      The Debtors are authorized to retain, employ and pay the Ordinary Course Professionals in the ordinary course of business, effective as of the Petition Date or the date the Ordinary Course Professional commences work (the "**Retention Date**"), on the terms set forth herein.

3.      The Debtors are hereby permitted to pay each Ordinary Course Professional, including those identified on the attached **Exhibit 1**, without prior application to the Court, subject to the following procedures:

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 3 |

(a)   Each Ordinary Course Professional shall provide the Debtors with (i) a declaration (the "**OCP Declaration**") substantially in the form annexed hereto as **Exhibit 2**, certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter or matters on which such Ordinary Course Professional is to be employed, and (ii) a completed retention questionnaire (the "**Retention Questionnaire**"), substantially in the form annexed hereto as **Exhibit 3**, which, among other things, will detail the type and scope of services to be provided and the compensation to be paid for such services.   The OCP Declaration and Retention Questionnaire shall be provided to the Debtors at the following addresses: (i) National Realty Investment Advisors, LLC, 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094 (Attn: John Fioretti), and (ii) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102 (Attn: S. Jason Teele, Esq. Daniel J. Harris, Esq. and Gregory Kopacz, Esq.).

(b)   Each Ordinary Course Professional shall periodically update its OCP Declaration to the extent necessary to reflect any new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.

(c)   Counsel to the Debtors shall promptly file any OCP Declaration and Retention Questionnaire that they receive with the Court and shall serve such OCP Declaration and Retention Questionnaire on: (i) the Official Committee, Ice Miller LLP (Attn: Louis T. DeLucia, Esq., louis.delucia@icemiller.com; Alyson M. Fiedler, Esq., alysonfiedler@icemiller.com; Daniel Polatsek, Esq. daniel.polatsek@icemiller.com; and Michael Ott, Esq., michael.ott@icemiller.com); (ii) the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") (Attn: Fran B. Steele, Esq., Fran.B.Steele@usdoj.gov; David Gerardi, Esq., David.Gerardi@usdoj.gov; and Alexandria Nikolinos, Esq., Alexandria.Nikolinos@usdoj.gov); and (iii) those parties who have filed a notice of appearance and request for service of pleadings in the chapter 11 cases pursuant to Bankruptcy Rule 2002 (each a "**Notice Party**" and, collectively with the Debtors and their counsel, the "**Notice Parties**").

(d)   The Notice Parties shall have 14 days after the filing and service of an OCP Declaration and Retention Questionnaire to object to the retention and employment of the applicable Ordinary Course Professional on the terms, and pursuant to the procedures, described herein (the "**Objection Deadline**").   Any objecting party shall serve its objection upon the Notice Parties and the applicable Ordinary Course Professional on or before the Objection Deadline.   If an objection cannot be resolved within 10 days after the Objection Deadline, then the retention, employment or payment of the Ordinary Course Professional

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 4 |

that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 20 days from that date or on a date otherwise agreed to by the parties.  The Debtors shall not be authorized to retain, employ or pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.

(e)     If no objection is received with respect to an Ordinary Course Professional by the Notice Parties by the Objection Deadline, the Debtors shall be authorized to retain and employ that Ordinary Course Professional in accordance with the OCP Procedures, effective as of the Retention Date.

(f)     Once an Ordinary Course Professional is retained in accordance with the procedures set forth above, the Debtors may pay 100% of the fees and expenses incurred by an Ordinary Course Professional (without formal application to the Court by such Ordinary Course Professional) upon the submission to, and approval by, the Debtors of a monthly invoice, a copy of which shall be promptly provided to the U.S. Trustee and counsel to the Official Committee, setting forth in reasonable detail the nature of the services rendered and expenses actually incurred during the month (without prejudice and subject to (i) the Debtors' right to dispute any such invoices in the ordinary course and (ii) the rights of the Notice Parties to file an Ordinary Course Professional Fee Objection (as defined below) in accordance with paragraph (j) hereof; provided, however, that all payments of fees to Ordinary Course Professionals shall be subject to the monthly OCP Limit (the "**Monthly OCP Fee Limit**") and the aggregate OCP Limit (the "**Aggregate OCP Fee Limit**" and, together with the Monthly OCP Fee Limit, the "**OCP Fee Limits**").  For the avoidance of doubt, each Ordinary Course Professional shall submit monthly invoices described herein (including detail regarding the nature of services rendered and expenses actually incurred during the month) as soon as practicable following each month for which services have been rendered.

(g)     To the extent that the fees and expenses sought by any Ordinary Course Professional for a month exceed the Monthly OCP Fee Limit, then such Ordinary Course Professional shall file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and expenses exceeded the Monthly OCP Fee Limit in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the District of New Jersey (the "**Local Rules**"), all order of this Court, and the U.S. Trustee Fee Guidelines (defined below); provided that the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the amount of the

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
|---|---|
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 5 |

Monthly OCP Fee Limit for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court.  Each Ordinary Course Professional that is a law firm shall agree to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "**U.S. Trustee Fee Guidelines**").

(h)     If an Ordinary Course Professional seeks payment of fees in excess of the Aggregate OCP Fee Limit, such Ordinary Course Professional shall (i) be required to (a) file a separate retention application to be retained as a professional person pursuant to section 327 of the Bankruptcy Code; and (b) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines and any and all applicable orders of the Court.  The rights of all parties in interest with respect to any such applications are fully preserved.

(i)     At three-month intervals during the pendency of these chapter 11 cases (each such interval, a "**Quarter**"), beginning with the Quarter beginning on the Petition Date and ending on September 30, 2022, the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after the end of such Quarter, a statement certifying the Debtors' compliance with the OCP Procedures and including the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts of fees and expenses incurred by such Ordinary Course Professional and paid by the Debtors during the reported Quarter; (iii) the aggregate amount of postpetition payments made to the Ordinary Course Professional through the end of the reported quarter; and (iv) a reasonably detailed description of the services rendered by each Ordinary Course Professional during the Quarter.

(j)     On the date that is established in the chapter 11 cases for professionals to file final fee applications and pursuant to D.N.J. LBR 2016-4, the Debtors shall file a statement (the "**Final Statement**") for each of the Ordinary Course Professionals.  The Final Statement shall include the following information for each Ordinary Course Professional: (i) the name of such Ordinary Course Professional; (ii) the aggregate amount paid to the Ordinary Course Professional during the previous ninety (90) days; (iii) the total amount paid post-petition to each Ordinary Course Professional; and (iv) a reasonably detailed description of the services rendered by the Ordinary Course Professional during such period.

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 6 |

The Final Statement shall be served upon the Notice Parties, who shall have twenty (20) days to file an objection with the Court pursuant to section 330 of the Bankruptcy Code (an "**Ordinary Course Professional Fee Objection**").

(k)     The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during the chapter 11 cases by having each such Ordinary Course Professional comply with the OCP Procedures.

(l)     Notwithstanding any of the foregoing, the Notice Parties shall have the right to object to the Debtor's retention of any Ordinary Course Professional *nunc pro tunc* to the applicable Retention Date.

4.     The Monthly OCP Fee Limit is $25,000 and the Aggregate OCP Fee Limit is $187,500 during the pendency of these chapter 11 cases, each subject to increase by agreement of the Notice Parties or order of the Court.

5.     The entry of this Order is without prejudice to the Debtors' right to request a modification of the OCP Fee Limits or other relief.

6.     No Ordinary Course Professional shall be paid any amounts for invoiced fees or expenses until its OCP Declaration and Retention Questionnaire has been properly filed and served and the Objection Deadline has passed without the filing of an objection, or if an objection is timely filed and served, after the parties resolve such objection or the Court enters an order overruling such objection.

7.     Any payment to an Ordinary Course Professional authorized by this Order shall be subject to disgorgement in the event it is later determined that any information described in the OCP Declaration or Retention Questionnaire required to be filed pursuant to this Order is false.

8.     Notwithstanding anything else herein, nothing in this Order shall prevent the U.S. Trustee or the Official Committee from seeking a determination from the Court requiring an Ordinary Course Professional to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code.

| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 7 |

9.      The Debtors' rights and the right of any party-in-interest to dispute any invoice submitted by an Ordinary Course Professional shall not be affected or prejudiced in any manner by the terms of this Order.

10.      Each attorney Ordinary Course Professional who exceeds the OCP Fee Limits shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Fee Guidelines.

11.      Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any other appropriate party in interest's right to dispute any claims; or (c) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

12.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

13.      Notwithstanding any of the foregoing, the Debtors shall separately retain any Ordinary Course Professional that becomes materially involved in the administration of these chapter 11 cases, on application to and order of the Court pursuant to section 327 of the Bankruptcy Code.  The rights of all parties in interest with respect to any such application are fully preserved.

14.      As this Order is only procedural in nature, the U.S. Trustee reserves its rights to object to the retention of any Ordinary Course Professional on any grounds including those Ordinary Course Professionals identified on **Exhibit 1** hereto.

15.      Notwithstanding anything set forth herein to the contrary, the Official Committee shall have the right to object to the retention of an Ordinary Course Professional or the payment of any fees or expenses to any Ordinary Course Professional at any time on any applicable grounds, including, without limitation, to the extent that (i) the Ordinary Course Professional provided or is providing services outside of the scope of services set forth in the Ordinary Course

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No: | 22-14539 (JKS) |
| Caption: | Order Authorizing the Debtors to Employ and Compensate Professionals Utilized in the Ordinary Course of Business |
| Page | 8 |

Professional's OCP Declaration or Retention Questionnaire; or (ii) the Official Committee discovers any facts or circumstances indicating that any Ordinary Course Professional holds or represents an interest adverse to the Debtors or their estates with respect to the matter or matters on which such Ordinary Course Professional in employed.

16.     Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

19.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20.     The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to D.N.J. LBR 9013-5(f) within two (2) days after entry of this Order.

21.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Exhibit 1

### List of Ordinary Course Professionals

| Professional | Category | Address |
|---|---|---|
| AGT Land | Landscape Architect | 132 North Swinton Ave., Delray Beach, FL |
| Alonso & Navarette | Land use attorney | 6121 Kennedy Blvd Suite 3, North Bergen, NJ |
| ANS Consultants, Inc. | Material Testing/Inspection | 4405 South Clinton Ave., South Plainfield, NJ |
| Architectural Alliance Landscape | Landscape Architect | 612 SW 4th Ave., Fort Lauderdale, FL |
| Aronshohn Weiner Salerno & Kaufman, P.C. | Attorney | Court Plaza South, East Wing, 21 Main Street, Suite 100, Hackensack, NJ |
| ATD Consultants, Inc. | Construction Inspection | 270 S Sparta Ave #205, Sparta Township, NJ |
| Atlantic Engineering Laboratories, Inc. | Inspection & Materials Testing Services | 21 Randolph Ave., Avenel, NJ |
| Avirom & Associates | Surveyor | 2506 SE Willoughby Blvd., Stuart, FL |
| Baseline Architecture, PC | Architect | 6701 JFK Blvd, Suite 100, North Bergen NJ |
| Bertin Engineering | MEP | 66 Glen Ave, Glen Rock, NJ |
| Bonnie Miskel - (Dunay, Miskel, & Backman) | Land Use/Entitlements Attorney | 14 S.E. 4th Street, Suite 36, Boca Raton, FL |
| Capitol Airspace Group | FAA Consultant | 5400 Shawnee Rd, Suite 304, Alexandria, VA |
| CBRE | Appraisal | 5100 Town Center Circle, Suite 600, Boca Raton, FL |
| CBRE | Appraisal | 200 Park Ave., New York, NY |
| Christie Engineering, P.C. | Structural Engineer | 211 Somerville Road, Bedminster, NJ |
| Colliers International | Appraisal | 1114 Avenue of the Americas, 11th Floor, New York, NY |
| Costa Engineering | Civil Engineer | 325 So. River St, Suite 302, Hackensack, NJ |
| Cushman and Wakefield | Appraisal | One Meadowlands Plaza, 7th Floor, East Rutherford, NJ |
| Danielsen Consulting Engineers | Traffic Engineer | 12743 NW 13 Court, Coral Springs, FL |
| Dayton Inspection Services, Inc | Subcontractor | 118 Burrs Road, Suite C-1, Westhampton, NJ |
| Dunay, Miskel, & Backman | Closing attorney | 14 S.E. 4th Street, Suite 36, Boca Raton, FL |
| Dynamic Traffic | Traffic Engineer | 245 Main St, Suite 110, Chester, NJ |
| Edwin A. Reimon, P.E., C.M.E. Engineering Services | Civil Engineer | 251 Ridge Road, Lyndhurst, NJ |
| Ellinwood & Machado | Structural Engineer | 800 Lambert Dr. Suite H, Atlanta, GA |
| Engineering & Land Planning (ELP) | Environmental | 140 Main Street, High Bridge, NJ |

| Professional | Category | Address |
|---|---|---|
| Feller Engineering | MEP Engineer | 500 NE Third Ave. Fort Lauderdale, FL |
| Flynn Engineering | Civil Engineer | 241 Commercial Blvd. Lauderdale-By-The-Sea, FL |
| Gabor & Marotta, LLC | Closing Attorney | 1878 Victory Blvd, Staten Island, NY |
| Gary Dunay - (Dunay, Miskel, & Backman) | Closing Attorney | 14 S.E. 4th Street, Suite 36, Boca Raton, FL |
| Humphreys & Partners | Architect | 5339 Alpha Rd, Suite 300, Dallas, TX |
| Huntington Bailey | Contract Attorney | 373 Kinderkamack Rd, Westwood, NJ |
| Isminger & Stubbs Engineering, Inc. | Coastal Engineer | 649 US Highway 1 Suite 9, North Palm Beach, FL |
| John McDonough Associates | Planner | 101 Gibraltar Drive, Suite 1A, Morris Plains, NJ |
| Jose Carballo Architectural Group | Architect | 171 Main St, Hackensack, NJ |
| JZN Engineering | Geotechnical | 99 Morris Ave., Suite 302, Springfield, NJ |
| Lochrie & Chakas | Land use attorney | 1401 East Broward Blvd., Suite 303, Fort Lauderdale, FL |
| M. Johnston Consulting LLC | Utility Consultant | 560 El Dorado Pkwy, Plantation, FL |
| Michael B. Schorah & Associates | Civil Engineer | 1850 Forest Hill Blvd., Suite 206, West Palm Beach, FL |
| Michael Graves Architecture and Design | Architect | 341 Nassau Street, Princeton, NJ |
| Nastasi Architects | Architect | 321 Newark Street, Hoboken, NJ |
| Netta Architects | Architect | One Park Place, 621 N.W. 53rd Street, Suite 350, Boca Raton, FL |
| Newmark Valuation and Advisory | Appraisal | 201 Rt 17 North, 10th Fl., Rutherford, NJ |
| Nutting Environmental of Florida | Geotechnical/Environmental | 1310 Neptune Drive, Boynton Beach, FL |
| Prime & Tuvel | Land Use Attorney | 14000 Horizon Way, Suite 325, Mount Laurel, NJ |
| SLS Consulting | Life Safety / Fire Consultant | 260 Palermo Ave., Coral Gables, FL |
| Strayhorn & Persons | Land Use Attorney | 2125 First Street, Suite 201, Fort Myers, FL |
| Tobin Reyes PA | Attorney | 225 NE Mizner Blvd, Boca Raton, FL |
| Universal Engineering Sciences | Geotechnical/Environmental | 1215 Wallace Drive, Delray Beach, FL |
| Weiner Law Group | Land Use Attorney | 629 Parsippany Rd, P.O. Box 438, Parsippany, NJ |

8966032

## **Exhibit 2**

### **Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.* [1] | Case No. 22-14539 (JKS) |
| | (Jointly Administered) |
| Debtors. | |

**DECLARATION AND DISCLOSURE STATEMENT OF _____,
ON BEHALF OF_____**

_____ , pursuant to 28 U.S.C. § 1746, declares as follows:

    1.      I am a [INSERT TITLE] of _____ , located at _____ (the "Firm").

    2.      The Debtors have requested that the Firm provide _____ services to the Debtors, and the Firm has consented to provide such services.

    3.      The Firm may have performed services in the past and may perform services in the future, in matters unrelated to the Debtors' chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties-in-interest in these chapter 11 cases.  The Firm does not and will not perform services for any such persons in connection with these chapter 11 cases.  In addition, the Firm does not have any relationship with any such persons, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1]      A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

4.      Neither I, nor any principal of or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

5.      Neither I, nor any principal of or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.  The Firm and its agents (1) have no personal or other connection with the Debtors' prepetition management, (2) performed all prepetition services, if any, at arms' length, and (3) did not participate in any of the fraudulent or illegal activity allegedly engaged in by the Debtors or their prepetition management.

6.      The Debtors owe the Firm $ _____ for prepetition services.

7.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment by the Debtors, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this declaration, if necessary.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2022

_____
Name:
Title:

## **Exhibit 3**

**Retention Questionnaire**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.* [1] | Case No. 22-14539 (JKS) |
| | (Jointly Administered) |
| Debtors. | |

## RETENTION QUESTIONNAIRE

**TO BE COMPLETED BY ORDINARY COURSE PROFESSIONALS EMPLOYED BY THE DEBTORS**

Do not file this Questionnaire with the Court.  Please return it to:

**SILLS CUMMIS & GROSS P.C.**
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

8966032

If more space is needed, please complete on a separate page and attach.

1. Name and Address of Firm:

2. Date of Retention:

3. Type of Services Provided (Accounting, Legal, Etc.)

4. Brief Description of Services to be Provided:

5. Arrangements For Compensation (Hourly, Contingent, Etc.)

    a. Average Hourly Rate

    b. Estimated Average Monthly Compensation

6. Prepetition Claims Against the Debtors Held by the Firm:

    a. Amount of Claim

    b. Date Claim Arose

    c. Source of Claim

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

    a. Name
    b. Status
    c. Amount of Claim
    d. Date Claim Arose
    e. Source of Claim

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed:

9. Name and title of individual completing this Retention Questionnaire:

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed on _____, 2022

_____
Name:
Title: