UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
David Gerardi, Esq.
Fran B. Steele, Esq.
Alexandria Nikolinos, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
David.Gerardi@usdoj.gov
Fran.B.Steele@usdoj.gov
Alexandria.Nikolinos@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| National Realty Investment Advisors, LLC, *et al.* [1] | : | Case No. 22-14539(JKS) |
| | : | |
| | : | Hearing Date: October 11, 2022 at 10:00 a.m. |
| Debtors. | : | |
| | : | The Honorable John K. Sherwood |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE UNITED STATES TRUSTEE UNDER 11 U.S.C. §1112(b) FOR AN ORDER CONVERTING CASES TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISSING CASES**

Andrew R. Vara, the United States Trustee for regions 3 and 9 ("U.S. Trustee"), by and through counsel, and in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby files this Memorandum of Law in Support of the Motion by the U.S. Trustee under 11 U.S.C. § 1112(b) for an Order Converting Cases to Chapter 7, or, in the Alternative, Dismissing Cases and respectfully states as follows:

---

[1] A Complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA.

1

## INTRODUCTION

Under 28 U.S.C. § 586(a)(8), the U.S. Trustee has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112(b). This duty is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

## BACKGROUND

The facts recited below are supported by the Certification of Tina Oppelt, Paralegal, in Support of the Motion of the United States Trustee for an Order Dismissing or Converting Cases filed herewith.

**The Bankruptcy Case.**

1.　On June 7, 2022 ("Petition Date"), National Realty Investment Advisors, LLC, *et al.* ("Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code. See certification of Tina Oppelt, Paralegal (Oppelt Cert") at ¶ 2.

2.　The Debtors remain in possession of their assets and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. *Id.* at ¶ 3.

3.　On June 8, 2022, the Debtors filed a Motion for Entry of an Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs. On

June 9, 2022, the Court entered an Order granting this motion. The Debtors' missing schedules were due July 21, 2022, 44 days after their petition was filed. *Id.* at ¶ 4.

4.On June 27, 2022, the § 341(a) meeting ("341 Meeting") was scheduled for July 13, 2022 and adjourned to August 16, 2022. *Id.* at ¶ 5.

5.On. July 20, 2022, the Debtors filed a Second Motion for Entry of an Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, seeking an additional 45 days after the Petition Date (for a total of 89 days after the Petition Date) (the "Second Extension Motion"). On August 24, 2022 the Court entered an Order granting this motion. The Debtors' missing schedules were due September 5, 2022. *Id.* at ¶ 6.

6.On August 16, 2022, the scheduled 341 Meeting was held and continued, without date, until such time as Debtor's Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs are filed. *Id.* at ¶ 7.

7.To date, the Debtors have failed to file their Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs. *Id.* at ¶8.

8.To date, the adjourned 341 Meeting has not been rescheduled. *Id.* at ¶ 9.

## DISCUSSION

9.11 U.S.C. § 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that

        the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

10. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including, among other things–

        (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

        (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee

11. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) ("Section 1112(b)(4) provides a non-exhaustive list of 'causes' for conversion or dismissal").

***Failure to Provide Schedules and Statements of Financial Affairs***

12. Pursuant to 11 U.S.C. § 521, Debtors shall file Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs ("Schedules").

13. Presently, Schedules haven't been filed, despite two extensions.

14. Failure to file Schedules constitutes an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter" pursuant to 11 U.S.C. § 1112(b)(4)(F). Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

15. The Debtors have been in communication with the U.S. Trustee with regard to the delinquent documents, and the U.S. Trustee is prepared to adjourn or withdraw its motion when those documents are filed.

*Failure to Attend Adjourned 341 Meeting*.

16. Without Schedules being filed, the United States Trustee is unable to convene the adjourned 341 Meeting.

17. The U.S. Trustee submits that failure to timely provide information or attend meetings reasonably requested by the United States Trustee is grounds to convert or dismiss pursuant to 11 U.S.C. § 1112(b)(4)(H).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court convert these cases to one under chapter 7 or, in the alternative, dismiss these cases, or for such other relief the Court deems just.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGION 3 & 9

    */s/ David Gerardi*
    David Gerardi
    Trial Attorney

Dated: September 13, 2022