**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: October 4, 2022 at 10:00 a.m.**<br>**Objections Due: September 27, 2022 at 4:00 p.m.** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
EXTENDING THE DEADLINE TO ASSUME OR REJECT UNEXPIRED
LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT
TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on **October 4, 2022 at 10:00 a.m. (ET)**, or as soon thereafter as counsel may be heard (the "**Hearing**"), the above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through their undersigned counsel, shall move before the Honorable John K. Sherwood, United States Bankruptcy Judge for the District of New Jersey, for entry of an order, substantially in the form submitted herewith, approving the *Debtors' Motion for Entry of an Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall rely upon the Motion filed herewith. No brief is necessary as no novel issues of fact or law are presented by the Motion. Oral argument is requested in the event an objection is timely filed.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

9171467

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion must be filed with the Clerk of the Court, together with proof of service thereof, and served so as to be **actually received no later than 4:00 p.m. (ET) on September 27, 2022** by (a) counsel to the Debtors, Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102, Attn.: S. Jason Teele, Esq., Daniel J. Harris, Esq., and Gregory A. Kopacz, Esq.; (b) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; and (c) counsel to the Official Committee of Unsecured Creditors, Ice Miller LLP, 1500 Broadway, 29th Floor, New York, New York 10036, Attn: Louis DeLucia, Esq. and Alyson Fiedler, Esq.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Rules, and other case management rules or orders of this Court; and (c) state with particularity the legal and factual basis for the objection.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served in accordance with this notice, it may not be considered by the Bankruptcy Court. In the event no objections are filed, the relief requested in the Motion may be granted without a hearing.

Dated: September 13, 2022                    **SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Counsel to the Debtors and Debtors-in-Possession*

9171467

**SILLS CUMMIS & GROSS P.C.**
S. Jason Teele, Esq. (steele@sillscummis.com)
Daniel J. Harris, Esq. (dharris@sillscummis.com)
Gregory A. Kopacz, Esq. (gkopacz@sillscummis.com)
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: October 4, 2022 at 10:00 a.m.**<br>**Objections Due: September 27, 2022 at 4:00 p.m.** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (the "**Debtors**") state as follows in support of this Motion (the "**Motion**"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached as **Exhibit A**, extending the Debtors' deadline to assume or reject certain unexpired leases of nonresidential real property pursuant to section 365(d)(4) of the Bankruptcy Code through and including the earlier of (i) January 3, 2023 and (ii) the confirmation date of any chapter 11 plan of the Debtors, without prejudice to the Debtors' right to seek further extensions of the period within which the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

9171467

Debtors may assume or reject their nonresidential real property leases (the "**Unexpired Leases**").

## JURISDICTION

2.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The basis for the relief requested is section 365(d)(4) of the Bankruptcy Code.

## BACKGROUND

4.  On June 7, 2022, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  Additional background facts surrounding the commencement of these Chapter 11 Cases are more fully described in the *Declaration in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16].

7.  The Debtors are party to at least five (5) Unexpired Leases that are subject to the deadline contained in section 365(d)(4) of the Bankruptcy Code. The Unexpired Leases include one (1) lease of the Debtors' corporate offices in Secaucus, New Jersey and four (4) leases for property that facilitates material and equipment delivery and storage at the Debtors' construction projects in North Bergen and West New York, New Jersey. Subject to further review, the Debtors intend to assume the four (4) leases relating to the construction projects and are in the process of evaluating the corporate office lease.

## BASIS FOR RELIEF

5.  Section 365(d)(4) of the Bankruptcy Code provides:

9171467

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
>> (i) the date that is 120 days after the date of the order for relief; or
>>
>> (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
>> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4)(A), (B). Thus, upon a showing of cause, a court has the discretion to grant an extension of ninety (90) days after the conclusion of the initial 120 days allotted to debtors to assume or reject nonresidential real property leases.

6. Courts have considered the particular needs of the debtor in considering whether to grant an extension. *See, e.g.*, *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."); *see also In re GST Telecom Inc.*, No. 00-1982-GMS, 2001 U.S. Dist. LEXIS 8817, at *9 (D. Del. June 8, 2001) (stating that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease"). The purpose of this additional time is to allow the debtor an opportunity to carefully evaluate all of the leases so that decisions can be made to maximize the value of the estate.

7. A court can grant an extension under section 365(d)(4)(B) for cause shown. While the Bankruptcy Code does not define what constitutes "cause" for the approval of an extension,

courts have articulated certain factors that indicate whether there is "cause" for the approval of an extension. These factors include:

    i.    whether the debtor is paying for the use of the property;

    ii.    whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

    iii.    whether the lease is the debtor's primary asset;

    iv.    whether the debtor has had sufficient time to formulate a plan of reorganization; and

    v.    the complexity of the case facing the debtor and the number of leases the debtor must evaluate.

*See S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *see also Vt. Partners, Ltd. v. Thaler (In re Poseidon Pool & Spa Recreational, Inc.)*, 377 B.R. 52, 61 (E.D.N.Y. 2007).

    8.    Applying these factors to the circumstances of these Chapter 11 cases leads to the conclusion that the relief requested herein should be granted. The relief requested in this Motion is appropriate and in the best interest of the Debtors, their estates, and creditors. First, the post-petition rent for the use of the Debtors' leased premises has been timely paid as and when such rental obligations have come due post-petition under the Unexpired Leases to the extent required by section 365(d)(3) of the Bankruptcy Code. The Debtors intend to ensure that such rental obligations continue to be timely paid. Thus, the proposed extension will not prejudice the landlords relating to the Unexpired Leases. *See In re Bon Ton Restaurant & Pastry Shop, Inc.*, 52 B.R. 850, 854-55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline). And second, certain of the Unexpired Leases are essential to the Debtors' construction operations, which are critical to the Debtors' ability to maximize value of their estates for the benefit of all stakeholders. Creditor recoveries could be jeopardized if the Unexpired Leases are statutorily rejected by operation of the deadline imposed by section 365(d)(4)(A) of the Bankruptcy Code.

9171467

9. The Debtors believe the extension requested herein will provide the Debtors with sufficient time to make fully-informed decisions concerning the rejection of the Unexpired Leases and will ensure that the Debtors' rights provided by section 365 of the Bankruptcy Code can be exercised in an appropriate manner. As noted above, the Debtors intend to assume the four (4) leases relating to ongoing construction operations and are in the process of reviewing whether to assume or reject the lease relating to their corporate headquarters. If such an extension is not granted, the Debtors believe they may not have sufficient time to properly evaluate the Unexpired Leases and complete negotiations with the applicable counterparties. Moreover, the rights of parties to the Unexpired Leases will not be unduly prejudiced by the Debtors' requested extension.

## WAIVER OF MEMORANDUM OF LAW

10. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely on is incorporated herein and the Motion does not raise any novel issues of law.

## NO PRIOR REQUEST

11. No prior request for the relief sought herein has been made to this or any other court.

## NOTICE

12. Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) counsel to the Committee; (iii) the Debtors' thirty largest unsecured creditors on a consolidated basis and the Debtors' thirty largest investors on a consolidated basis; (iv) S3 RE Bergenline Funding, LLC, S3 RE 1300 Manhattan Funding LLC and Toorak Capital Partners; (v) the U.S. Attorney General; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the New Jersey Attorney General; (ix) the U.S. Attorney for the District of New Jersey; (x) the New Jersey Division of Taxation; (xi) the New Jersey Bureau of

9171467

Securities; (xii) the New York Attorney General; (xiii) the New York Department of Taxation and Finance; (xiv) the Florida Attorney General; (xv) the Florida Department of Revenue; (xvi) the Illinois Attorney General; (xvii) the Illinois Department of Revenue; (xviii) the Illinois Securities Department; (xix) the Alabama Attorney General; (xx) the Alabama Department of Revenue; (xxi) the Alabama Securities Commission; and (xxii) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request entry an order, substantially in the form attached as **Exhibit A**, granting the relief requested and such other relief as is appropriate.

Dated:  September 13, 2022                           **SILLS CUMMIS & GROSS P.C.**

/s/ S. Jason Teele
S. Jason Teele, Esq.
Daniel J. Harris, Esq.
Gregory A. Kopacz, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
steele@sillscummis.com
dharris@sillscummis.com
gkopacz@sillscummis.com

*Counsel to the Debtors and Debtors-in-Possession*

9171467