## Exhibit V

**Rey Grabato**
**Subpoena for Rule 2004 Examination**

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____New Jersey_____

In re __National Realty Investment Advisors LLC et al.__      Case No. _____22-14539_____
                         Debtor

Chapter _____11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Rey Grabato, 1110 Clinton Street, Apt 6, Hoboken, NJ 07030__

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| TBD | |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibits A and B hereto

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __09/23/2022__

CLERK OF COURT

OR

_____    /s/ Louis DeLucia
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Creditors Committee__ , who issues or requests this subpoena, are:

Louis DeLucia, Ice Miller LLP, 1500 Broadway 29th Floor New York, NY 10036, louis.delucia@icemiller.com, 212-835-6312

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

### **DEFINITIONS**

1. The term "document" shall be construed to the broadest extent permitted by the Federal Rule of Civil Procedure 34(a). "Document" means and includes without limitation all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notes made on such copies or otherwise, including without limitation, correspondence, e-mails, text messages, memoranda, notes (handwritten, typed or otherwise), evidence, affidavits, statements, letters, diaries, journals, date-books, day-timers, calendars, minutes, agendas, contracts, reports, studies, checks, statements, receipts, summaries, interoffice and intraoffice communications, ledgers, offers, performance evaluations, notations of any sort of conversation (including without limitation telephone conversations or meetings) and all drafts, alterations, modifications, changes or amendments of any of the foregoing, and any and all mechanical, magnetic, audiotape, videotape or electronic recordings or reproductions of any kind of any of the foregoing which are in the possession, custody or control of the respondent and/or its present or former attorneys, agents or representatives. "Document" also includes data stored or contained in computers, databases, servers, software applications, computer tapes, computer discs or any other computer-related device and videotapes and audiotapes.

2. "Referring to or relating to" means containing, constituting, evidencing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

3. "Communicate," "communicating," "communication" or "communications" means the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise, as well as any oral or written utterance, notation, statement or transmittal of any

1

information of any nature whatsoever, by and to whomsoever made, including, without limitation, electronic mail, facsimile, correspondence, meetings, conversations, dialogues, discussions, interviews, consultations, agreements, and other understanding between or among two or more persons.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. The use of the singular form of any word includes the plural and vice versa.

6. "Case" or "Action" means each of the Debtors' jointly administered Chapter 11 bankruptcy cases administered under Case No. 22-14539(JKS).

7. "Court" means the United States Bankruptcy Court for the District of New Jersey.

8. "Debtor" or "Debtors" means National Realty Investment Advisors, LLC ("NRIA"), together with its affiliate Debtors that are jointly administered under Case No. 22-14539(JKS), pending in the United States Bankruptcy Court for the District of New Jersey, including without limitation each of NRIA Partners Portfolio Fund I, LLC; NRIA Capital Partners, Inc.; NRIA Structured Credit Strategies, LLC.

9. "Debtor Law Firm" means any law firm or attorney that has been retained by or has represented any one of or all of the Debtors, appearing or acting on behalf of one or all of the Debtors, or providing legal services to one or more of the Debtors, including without limitation, Reed Smith LLP.

10. "Insiders" means Rey Grabato, D. Coley O'Brien, Thomas Nicholas Salzano, Arthur Scutaro (a/k/a Arthur Scuttaro), and any of their immediate family members and affiliates, including but not limited to Peter Salzano, Dustin Salzano, Bethany Salzano, John Salzano, Kyle

Stafirny, Thomas John Salzano, Karen J. O'Brien, Olen Budinska, Vincent Scutaro (a/k/a Vincent Scuttaro), Arthur R. Scutaro (a/k/a Arthur R. Scuttaro), Stephen Scutaro (a/k/a Stephen Scuttaro), Karen S. Scutaro (a/k/a Karen S. Scuttaro), John M. Farina, and Amanda LaConte.

11. "Insider Affiliate Entity" shall refer individually or collectively to U.S. Construction, Inc., Premier Access Property Management, Skyline Development, Metro Construction ("Metro"), Teterin Management LLC, Bond Way Capital 915 LLC, District Trust LLC, Referral Marketing Associates, RG Valencia LLC, T3X Consulting LLC, Web Marketing, H&L Marketing, SAV Consulting, LLC, Link N. Log LLC, Network Digital Office Systems, Inc., AJ Sales and Marketing, Inc., Referral Marketing LLC, 44 Capital Management Corp., Grande Classe Development LLC, and any other Entity or Person with whom an Insider is an "affiliate" (as such term is defined in §101(2) of the Bankruptcy Code), and each of their respective officers, directors, employees, agents and representatives.

12. "Insider Law Firm" means any law firm or attorney that was retained by or represented any one of or all of the Insiders or Insider Affiliate Entities, appearing or acting on behalf of one or all of the Insiders or Insider Affiliate Entities, or providing legal services to one or more of the Insiders or Insider Affiliate Entities.

13. "Contractors" means U.S. Construction, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, agents, and sub-contractors.

14. "Entity" shall mean a corporation, foreign corporation, not-for-profit corporation, profit and not-for-profit unincorporated association, limited liability company, partnership, trust, estate, or other organization which possesses a separate legal existence.

15. The term "asset" means anything tangible or intangible that is capable of being owned or controlled to produce value.

16.     "Financial Record" means, with respect to a person, any document which pertains in any way to the financial condition, business, or business operations of that person, including, without limitation, the cash flows, profit-making operations, revenues, or overall financial condition of such person. For the avoidance of doubt, Financial Records shall include, but not be limited to, any income statements, balance sheets, bank statements, check registers, ledgers, cash-flow statements, profit-and-loss statements, audit reports, compilations, account statements, tax returns, and reports on or reflecting any of the Debtors' business operations, whether in draft or final form, and all supporting documents related thereto.

17.     "Petition Date" means June 7, 2022, the date on which the Bankruptcy Case was commenced.

18.     "Person" shall mean natural persons and shall include any "entity" as such term is defined at 11 U.S.C. § 101(15).

19.     "You" or "Your" or "respondent" shall refer to the entity to whom this subpoena is directed, and includes its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

20.     The terms "possession," "custody" and "control," as used with respect to a document or other requested material, shall include, in addition to all documents in the actual possession of respondent, or its attorneys or agents, any materials, the location or proprietor of which is known to respondent, its attorneys or agents.

21.     Except as otherwise specified herein, terms which are not defined in these Requests shall have the definitions given to those terms by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (including the Federal Rules of Civil Procedure to the extent they are made

applicable by the Bankruptcy Rules), and/or the Local Rules of Bankruptcy Procedure for the District of New Jersey.

## INSTRUCTIONS

1. The documents listed below will be produced for inspection and copying on or before October 10, 2022, at the offices of 1500 Broadway, Suite 2900, New York, NY 10036, Attn: Louis DeLucia. All documents covered in this request shall be produced in an orderly manner (and with appropriate markings or other identification) so that the Debtors and their attorney(s) will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the request to which it responds.

2. Your responses to these document requests shall be supplemented whenever you become aware of and/or are in possession of additional documents falling within the scope of any request set forth herein.

3. If any document or any portion of a document is withheld under claim of a privilege, furnish a list identifying each document for which a privilege is claimed, together with the following information: date, author or sender, all addresses or recipients, type (e.g., letter, memorandum, telegram, chart, photograph, etc.), subject matter of the document, the basis on which a privilege is claimed, and the paragraph or paragraphs of this request to which the document corresponds. If respondent claims a privilege as to only a portion of a document, produce the portion of the document as to which respondent does not claim a privilege.

4. If any document described in this request was, but no longer is, in respondent's possession, or subject to respondent's custody or control, or in existence, state whether (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others, or; (d) it has been disposed of otherwise. In each instance, explain the circumstances

surrounding such disposition and identify the person directing or authorizing the disposition and the date thereof. In addition, identify each such Document by listing its date, author or sender, all addresses or recipients, type (e.g., letter, memorandum, telegram, chart, photograph, etc.), subject matter, present location and custodian, and state whether the Document or copies are still in existence.

5.  Unless stated otherwise, the relevant period for each of the requests herein shall be from January 1, 2016 through the present (the "Applicable Period").

6.  The documents produced in response to these requests shall be organized in accordance with the individual requests made herein. Each document should be labeled to correspond with the categories in these requests.

7.  These requests are continuing in nature and require further and supplemental productions by you whenever you acquire or make additional documents between the date of the first production hereunder and the time of any trial or hearing in this action.

*[Remainder of Page Intentionally Left Blank]*

## EXHIBIT B

## REQUESTS

1. All documents and communications relating to or reflecting payments by or between you and the Debtors, other Insiders, and/or Insider Affiliate Entities, including all payments made to or through intermediaries, third parties or nominees acting on your behalf or on behalf of the Debtors, other insiders and/or Insider Affiliate Entities.

2. All documents and communications relating to or reflecting any assets, services, or other items of value, whether tangible or intangible, exchanged by or between you and the Debtors, other Insiders, and/or Insider Affiliate Entities, including all such exchanges made through intermediaries, third parties or nominees.

3. All documents and communications relating to the scope of your employment with or connection to Debtors and/or Insider Affiliate Entities, including but in no way limited to documents relating to your role and responsibilities, compensation, supervisor evaluations, and employment or other similar contracts.

4. All documents and communications relating to the scope of other Insiders' employment with or connection to Debtors, including but in no way limited to documents relating to their role and responsibilities, compensation, supervisor evaluations, and employment or other similar contracts.

5. All documents and communications relating to the scope of other Insiders' employment with or connection to Insider Affiliate Entities, including but in no way limited to documents relating to their role and responsibilities, compensation, supervisor evaluations, and employment or other similar contracts.

6. All documents and communications relating to your solicitation of investments in Debtors, regardless of whether those efforts resulted in an investment.

7. All documents and communications relating to payments made by or between Debtors and its investors, regardless of how the investor or investment was characterized (e.g. as a joint venture with Debtors).

8. All documents and communications relating to payments made by or between Debtors and Insiders and/or Insider Affiliate Entities, including any documents received from the Insiders or Insider Affiliate Entities relating to the work for which payment was made.

9. All documents and communications relating to payments made by or between Debtors and its Contractors, including any documentation received from Contractors relating to the work for which payment was made.

10. All documents and communications relating to payments made by or between Insiders and Debtors' investors, regardless of how the investor or investment was characterized (e.g. as a joint venture with Debtors) or whether the payment was in connection with the investment.

11. To the extent not produced in response to the foregoing requests, all documents and communications relating to the Debtors' offer to sell or issue securities, promissory notes, interests in limited liability companies, joint venture agreements, guaranties or other debt or equity instruments.

12. All documents and communications relating to payments made by or between Insiders and Contractors, including any documentation relating to such payments.

13. To the extent not produced in response to the foregoing requests, all documents or communication in your possession, custody, or control relating to Debtors, Insiders and/or Insider Affiliate Entities.

14. To the extent not produced in response to the foregoing requests, all communications with you and any financial institution, bank, mortgage company, or investment bank relating to the Debtors, other Insiders, and/or Insider Affiliate Entities.

15. To the extent not produced in response to the foregoing requests, all documents sufficient to show any other actual or threatened lawsuits, claims, adversary proceedings, foreclosure actions, or other similar judicial or quasi-judicial actions filed by or against you or any company owned or managed by you, including the amount of the action and its resolution.

16. All documents reflecting each and every entity or person from whom you have secured or attempted to secure loans or other lines of credit, including but not limited to documents sufficient to reflect the amount and terms of those loans, payments made on those loans, and the current repayment status, and to include all documents relating to financial statements, representations and communications relating to loans, lines of credit or other financing you obtained or attempted to obtain.

17. All documents reflecting each and every place in which you have deposited securities, digital assets, financial instruments, and/or money, regardless of whether the money is denominated in U.S. dollars. Include, but in no way limit your response to, retirement accounts, investment accounts, savings accounts, checking accounts, offshore accounts, digital currency, safe deposit boxes, and any physical location in which You place and keep money on a regular basis.

18. All documents reflecting each and every place in which you deposit money, regardless of whether the money is denominated in U.S. dollars. Include, but in no way limit your response to, retirement accounts, investment accounts, savings accounts, checking accounts, offshore accounts, digital currency, and any physical location in which you place and keep money on a regular basis.

19. All documents reflecting the amount of money or asset value maintained by you in each and every place in which you have deposited money or any other financial instrument from January 1, 2016 to the present, including all deposits, withdrawals, transfers, and any other distributions made throughout that time.

20. To the extent not produced in response to the foregoing requests, all documents sufficient to show all of your assets and liabilities from January 1, 2016 to the present, including, but

      not limited to, all properties, securities, cash or cash equivalents, bank accounts, accounts receivable, inventory, investments, patents, furniture, vehicles, loans, lines of credit, credit card balance, and other documents reflecting net worth and liquidity. For each asset, include documents sufficient to show the account in which that asset is held.

21. To the extent not produced in response to the foregoing requests, all bank account statements, credit card statements, investment account statements, loan statements, mortgage statements, and other financial statements for accounts held by you, anyone holding assets on your behalf, or anyone residing in your household, from January 1, 2016 to the present.

22. All communications with a Debtor Law Firm regarding the Debtors, other Insiders, and/or Insider Affiliate Entities or their respective businesses or assets.

23. All communications with an Insider Law Firm regarding the Debtors, other Insiders, and/or Insider Affiliate Entities or their respective businesses or assets.

24. All communications with any accounting firm, accountant, or financial advisory firm retained by or that provided services to the Debtors, other Insiders, and/or Insider Affiliate Entities.

25. All documents and communications relating to or referencing any investigation, regulatory or other enforcement action regarding the Debtors, Insiders or Insider Affiliate Entity by any governmental agency, including but not limited to the United States Securities and Exchange Commission, United States Department of Justice, Office of the United States Attorney, New Jersey Bureau of Securities, and any other securities or other regulatory or law enforcement agency.