UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 90041(b)**

John F. Thomas, Jr., Esq.
Allen B. Dubroff Esq. & Associates, LLC
1500 JFK Blvd., Suite 1020
Philadelphia PA 19102
215-568-2700
John F. Thomas, Jr. (NJ000931995)
john@dubrofflawllc.com

Attorneys for Timothy Nester and
Christopher Eckman

In re

National Realty Investment Advisors LLC *et al.*

                                        Debtors.

Case No.  22-14539-JKS

Chapter 11

(Jointly administered)

---

**SUPPLEMENTAL CERTIFICATION OF TIMOTHY NESTER IN SUPPORT OF MOTION FOR AN ORDER  GRANTING RELIEF FROM THE AUTOMATIC STAY TO EXERCISE REMEDIES UNDER CONTRACT**

Timothy T. Nester, of full age, certifies as follows:

1.      On or about April 27, 2022, myself and my spouse, Christopher Eckman, entered into a real estate sales agreement ("Contract")[1] with Cherry Street Capital, LLC ("Cherry Street"), which is one of the debtors in this jointly administered Chapter 11 Case (Docket No. 22-14577-JKS).  A copy of the Contract is attached to the Motion as Exhibit "A" and incorporated herein by reference.

2.      Debtor avers that the Contract required closing by July 15, 2022.  This, however is incorrect.

3.      The Contract has a hard and specific closing date of June 16, 2022, set forth in Section 4(a)

---

[1] All capitalized terms not otherwise defined have the meaning set forth in the accompanying Motion.

of the Contract.  The Contract specifies that time is of the essence. (Section 5(B)).

4.      Section 7 contains the July 15 date, but only in the context of construction delay.

Substantial completion of the property was to occur by June 1, with 15 days thereafter to close.  Only if

the Property was not substantially completed by that date *due to construction delays not the fault of*

*Seller* (specified in Section 7 (A)(2)) would the settlement date be extended, and then only to a maximum

of July 15, 2022.

5.      No such construction delays existed.  In fact, a Certificate of Occupancy was issued by the

City of Philadelphia on November 19, 2021 (a copy of which is attached hereto and incorporated herein

by reference.

6.      As such, the July 15, 2022 date never came into play, as there were no construction delays,

and the hard closing date in the contract was June 16, 2022.  The Seller could not transfer title on June 16,

2022, and as such was in breach of the contract.

I certify that the foregoing statements are true.  I am aware that if the foregoing statements are

willfully false, that I am subject to punishment.


DATE:  September 26, 2022                          /s/ Timothy T. Nester
                                                  Timothy T. Nester





**Department of**
**Licenses and Inspections**
CITY OF PHILADELPHIA

# Certificate of Occupancy

Permit Number    943943

**LOCATION**

127 N 23RD ST, Philadelphia, PA 19103-1020
UNIT 10 - FLR 1:U & FLR 2-ROOF:R-3

**PERMIT HOLDER**

CHERRY STREET CAPITAL 113

| OCCUPANCY CLASSIFICATION(S) | TYPE(S) OF CONSTRUCTION | REVISED BASED ON |
|---|---|---|
| R-3 U | V-B | Building Code (2009) |

| LOCATION OF SPRINKLERS | LOCATION OF STANDPIPES | FIRE ALARM SYSTEM |
|---|---|---|
| ENT BLDG W/NFPA 13R MIN | None | None |

**VARIANCE**

None

**CERTIFICATE OF OCCUPANCY DETAILS**

HOUSEHOLD LIVING FOR A SINGLE-FAMILY

| DATE OF FINAL APPROVAL | | |
|---|---|---|
| 11/19/2021 | | |

| BUILDING CODE OFFICIAL | PLANS EXAMINER | INSPECTOR | SUPERVISOR |
|---|---|---|---|
| Elizabeth Baldwin | | JOHN DABOSE JR | GARVIN JOWERS |

**LIMITATION AND CONDITIONS:** The Building, or portion thereof named herein, is in conformance with the construction documents approved as part of the above listed Permit Number and is considered in compliance with the Philadelphia Building Construction and Occupancy Code and the PA UCC. The issuance of this CO/permit does not affirm that the subject property is federally compliant with the Americans with Disabilities Act. Owner remains responsible for ensuring property complies with all local, state and federal requirements.

Certificate must be kept on the premesis and made available for inspection.