# **EXHIBIT 2**

Assignment Agreements

Case 22-14539-JKS    Doc 811-10    Filed 10/03/22    Entered 10/03/22 14:30:13    Desc
Exhibit 2 (to Certification Assignment Agreements)    Page 2 of 7

DocuSign Envelope ID: 79F2D977-E98F-4D53-9450-18F86208BC2F

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (this "Agreement") is made as of this 31st day of May, 2022 ("Effective Date") and entered into by and between U. S. Construction, Inc. ("Assignor"), South Christopher Columbus 1499 LLC ("Assignee") and Bower Lewis Thrower Architects Ltd. ("Architect").

WHEREAS, Assignor desires to assign unto Assignee all of Assignor's right, title, and interest in, to, and under an open contract for architectural services with the Architect, namely: B101 Standard form Agreement between Owner and Architect, made as of September 3, 2019 for 1401 South Christopher Columbus Boulevard Phase 1 (the "Assigned Contract") and Assignee desires to succeed to the interest, and assume all the obligations of Assignor under the Assigned Contract as set forth herein;

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained herein, for payment of One Dollar ($1.00), and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Conditioned upon payment of the amount set forth in paragraph 2 below to the Architect, Assignor hereby sells, assigns and transfers all of its right, title, and interest in, to, and under the Assigned Contract to Assignee, including all rights of the Owner set forth in the Assigned Contract with respect to the design documents, drawings and all other work product prepared pursuant to its terms.

2. Assignee hereby accepts such assignment, and assumes and agrees to be bound by all of the terms, conditions, and liabilities of the Assigned Contract and shall perform all of the responsibilities and obligations of Assignor under the Assigned Contract that arise on or after the Effective Date, including without limitation, the obligation to pay Architect the amount of $80,676.00 (the "Amount Due") representing the balance due for design services provided under the Assigned Contract prior to the effective date of this Agreement. Assignee agrees to make said payment within five (5) business days of the Effective Date. This Agreement shall become effective immediately and without further action upon the payment by Assignee of the Amount Due.

3. The signatories to this Agreement represent that they have full authority to bind their respective entities to this Agreement. Architect's signature below represents Architect's consent to this Agreement, conditioned upon receipt of the Amount Due set forth in Paragraph 2 above. Upon receipt of such payment, i) Architect waives any default under the Assigned Contract as a result of Assignor's failure to pay the Amount Due, and shall then recognize Assignee as the Owner as such term is defined under the Assigned Contract, ii) the Assignee shall succeed to all of the Owner's rights with respect to the design documents prepared under the Assigned Contract, and iii) Architect shall thenceforth look solely to Assignee for performance of the Owner's responsibilities and obligations under the Assigned Contract.

4. Assignor and Architect each hereby represent and warrant to Assignee that (i) to the best of its knowledge, information and belief, there is no default by either party under the Assigned Contract, other than the failure by Assignor to pay the Amount Due, provided that the

ACTIVE\02637\0001\763616.v1-4/28/22
8861500 v1

Case ID: 2206M0017

Case 22-14539-JKS    Doc 811-10    Filed 10/03/22    Entered 10/03/22 14:30:13    Desc
Exhibit 2 (to Certification Assignment Agreements)    Page 3 of 7

DocuSign Envelope ID: 79F2D377-E96F-4D53-9450-18F86208BC2F

parties acknowledge that due to the passage of time, modifications to the Project Schedule and clarifications to the scope of services remaining will need to be made to the Assigned Contract, and (iii) the Amount Due constitutes the full amount due to Architect under the Assigned Contract for services provided through the date hereof. Assignor hereby further represents and warrants to Assignee that Assignor has not previously assigned any of its rights or obligations under the Assigned Contract to any third party.

5. The covenants, agreements, terms, provisions, and conditions in this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. All representations and warranties herein shall survive the effectiveness of this Agreement and the payment of the Amount Due. All terms of the Assigned Contract other than those modified by this Agreement, are ratified, confirmed, and remain unmodified and in full force and effect, provided that the parties acknowledge that due to the passage of time, modifications to the Project Schedule and clarifications to the scope of services remaining will need to be made to the Assigned Contract.

6. This Agreement may be executed in any number of counterparts and any party hereto may execute any such counterpart (including electronic signatures), each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. Facsimile or electronic signatures shall have the same force and effect as original signatures.

7. This Agreement may not be modified, amended, waived, extended, or changed except by a writing signed by all parties, including the Architect.

8. This Agreement shall be construed and governed by the laws of the Commonwealth of Pennsylvania.

9. Assignor and Architect each hereby represent and warrant to Assignee that a true, correct and complete copy of the Assigned Contract is attached hereto.

**IN WITNESS WHEREOF,** and intending to be legally bound, the parties hereto have executed this instrument on the day and year first above written.

**ASSIGNOR:**

U.S. Construction, Inc.

Attest: _____        By: *John M Farina Jr* (DocuSigned)
Name: John Farina
Title: President and CEO

**ASSIGNEE:**

South Christopher Columbus 1499 LLC

Attest: _____

By: _____
Name: BRIAN J. CASEY
Title: INDEPENDENT MANAGER

Consent of Architect:

Bower Lewis Thrower Architects Ltd.

Attest: Dale E. Duncan

By: _____
Name: Michael L. Prifti, FAIA
Title: Principal

3

ACTIVE\02637\0001\763616.v1-4/28/22
8861500 v1

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement (this "Agreement") is made as of this 31st day of May, 2022 ("Effective Date") and entered into by and between U. S. Construction, Inc. ("Assignor"), South Christopher Columbus 1499 LLC ("Assignee") and Bower Lewis Thrower Architects Ltd. ("Architect").

WHEREAS, Assignor desires to assign unto Assignee all of Assignor's right, title, and interest in, to, and under an open contract for architectural services with the Architect, namely: B101 Standard form Agreement between Owner and Architect, made as of May 17, 2021 for 1401 South Christopher Columbus Boulevard Phase 2 (the "Assigned Contract") and Assignee desires to succeed to the interest, and assume all the obligations of Assignor under the Assigned Contract as set forth herein;

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained herein, for payment of One Dollar ($1.00), and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Conditioned upon payment of the amount set forth in paragraph 2 below to the Architect, Assignor hereby sells, assigns and transfers all of its right, title, and interest in, to, and under the Assigned Contract to Assignee, including all rights of the Owner set forth in the Assigned Contract with respect to the design documents, drawings and all other work product prepared pursuant to its terms.

2. Assignee hereby accepts such assignment, and assumes and agrees to be bound by all of the terms, conditions, and liabilities of the Assigned Contract and shall perform all of the responsibilities and obligations of Assignor under the Assigned Contract that arise on, or after the Effective Date, including without limitation, the obligation to pay Architect the amount of $656,768.00 (the "Amount Due") representing the balance due for design services provided under the Assigned Contract prior to the effective date of this Agreement. Assignee agrees to make said payment within five (5) business days of the Effective Date. This Agreement shall become effective immediately and without further action upon the payment by Assignee of the Amount Due.

3. The signatories to this Agreement represent that they have full authority to bind their respective entities to this Agreement. Architect's signature below represents Architect's consent to this Agreement, conditioned upon receipt of the Amount Due set forth in Paragraph 2 above. Upon receipt of such payment, i) Architect waives any default under the Assigned Contract as a result of Assignor's failure to pay the Amount Due, and shall then recognize Assignee as the Owner as such term is defined under the Assigned Contract, ii) the Assignee shall succeed to all of the Owner's rights with respect to the design documents prepared under the Assigned Contract, and iii) Architect shall thenceforth look solely to Assignee for performance of the Owner's responsibilities and obligations under the Assigned Contract.

4. Assignor and Architect each hereby represent and warrant to Assignee that (i) to the best of its knowledge, information and belief there is no default by either party under the Assigned Contract, other than the failure by Assignor to pay the Amount Due, provided that the

parties acknowledge that due to the passage of time, modifications to the Project Schedule and clarifications to the scope of services remaining will need to be made to the Assigned Contract, and (ii) the Amount Due constitutes the full amount due to Architect under the Assigned Contract for services provided through the date hereof. Assignor hereby further represents and warrants to Assignee that Assignor has not previously assigned any of its rights or obligations under the Assigned Contract to any third party.

5. The covenants, agreements, terms, provisions, and conditions in this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. All representations and warranties herein shall survive the effectiveness of this Agreement and the payment of the Amount Due. All terms of the Assigned Contract, other than those modified by this Agreement are ratified, confirmed, and remain unmodified and in full force and effect, provided that the parties acknowledge that due to the passage of time, modifications to the Project Schedule and clarifications to the scope of services remaining will need to be made to the Assigned Contract.

6. This Agreement may be executed in any number of counterparts and any party hereto may execute any such counterpart (including electronic signatures), each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute but one and the same instrument. Facsimile or electronic signatures shall have the same force and effect as original signatures.

7. This Agreement may not be modified, amended, waived, extended, or changed except by a writing signed by all parties, including the Architect.

8. This Agreement shall be construed and governed by the laws of the Commonwealth of Pennsylvania.

9. Assignor and Architect each hereby represent and warrant to Assignee that a true, correct and complete copy of the Assigned Contract is attached hereto.

**IN WITNESS WHEREOF**, and intending to be legally bound, the parties hereto have executed this instrument on the day and year first above written.

ASSIGNOR:

U.S. Construction, Inc.

Attest: _____

By: _John M Farina Jr_ (DocuSigned)
Name: John Farina
Title: President and CEO

2

ACTIVE\02637\0001\763616.v1-4/28/22
8861469 v1 8835951 v1
8861469 v1

Case ID: 2206M0017

**ASSIGNEE:**

South Christopher Columbus 1499 LLC

Attest: _____

By: _____
Name: BRIAN J. CASEY
Title: INDEPENDENT MANAGER

Consent of Architect:

Bower Lewis Thrower Architects Ltd.

Attest: Dale E. Drexler

By: _____
Name: Michael L. Prifti, FAIA
Title: Principal

3

ACTIVE\02637\0001\763616.v1-4/28/22
8861469 v18835951 v1
8861469 v1

Case ID: 2206M0017