|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |  |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br><br>**SILLS CUMMIS & GROSS P.C.**<br>S. Jason Teele, Esq. (steele@sillscummis.com)<br>Daniel J. Harris, Esq. (dharris@sillscummis.com)<br>Gregory Kopacz, Esq. (gkopacz@sillscummis.com)<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>(973) 643-7000 (Telephone)<br>(973) 643-6500 (Facsimile)<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* | Order Filed on November 21, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>NATIONAL REALTY INVESTMENT<br>ADVISORS, LLC, *et al.* [1]<br><br>                            Debtors. | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>(Jointly Administered) |

## CONSENT ORDER AND STIPULATION (A) PROVIDING ADEQUATE PROTECTION, AND (B) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through and including five (5), is hereby **ORDERED**.

**DATED: November 21, 2022**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

9091037

Debtors Bergenline Capital 4901 LLC (the "Bergenline Debtor") and Manhattan Avenue Capital 1300 LLC (the "Manhattan Avenue Debtor" and together with the Bergenline Debtor, the "Debtors") and S3 RE Bergenline Funding LLC (the "Bergenline Lender") and S3 RE 1300 Manhattan Funding LLC (the "Manhattan Avenue Lender" and together with the Bergenline Lender, the "Lenders"), by and through their respective undersigned counsel, hereby enter into this consent order and stipulation (the "Stipulation").  The Debtors and Lenders may be referred to herein as a "Party" or collectively, as the "Parties".

**A.     The Bergenline Loan**

**WHEREAS**, the Bergenline Debtor, for itself and on behalf of its estate, acknowledges and agrees that the Bergenline Lender made a loan to the Bergenline Debtor in the maximum principal amount of Thirty Nine Million Dollars ($39,000,000.00) (the "Bergenline Loan"), which Bergenline Loan is (A) evidenced by that certain (i) Building Loan and Term Loan Agreement dated as of July 17, 2018 (the "Bergenline Loan Agreement") and (ii) Promissory Note dated as of July 17, 2018 (the "Bergenline Note"), which (B) Bergenline Lender asserts is secured by, among other things, that certain Mortgage and Assignment of Leases and Rents and Security Agreement dated as of July 17, 2018, executed by the Bergenline Debtor for the benefit of the Bergenline Lender (the "Bergenline Mortgage"), encumbering that certain real property commonly known as 4901 Bergenline Avenue, West New York, New Jersey (the Bergenline Loan Agreement, the Bergenline Note, the Bergenline Mortgage and all other documents executed in connection with, amendment to, or otherwise evidencing the Loan are, collectively, referred to herein as the "Bergenline Loan Documents");

**WHEREAS**, on June 7, 2022 (the "Petition Date"), the Bergenline Debtor filed a voluntary petition for bankruptcy (Case No. 22-14568) in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court");

-2-

**WHEREAS**, as of the Petition Date, the Debtors estimated that $29,269,017.25 remained the principal balance outstanding on the Bergenline Loan;

**B.**  **The Manhattan Avenue Loan**

**WHEREAS**, the Manhattan Avenue Debtor, for itself and on behalf of its estate, acknowledges and agrees that the Manhattan Avenue Lender made a loan to the Manhattan Avenue Debtor in the maximum principal amount of Forty-Four Million Dollars ($44,000,000.00) (the "Manhattan Avenue Loan"), which Manhattan Avenue Loan is (A) evidenced by that certain (i) Construction Loan Agreement dated as of November 15, 2019 (the "Manhattan Avenue Loan Agreement") and (ii) Promissory Note dated as of November 15, 2019 (the "Manhattan Avenue Note"), which (B) Manhattan Avenue Lender asserts is secured by, among other things, that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of November 15, 2019 executed by the Manhattan Avenue Borrower for the benefit of the Manhattan Avenue Lender (the "Manhattan Avenue Mortgage"), encumbering that certain real property commonly known as 1300 Manhattan Avenue, Union City, New Jersey (the Manhattan Avenue Loan Agreement, the Manhattan Avenue Note, the Manhattan Avenue Mortgage and all other documents executed in connection with, amendment to, or otherwise evidencing the Manhattan Avenue Loan are, collectively, referred to herein as the "Manhattan Avenue Loan Documents" and together with the Bergenline Loan Documents, the "Loan Documents");

**WHEREAS**, on or about the Petition Date, the Manhattan Avenue Debtor filed a voluntary petition for bankruptcy (Case No. 22-14596) in the Bankruptcy Court;

**WHEREAS**, as of the Petition Date, the Debtors estimated that $2,143,085.39 remained the principal balance outstanding on the Manhattan Avenue Loan; and

**NOW**, **THEREFORE**, for due consideration furnished by and between the Parties, it is hereby stipulated and agreed as follows:

9091037

1. On or before the tenth day of each month, as adequate protection pursuant to 11 U.S.C. § 363, the Bergenline Debtor and the Manhattan Avenue Debtor, as applicable, shall pay to the Bergenline Lender and the Manhattan Avenue Lender, as applicable, monthly interest at the non-default contract rate set forth in the applicable Loan Documents.

2. Promptly upon Court approval of this Stipulation, the Bergenline Debtor and the Manhattan Avenue Debtor, as applicable, will pay to the Bergenline Lender and the Manhattan Avenue Lender, as applicable, interest at the non-default rate for the period of July 2022 through October 2022.

3. The Debtors will provide the Bergenline Lender and the Manhattan Avenue Lender with copies of the appraisals of the properties located at 4901 Bergenline Avenue, West New York, New Jersey and 1300 Manhattan Avenue, Union City, New Jersey (collectively, the "Properties") that are currently in the Debtors' possession, subject to the receipt of an acknowledgement by the Lenders that they will not rely on the appraisals for any purpose.

4. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto, and their successors and/or assigns; *provided, however*, that the entry of this Order and the Stipulation of the Parties hereto is without prejudice to only the right of the Official Committee of Unsecured Creditors (the "Committee") to examine and challenge the extent, validity and/or priority of the Lenders' interest, if any, in the Properties, as well as to raise any claim against the Lenders in the nature of a setoff, counterclaim, or defense to the indebtedness under the Loan Documents, or any other causes of action (each and collectively, a "Challenge"), provided that any such Challenge must be commenced within ninety (90) days after the date this Stipulation is entered by the Court (the "Challenge Period"), subject to the Committee's right to seek an extension of the Challenge Period.  For the avoidance of doubt, upon the Court's approval of this

Stipulation, the Committee shall be granted standing to bring and shall be authorized to pursue any Challenge without the need to file a separate standing motion.

5. The Debtors are authorized to execute and deliver all instruments and documents, take such actions, and expend such funds, as may be necessary or appropriate to implement and effectuate this Stipulation.

6. Upon the consent of the Parties, and upon the Court So Ordering this Stipulation, no stay shall be in effect under Bankruptcy Rule 6004(h) or otherwise, and this Stipulation shall be effective and enforceable immediately upon entry.

7. Time periods set forth in this Stipulation shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

9. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or email, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

| **SILLS CUMMIS & GROSS P.C.** | **SEYFARTH SHAW LLP** |
|---|---|
| */s/ S. Jason Teele* | */s/ M. Ryan Pinkston* |
| S. Jason Teele, Esq. | M. Ryan Pinkston, Esq. |
| One Riverfront Plaza | 560 Mission Street |
| Newark, New Jersey 07102 | Suite 3100 |
| Tel: (973) 643-7000 | San Francisco, California 94105-2930 |
| steele@sillscummis.com | Tel: (415) 544-1013 |
|  | rpinkston@seyfarth.com |
| *Counsel for the Debtors and Debtors in Possession* | *Counsel to the Bergenline Lender and the Manhattan Avenue Lender* |

9091037