| | |
|---|---|
| **SILLS CUMMIS & GROSS P.C.**<br>S. Jason Teele, Esq.<br>Gregory A. Kopacz, Esq.<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>Telephone: (973) 643-7000<br><br>*Counsel to the Debtors and Debtors-in-Possession* | **ICE MILLER LLP**<br>Louis T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway, 29th Floor<br>New York, New York 10036<br>Telephone: (212) 835-6312<br><br>Daniel Polatsek, Esq.<br>Michael W. Ott, Esq.<br>200 W. Madison St., Suite 3500<br>Chicago, Illinois 60606<br>Telephone: (312) 726-6245<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-14539 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 3599, 3256** |

**NOTICE OF (I) ENTRY OF FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF NATIONAL REALTY INVESTMENT ADVISORS, LLC AND ITS AFFILIATED DEBTORS; AND (II) OCCURRENCE OF EFFECTIVE DATE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.　　**Plan Confirmation**.  On August 10, 2023, this Court entered an order (the "**Confirmation Order**") [Docket No. 3599] confirming the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Docket No. 3256] (the "**Plan**").

2.　　**Copies of the Plan and Confirmation Order**.  The Confirmation Order included the Plan as Exhibit A thereto. The Confirmation Order, the Plan, and the other documents filed in

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/NRIA. The location of the Debtors' service address is: 1 Harmon Plaza, Floor 9, Secaucus, New Jersey 07094.

these cases, are available free of charge at https://omniagentsolutions.com/NRIA or for a nominal fee at https://ecf.njb.uscourts.gov/ (with use of a PACER account).

3. **Effective Date**. On **August 25, 2023 at 6:30 p.m. (EST)**, the Effective Date of the Plan occurred. All conditions precedent to the Effective Date set forth in Article VII.A of the Plan have been satisfied or waived.

4. **Professional Claims.**

a. *Final Fee Applications*. All final requests for payment of Professional Fee Claims must be filed no later than thirty (30) days after the Effective Date (i.e., **September 25, 2023**). After notice and a hearing in accordance with the procedures established by the Bankruptcy Code, the Bankruptcy Rules and prior orders of the Bankruptcy Court, the Allowed amounts of such Professional Claims shall be determined by the Bankruptcy Court.

b. *Post-Effective Date Retention*. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after the Effective Date shall terminate, and the Liquidation Trustee and the Wind-Down CEO shall be permitted to employ and pay professionals in accordance with the Plan, the Liquidation Trust Agreement and the Wind-Down Operating Agreements, as applicable.

5. **Administrative Expense Claims**. Except as otherwise provided in the Plan and as set forth in Article III.A.1 of the Plan, all requests for payment of an Administrative Expense Claim must be filed with the Bankruptcy Court no later than the Administrative Expense Claim Bar Date, which shall be 30 days after the Effective Date (i.e., **September 25, 2023**). Any request for payment of an Administrative Expense Claim pursuant to Article III.A.1 of the Plan that is not timely filed shall result in such Administrative Expense Claim being forever disallowed, barred, and discharged in its entirety.

6. **Claims Objection Deadline. "Claims Objection Deadline"** means one year after the Effective Date, subject to any extensions thereof, as provided in Article V.B of the Plan.

7. **Executory Contracts and Unexpired Leases to Be Rejected**. Except as otherwise provided in the Plan, upon the occurrence of the Effective Date, all executory contracts and unexpired leases of the Debtors shall be rejected except for (a) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors, (b) the executory contracts and unexpired leases set forth in the Schedule of Assumed Agreements, and (c) any agreement, obligation, security interest, transaction, or similar undertaking that the Debtors believe is not an executory contract or an unexpired lease, but that is later determined by the Bankruptcy Court, upon motion filed by the applicable counterparty, to be an executory contract or unexpired lease that is subject to assumption or rejection under Bankruptcy Code section 365. The Confirmation Order constitutes a Bankruptcy Court Order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

8. **Executory Contracts to Be Assumed**. Except as otherwise provided in the Plan, upon the occurrence of the Effective Date, the Debtors shall assume all executory contracts and

unexpired leases that are listed on the Schedule of Assumed Agreements and shall assign such contracts and leases, as well as any other executory contracts and unexpired leases that have been previously assumed by the Debtors, either to the Liquidation Trust or the Wind-Down Entities. The Confirmation Order constitutes an order of the Bankruptcy Court approving the assumption and assignment, on the Effective Date, of all executory contracts and unexpired leases identified on the Schedule of Assumed Agreements.

9. **Rejection Damages Bar Date**.  Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the Rejection Claims Bar Date (i.e., **September 25, 2023**). Any such Rejection Claims that are not timely Filed and served will be forever disallowed, barred, and unenforceable, and Persons holding such Claims will not receive and be barred from receiving any Distributions on account of such untimely Claims. If one or more Rejection Claims are timely Filed pursuant to the Plan, the Liquidation Trust may object to any Rejection Claim on or prior to the Claims Objection Deadline. For the avoidance of doubt, the Rejection Claims Bar Date established by the Plan does not alter any rejection claims bar date established by a prior order of the Bankruptcy Court with respect to any executory contract or unexpired leases that was previously rejected in these Chapter 11 Cases.

10. **Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002**.  After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all creditors and other parties in interest must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002.

11. **Restriction on Transfer of Liquidation Trust Interests.** Pursuant to Article IV.D.12 of Plan and section 6.6 of Liquidation Trust Agreement, upon their issuance as of the Effective Date, and thereafter until the effectiveness of any Exchange Act Registration of the Liquidation Trust Interests, the Liquidation Trust Interests shall not be certificated and shall be further subject to restrictions on transfer under the Liquidation Trust Agreement, which restrictions shall prohibit the Liquidation Trust Interests from being certificated or transferable except by operation of law or by will or the laws of descent and distribution, in each case following written notice to the Liquidation Trust. The Liquidation Trust shall be administered in a manner consistent with the SEC's published guidance on liquidating trusts. Upon the effectiveness of an Exchange Act Registration of the Liquidation Trust Interests, such transfer restrictions under the Liquidation Trust Agreement may terminate and the Liquidation Trust Interests may be transferable by the Holders thereof to the extent otherwise permissible under applicable law.

Dated: August 25, 2023

**SILLS CUMMIS & GROSS P.C.**

*/s/ S. Jason Teele*
S. Jason Teele, Esq.
Gregory A. Kopacz Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000 (Telephone)
(973) 643-6500 (Facsimile)
steele@sillscummis.com
gkopacz@sillscummis.com

*Counsel to the Debtors and Debtors-in-Possession*

-and-

**ICE MILLER LLP**

/s/ Louis T. DeLucia
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway, 29th Floor
New York, New York 10036
Telephone: (212) 835-6312

Daniel Polatsek, Esq.
Michael W. Ott, Esq.
200 W. Madison St., Suite 3500
Chicago, Illinois 60606
Telephone: (312) 726-6245

*Counsel to the Official Committee of Unsecured Creditors*

9821799