

Order Filed on November 8, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**NATIONAL REALTY INVESTMENT ADVISORS, LLC, *et al.*,**<br><br>                              Debtors. | Case No.:         22-14539<br><br>Chapter:           11<br><br>Hearing Date:   October 17, 2023<br><br>Judge:              John K. Sherwood |

### OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS

U.S. Construction, Inc. ("USC") seeks reimbursement for the costs of complying with subpoenas issued by the Official Committee of Unsecured Creditors (the "Committee")[1] in connection with the Chapter 11 bankruptcy case of National Realty Investment Advisors, LLC and related entities (collectively, "NRIA" or "Debtors"). USC claims that it incurred significant expenses and, as a non-party to NRIA's case, they are entitled to reimbursement for its expenses from the requesting party under Fed. R. Civ. P. 45(d). The Committee argues that USC's expenses are not significant due to USC's large financial stake in Debtors' case and it should, therefore, pay its own expenses related to discovery.

---

[1] The Debtors' Plan dissolved the Committee and established a "Liquidation Trust" which inherited, among other things, the Committee's investigation rights. [ECF No. 3256]. For the purposes of this Opinion and Order, the "Committee" refers to the pre-confirmation Committee and post-confirmation, refers to the Liquidation Trust as successor to the Committee.

Page 2
Debtor: National Realty Investment Advisors, LLC, et al.
Case No.: 22-14539
Caption of Order: **OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS**

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## FACTS AND PROCEDURAL HISTORY

On June 7, 2022, the Debtors filed bankruptcy petitions under Chapter 11. Since its formation, the Committee has been investigating USC in connection with the alleged fraud that led to Debtors' bankruptcy filing. The Committee notes that one of USC's owners, Dustin Salzano, is the son of "Nick" Salzano, who has been criminally indicted for his alleged fraudulent conduct with respect to NRIA and its investors. The Committee alleges that USC participated in the fraud performed by NRIA's principals by soliciting and processing funds from the Debtors' investors. It also identified a series of suspicious transfers between NRIA and USC (and their owners), where more than $64 million was transferred from the Debtors to USC. The Committee contends that USC and its owners were intricately involved in the operation of NRIA including the relationships with defrauded investors. [See ECF No. 1722, pp. 3-12]. It is also worth noting that just two months after this bankruptcy case was filed, NRIA commenced an adversary proceeding against USC, seeking the return of millions of dollars allegedly fraudulently transferred by Debtors to USC. [Adv. Pro. No. 22-01257].

Page 3
Debtor:           National Realty Investment Advisors, LLC, et al.
Case No.:         22-14539
Caption of Order: **OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS**

---

NRIA utilizes Omni Agent Solutions, LLC ("Omni") as its Noticing and Claims Agent.[2] USC filed forty (40) proofs of claims on December 20, 2022, against Debtors' estate in the total amount of $110,542,872.89. While the Liquidation Trust intends to object to USC's claims, they are still pending and, if allowed, would have a significant negative impact on the creditor body, including the investors allegedly defrauded by NRIA (with the help of USC).

On August 29, 2022, and September 23, 2022, in furtherance of its investigation, the Committee served USC with several subpoenas under Fed. Bankr. Rule 2004 seeking financial information from USC and its principals. [ECF No. 3767-1, p. 2]. On October 4, 2022, USC moved to quash or modify the subpoenas. [ECF No. 854]. On December 20, 2022, the Court heard oral argument on the motion to quash and instructed the parties to draft an order directing USC to produce documents reflecting the transfer of any assets or funds between USC and the Debtors. [ECF No. 1898]. On January 20, 2023, the Committee served USC with additional subpoenas, to which USC responded with another motion to quash. [ECF No. 3767-1, pp. 3-4]. The parties thereafter filed a joint stipulation narrowing the issues and revising the subpoenas. [ECF No. 2170].

After complying with the requests, USC filed a Motion seeking reimbursement for the costs and fees associated with the subpoenas, the Liquidation Trust objected, and USC filed a Reply. [ECF Nos. 3680, 3793 and 3804]. Specifically, USC asks for a total of $93,645.72.[3] [ECF No. 3680-1, p. 3]. The Motion was argued before the Court on October 17, 2023.

---

[2] https://cases.omniagentsolutions.com/claimdocket?clientid=3633.
[3] $93,645.72 ($66,303.60 from third-party vendor, Percipient, for electronic document retrieval and review services; $4,771.62 from third-party vendor, Graffen, for electronic discovery; and $22,570.50 from Hankin Sandman law firm for attorneys' fees from discovery compliance review). [ECF No. 3680-1, p. 3].

Page 4
Debtor: National Realty Investment Advisors, LLC, et al.
Case No.: 22-14539
Caption of Order: **OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS**

## DISCUSSION

The Committee argues that USC should not be reimbursed for its discovery expenses because it is directly involved and invested in the outcome of this case. Fed. R. Civ. P. 45(d)(1), fully incorporated by Fed. Bankr. Rule 9016, provides that the party "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(2)(B)(ii) further commands that "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."

### I. USC is a "Party" for Rule 45 Purposes

USC is an interested party in Debtors' bankruptcy cases and, therefore, Rule 45(d)'s expense reimbursement provisions do not apply. Generally, under Rule 45(d), a *non-party* is required to pay the costs of responding to a subpoena, unless it incurs significant expenses. *Gould v. O'Neal*, 2019 WL 4686991, at *4 (D.N.J. Sept. 26, 2019). By definition, USC is a "party in interest" in this bankruptcy case pursuant to 11 U.S.C. § 1109(b), which defines interested parties as, among others, "a creditor."

In *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, the Third Circuit Court of Appeals reversed a District Court decision which denied non-party Wawa's request to recover its significant expenses under Rule 45(d) after it was subpoenaed by R.J. Reynolds. *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 883 (3d Cir. 2002). The Third Circuit's decision makes sense because Wawa was an "innocent bystander" with no financial stake in a traditional civil proceeding between two other companies. Here, USC claims to be one of the largest creditors of the Debtors'

Case 22-14539-JKS    Doc 3835    Filed 11/08/23    Entered 11/08/23 15:58:52    Desc Main
Document    Page 5 of 8

Page 5
Debtor:         National Realty Investment Advisors, LLC, et al.
Case No.:       22-14539
Caption of Order: **OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS**

estate. Therefore, under 11 U.S.C. § 1109(b), USC is a "party in interest" in the bankruptcy case. Also, as a primary target of both the Debtors and the Committee for the recovery of funds for creditors of the estate, USC has a significant interest in defending the claims against it. Thus, delving into whether USC incurred significant expenses is unnecessary, because USC is a party to Debtors' bankruptcy case.

## II. Whether USC Incurred "Significant Expenses"

Even if USC is considered a non-party under Rule 45(d), it did not incur significant expenses from the subpoena compliance. If a non-party is subpoenaed and incurs expenses thereof, courts "must determine … whether those expenses are significant." *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 F. App'x 880, 883 (3d Cir. 2002) (citing *James Wm. Moore*, 9 Moore's Federal Practice § 45.02[2] (3d ed. 2001)) (significant expenses "must be borne by the party seeking discovery"). While Rule 45(d) does not define "significant," courts consider three factors: "(1) whether the nonparty has an actual interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs than can the requesting party; and (3) whether the litigation is of public importance." *James Wm. Moore*, 9 Moore's Federal Practice § 45.41[3]. *See also Sandoz, Inc. v. United Therapeutics Corp.*, 2021 WL 1259667, at *2 (D.N.J. April 6, 2021); *In re Honeywell Int'l, Inc. v. Securities Litigation*, 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (using the three-factor test, holding a "non-party can be required to bear some or all of its expense where the equities of a particular case demand it").

Page 6
Debtor:         National Realty Investment Advisors, LLC, et al.
Case No.:       22-14539
Caption of Order: **OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS**

### A. USC is an Interested Party

USC—a target of substantial claims by the Debtors' estate and allegedly one of the largest creditors in this chapter 11 case—is an interested party, so this factor weighs heavily against reimbursing USC for its discovery costs under Rule 45(d). This factor considers an interested party to be one who has an interest in the outcome and may be subject to liability once the case is decided. *Gould v. O'Neal*, 2019 WL 4686991, at *5 (D.N.J. Sept. 26, 2019). Simply put, USC claims more than $110 million as a creditor of this bankruptcy estate and the Liquidation Trust is seeking to recover all or part of over $60 million of transfers made by NRIA and its principals to USC. *See In re Honeywell Int'l, Inc. v. Securities Litigation*, 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (finding company's auditing firm, PWC, "interested" and denying its request for reimbursement where Honeywell's fraud was effectuated through accounting, making PWC's accounting and financial practices "squarely at issue"); *Sandoz, Inc. v. United Therapeutics Corp.*, 2021 WL 1259667, at *3 (D.N.J. April 6, 2021) (requiring non-party to bear subpoena expenses, finding it "interested" and "vested in the outcome" of the case because where Plaintiffs prevail in their claims, the non-party profits, and where Plaintiffs are unsuccessful, the non-party "will be hindered from obtaining significant profits"). This factor alone is enough for the Court to conclude that USC's expenses are not "significant."

### B. USC Can More Readily Bear the Costs of Responding to the Subpoenas

USC can more readily bear the costs than the Liquidation Trust. The operative inquiry is whether the non-party can better bear the cost, "not whether the requesting party is able to do so." *Gould v. O'Neal*, 2019 WL 468991, at *5 (D.N.J. Sept. 26, 2019) (finding Chase Bank is in a

Case 22-14539-JKS    Doc 3835    Filed 11/08/23    Entered 11/08/23 15:58:52    Desc Main
Document    Page 7 of 8

Page 7
Debtor:           National Realty Investment Advisors, LLC, et al.
Case No.:         22-14539
Caption of Order: **OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS**

better position to bear the costs, as it reports $28.4 billion in annual income). *See Sandoz, Inc. v. United Therapeutics Corp.*, 2021 WL 1259667 (D.N.J. Apr. 6, 2021) (holding that $45,000 is not significant to a large company which "has the ability to bear the cost of production" relative to its size, so it must pay the costs of complying). The Liquidation Trust represents unsecured creditors who suffered significant losses from Debtors' actions and seek to be repaid by the Debtors' estate. [ECF No. 3793, p. 34]. By comparison, USC produced financial statements, bank records and tax returns, all revealing significant funds and successful business ventures. [ECF No. 3793-1]. USC has not provided evidence contradicting its ability to afford the compliance costs and, therefore, USC is better positioned to pay the subpoena costs when compared to the group of unsecured creditors attempting to recover their defrauded investments.

### C. Debtors' Case is a Matter of Public Importance

Because the Liquidation Trust's investigation of fraudulent conveyances to USC is a matter of public importance, the third factor weighs in favor of requiring USC to bear its own costs. *See Sandoz, Inc. v. United Therapeutics Corp.*, 2021 WL 1259667, at *3 (D.N.J. April 6, 2021) (holding the non-party shall bear the subpoena costs because the matter is "of some public importance as it seeks to make a drug more readily available to patients"). NRIA's fraudulent schemes are under investigation by state and federal authorities and the Committee has alleged that, with the help of USC, the Debtors solicited approximately $650 million in investments. [ECF No. 3793, p. 4]. There is great public importance in deterring and preventing fraud. Therefore, this factor weighs in favor of USC bearing the costs of complying with the Committee's subpoenas.

Page 8
Debtor: National Realty Investment Advisors, LLC, et al.
Case No.: 22-14539
Caption of Order: **OPINION AND ORDER RE: MOTION BY U.S. CONSTRUCTION FOR REIMBURSEMENT OF SUBPOENA COMPLIANCE COSTS**

---

**THEREFORE, IT IS ORDERED** that for the reasons set forth above, USC's Motion Seeking Reimbursement of Subpoena Compliance Costs is denied.

**DATED: November 8, 2023**

_____
Honorable John K. Sherwood
United States Bankruptcy Court