| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway<br>Suite 2900<br>New York, NY 10036<br>Phone: 212-835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                         Debtor. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br>Hearing Date: **July 16, 2024, at 10:00 a.m. ET** |

## NOTICE OF LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS (PROOFS OF CLAIM FILED BY CONTRIBUTING INVESTORS) TO EFFECTUATE CONTRIBUTING INVESTOR SETTLEMENT

**PLEASE TAKE NOTICE** that the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the AIRN Liquidation Trust (the "Liquidation Trust") established under the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Docket No. 3256] (as amended and supplemented, the "Plan") and the order confirming same [Docket No. 3599] (the "Confirmation Order"), by and through its undersigned counsel, shall move before the Honorable John K. Sherwood, United States Bankruptcy Judge for the District of New Jersey, for entry of an order, substantially in the form submitted herewith, granting the relief requested in the *Liquidation Trustee's First Omnibus Objection to Claims (Proofs of Claims filed by Contributing Investors) to Effectuate Contributing Investor Settlement* (the "Objection").

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested in the event an objection is timely filed.

**PLEASE TAKE FURTHER NOTICE** the Objection sets forth the relevant factual bases upon which the relief requested should be granted. The Liquidation Trustee shall also rely upon the accompanying *Certification of Thomas J. Fierro* attached to the Objection as **Exhibit A**. A Proposed Order granting the relief requested in the Objection is attached thereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Objection must be filed with the Clerk of the Court, together with proof of service thereof, and served so as to be ***actually received*** **by no later than 4:00 pm ET on July 9, 2024** by counsel to the Liquidation Trustee, Ice Miller LLP, 1500 Broadway, Suite 2900, New York, NY 10036, Attn: Louis T. DeLucia, Esq. and Alyson M. Fiedler, Esq.

**PLEASE TAKE FURTHER NOTICE** that objections to the Objection, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Rules, and other case management rules or orders of this Court; and (c) state with particularity the legal and factual basis for the objection.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served in accordance with this notice, it may not be considered by the Bankruptcy Court. In the event no objections are filed, the relief requested in the Objection may be granted without a hearing.

Dated: June 13, 2024                              **ICE MILLER LLP**

                                                                                */s/ Louis T. DeLucia*
Louis. T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
Ryan Hibbard, Esq. (admitted *pro hac vice*)
1500 Broadway
Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com
ryan.hibbard@icemiller.com

-and-

Michael W. Ott, Esq. (admitted *pro hac vice*)
200 W. Madison St., Suite 3500
Chicago, Illinois 60606
Phone: (312) 726-6245
michael.ott@icemiller.com

*Counsel to the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway<br>Suite 2900<br>New York, NY 10036<br>Phone: 212-835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                      Debtor. | Chapter 11<br><br>Case No: 22-14539-JKS |

**LIQUIDATION TRUSTEE'S FIRST OMNIBUS OBJECTION TO
CLAIMS (PROOFS OF CLAIM FILED BY CONTRIBUTING INVESTORS)
TO EFFECTUATE CONTRIBUTING INVESTOR SETTLEMENT**

AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the AIRN Liquidation Trust (the "Liquidation Trust") established under the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Docket No. 3256] (as amended and supplemented, the "Plan") and the order confirming same [Docket No. 3599] (the "Confirmation Order"), by and through its undersigned counsel, hereby submits the *Liquidation Trustee's First Omnibus Objection to Claims (Proofs of Claim filed by Contributing Investors) to Effectuate Contributing Investor Settlement* (the

"Objection") for entry of an Order substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), pursuant to sections 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3007-1, 3007-2, and 9013-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). In support of this Objection, the Liquidation Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, and the *Standing Order*, dated July 23, 1984, referring all cases under the Bankruptcy Code to the bankruptcy judges for this District, as amended on September 18, 2012. Standing Order of Reference 12-1 (Simandle, C.J.).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

4. The predicates for the relief requested herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rules 3007-1, 3007-2 and 9013-1.

## BACKGROUND

**A.    The Chapter 11 Cases**

5. On June 7, 2022 (the "Petition Date"), National Realty Investment Advisors, LLC ("NRIA" or the "Debtor"), along with over 130 affiliated entities each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (together with NRIA, the "Debtors").

6. The chapter 11 cases of the Debtors (the "Chapter 11 Cases") were jointly administered pursuant to the *Order (A) Directing Joint Administration of Chapter 11 Cases and (B) Granting Related Relief* [Docket No. 27], entered on June 9, 2022.[1]

7. Following several months of negotiations, on April 11, 2023, the Debtors and the Official Committee of Unsecured Creditors (the "Committee", together with the Debtors, the "Plan Proponents") filed the *Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Docket No. 2228] and the accompanying *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation for National Realty Investment Advisors, LLC, et al.* [Docket No. 2229] (the "Disclosure Statement"), which was approved by this Court on May 18, 2023 [Docket No. 2556].

8. On July 25, 2023, the Plan Proponents filed the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Docket No. 3256].

9. Following the confirmation hearing held on August 1, 2023, the Court entered the Confirmation Order on August 10, 2023.

10. The Plan went effective on August 25, 2023 [Docket No. 3711] (the "Effective Date").

11. Pursuant to Article IV.H of the Plan, all of the Debtors were substantively consolidated as of the Effective Date due to, among other things, the extensive comingling of the Debtors' assets and liabilities.

---

[1] All of the Chapter 11 Cases, other than that of National Realty Investment Advisors, LLC (Case No. 22-14539 (JKS)), were closed effective as of August 25, 2023 at 6:30 p.m. (EST) in accordance with the *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 3854] entered by this Court on December 4, 2023.

3

12. As a result, claims asserted by creditors and investors against multiple debtors were converted into claims against the surviving consolidated entity.

13. Moreover, the Plan provides, among other things, that the Liquidation Trustee, subject to the supervision of the Liquidation Trust Advisory Board, has the authority to review, reconcile, compromise, settle, or object to Claims (as such term is defined in section 101(5) of the Bankruptcy Code) and resolve such objections as set forth in the Plan and to compile and maintain the official registry of Claims (the "Claims Register"), including for purposes of making initial and subsequent distributions under the Plan. *See* Plan, at Article IV.D.5.

14. The Plan further provides that the Liquidation Trustee may object to Claims up to one year after the Effective Date, subject to any extensions thereof. *See* Plan, at Article V.B.

**B.    The Claims Process**

15. On October 13, 2022, the Court entered the *Order (A) Establishing Deadlines to File Proofs of Claim Against or Interests in the Debtors, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner of Notice of the Bar Dates, (C) Authorizing Publication of the Bar Dates, and (D) Granting Related Relief* [Docket No. 1016] (the "Bar Date Order").

16. The Bar Date Order established December 20, 2022 (the "General Bar Date") as the deadline by which all persons and entities, other than governmental units (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and non-governmental units) must file proofs of Claim (the "Proofs of Claim").

17. The Bar Date Order further established December 27, 2022 (the "Governmental Bar Date") as the deadline by which all governmental units (as defined in section 101(27) of the Bankruptcy Code) must file Proofs of Claim.

4

18. As of the Effective Date, over 5,000 Proofs of Claim have been filed against the Debtors. Many of these Proofs of Claim are duplicative, in the incorrect amount, were filed against the wrong Debtor and in the wrong case or have been reduced or adjusted by a subsequently filed Proof of Claim. Additionally, many creditors filed duplicative claims against multiple Debtors—all of whom have now been substantively consolidated together.

**C.    Contributing Investor Settlement**

19. Under the Plan, on the Effective Date, Investors who agreed to participate in the Contributing Investor Settlement[2] are deemed to have general unsecured Class 5 Contributing Investor Claims Allowed in the amount set forth in the **Investor Schedule** with respect to such Claim. Accordingly, the Liquidation Trustee files this Omnibus Objection to clean up and update the Claims Register maintained by Omni Agent Solutions, Inc. ("Omni") and effectuate the Contributing Investor Settlement by eliminating duplicative, or redundant proofs of claims filed by Contributing Investors, and by clarifying that all Contributing Investor Claims are subject to the same treatment and priority as Claims in Class 5 under the Plan. Pursuant to the Plan, "Excluded Parties" were not considered to be part of the Contributing Investor Settlement.

20. As discussed in greater depth in the Plan, the Contributing Investor Settlement provides for a comprehensive settlement of claims and controversies. The Contributing Investor Settlement provides, among other things, the following:

> a. On the Effective Date, each Contributing Investor Claim shall be deemed Allowed under the Plan in the Net Investor Claim Amount set forth in the Investor Schedule with respect to such Claim. No unpaid guaranteed returns to investors, non-cash incentives, "rollover bonuses," or other incentives provided to Investors in exchange for "rolling" their investment(s) from a non-Fund Debtor into the Fund shall be included in the calculation of the Net Investor Claim Amount with respect to each Investor Claim. Holders of Allowed Class 5 Claims (Investor Claims) that are Contributing Investors

---

[2] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Plan.

      shall receive their Pro Rata Share of Liquidation Trust Interests that entitle such Holders to Distributions of the Liquidation Trust Assets.

    b. On the Effective Date, all Contributing Investors in Class 5 shall be deemed to have contributed to the Liquidation Trust all Contributed Claims held by such Contributing Investor.

    c. To the extent, and only to the extent, a Contributing Investor Claim is Allowed by subparagraph (a) above, the Debtors and their Estates shall, upon the occurrence of the Effective Date, be deemed to have waived and released all Avoidance Actions to avoid or recover any prepetition distributions received by such Contributing Investor in connection with the subject Allowed Class 5 Claim.

21.    **Schedule 1** attached to the Proposed Order lists all of the Proofs of Claim filed[3] by each Contributing Investor and sets forth the Allowed amount of such Contributing Investor's remaining Claim, as agreed to by such Contributing Investor, either through their acceptance of the Contributing Investor Settlement or directly with the Liquidation Trust (the "Contributing Investor Claims").

## OBJECTION

### A.    Legal Standard

22.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

23.    The burden of proof for claims brought under section 502(a) of the Bankruptcy Code rests on different parties at different times. *In re Biolitec, Inc.*, Case No. CIV. 13-5864 FSH,

---

[3] Pursuant to the Plan, any Investor that did not opt-out of the Contributing Investor Settlement received an Allowed Claim in the amount set forth on the Investor Schedule regardless of whether or not such investor filed a proof of such claim. Accordingly, some of the Investors listed on Schedule 1 do not have a proof of claim listed next to their name. These Investors were included on the list to make clear that such investors have an Allowed Claim in the amount set forth on Schedule 1.

2013 WL 6795400, at *3 (D.N.J. Dec. 16, 2013) (citing *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).

24. Initially, a claimant must allege facts sufficient to support its claim. *Id.* If the allegations in the filed claim meet this standard, "it is '*prima facie*' valid." *Id.* "In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation." *Id.; see also Lampe v. Lampe (In re Lampe)*, 665 F.3d 506, 514 (3d Cir. 2011) ("[A] proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim."). A properly filed proof of claim is generally considered "*prima facie* evidence of the validity and the amount of the claim." FED. R. BANKR. P. 3001(f).

25. If the claimant can satisfy this burden, the burden then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the claim. "In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Allegheny Int'l Inc.*, 954 F.2d at 173–74. If the objector meets this burden, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence, and the burden of persuasion is always on the claimant. *Id.*

26. Notwithstanding the shifting burden of proof, a claimant's failure to allege facts and to provide sufficient support for a claim may deprive the claim of *prima facie* validity in the first place. *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004).

27. Moreover, a claimant is not entitled to multiple recoveries for a single liability and pursuant to Local Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." D.N.J. LBR 3007-2; *see also In re Handy*

7

*Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice.").

**B.    Contributing Investor Claims**

28.    As discussed above, by agreeing to participate in the Contributing Investor Settlement, Contributing Investors agreed that their claims would be Allowed as Class 5 Investor Claims in the amounts set forth on the Investor Schedule attached to the Plan. Accordingly, the Liquidation Trustee objects to all Proofs of Claim filed by the Contributing Investors that are duplicative, redundant or inconsistent with the Contributing investor Claims on the Investor Schedule attached to the Plan, in order to (a) effectuate the Contributing Investor Settlement, (b) eliminate duplicate and/or redundant claims, and (c) ensure that Contributing Investors only receive a single recovery on their Allowed Claims.

29.    **Schedule 1** identifies for each Contributing Investor Claim: (a) all proofs of claim filed by such Contributing Investor, if any, by claim number[4] and (b) the Allowed amount of such Investor's Contributing Investor Claim, consistent with the Investor Schedule.

30.    In total, 1,908 Contributing Investors will be left with Allowed Claims, while over 4,000 Proofs of Claims are being disallowed. Pursuant to **Schedule 1**, the aggregate amount of Allowed Claims held by Contributing Investors remaining is $468,856,356.03

31.    The relief requested herein will effectuate the Contributing Investor Settlement, while also enabling the Liquidation Trustee to maintain a more accurate Claims Register in these Chapter 11 Cases, streamlining the processing of distributions, and avoiding the risk that a claimant may receive an unwarranted "double recovery" on a single liability.

---

[4] Proof of claim numbers are formatted so that the first three digits of the proof of claim number reference the last three digits of the bankruptcy case number of the Debtor against whom such proof of claim was filed, followed by a hyphen, followed by the number of the claim filed against such Debtor.

32. For the avoidance of doubt, the Allowed Claims of Contributing Investors will be treated solely as Contributing Investor Claims. Under the Plan, all Investor Claims are classified in Class 5. Distributions to creditors holding Claims in Class 5 are made on a *pro rata* basis. Contributing Investors specifically agreed to such treatment when they accepted the Contributing Investor Settlement. Accordingly, any assertion of priority, administrative or secured status by a Contributing Investor in any proof of claim should be rejected and disallowed in accordance with the Contributing Investor Settlement.[5]

## RESPONSES TO THE OBJECTION

33. Any responses to this Objection must be filed **on or before 4:00 p.m. (ET) on July 9, 2024**, in accordance with the procedures set forth in the notice of this Objection. Pursuant to Local Rule 3007-2, attached hereto as **Exhibit C** is the form of notice which will be served on each Contributing Investor listed on **Schedule 1**.

## SEPARATE CONTESTED MATTERS

34. Each of the Contributing Investor Claims constitutes a separate contested matter pursuant to Bankruptcy Rule 9014. The Liquidation Trustee respectfully requests that any order entered by the Court with respect to an objection asserted in this Objection be deemed a separate order with respect to each of the Claims being objected to.

## RESERVATION OF RIGHTS

35. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an admission as to the validity of any particular Claim against the Debtors, (b) a waiver of the

---

[5] Moreover, to the extent any Proof of Claim filed by a Contributing Investor asserts a security interest in any of the Debtors' property, the Liquidation Trustee objects to this classification as such secured status was not reflected in the Debtor's books and records, and the Debtor has no record of such Investor perfecting any lien.

9

Liquidation Trustee's rights to dispute any particular Claim on any grounds, (c) a promise or requirement to pay any particular Claim, (d) an implication or admission that any particular Claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Liquidation Trustee's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Liquidation Trustee that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Objection are valid, and the Liquidation Trustee expressly reserves their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any transfer made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular Claim or a waiver of the Liquidation Trustee's rights to subsequently dispute such Claim.

## WAIVER OF MEMORANDUM OF LAW

36. The Liquidation Trustee respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Liquidation Trustee relies is set forth herein and the Objection does not raise any novel issues of law.

## NO PRIOR REQUEST

37. No prior request for the relief sought in this Objection has been made to this Court or any other court.

**WHEREFORE**, the Liquidation Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: June 13, 2024 | **ICE MILLER LLP** |
| | */s/ Louis T. DeLucia* |
| | Louis. T. DeLucia, Esq. |
| | Alyson M. Fiedler, Esq. |
| | Ryan Hibbard, Esq. (admitted *pro hac vice*) |
| | 1500 Broadway |
| | Suite 2900 |
| | New York, NY 10036 |
| | Phone: (212) 835-6312 |
| | louis.delucia@icemiller.com |
| | alyson.fiedler@icemiller.com |
| | ryan.hibbard@icemiller.com |
| | |
| | -and- |
| | |
| | Michael W. Ott, Esq. (admitted *pro hac vice*) |
| | 200 W. Madison St., Suite 3500 |
| | Chicago, Illinois 60606 |
| | Phone: (312) 726-6245 |
| | michael.ott@icemiller.com |
| | |
| | *Counsel to the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* |