UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ICE MILLER LLP**
Louis. T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway
Suite 2900
New York, NY 10036
Phone: 212-835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust*

| | |
|---|---|
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No:  22-14539-JKS<br><br><br>**Hearing Date: September 3, 2024**<br>**Objection Date: August 27, 2024** |

**NOTICE OF LIQUIDATION TRUSTEE'S MOTION TO FILE
TERMS OF SETTLEMENTS INCLUDED
IN QUARTERLY REPORTS UNDER SEAL**

**PLEASE TAKE NOTICE** that the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the AIRN Liquidation Trust (the "Liquidation Trust") established under the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Dkt. No. 3256] (as amended and supplemented, the "Plan") and the order confirming same [Dkt. No. 3599] (the "Confirmation Order"), by and through its undersigned counsel, shall move before the Honorable John K. Sherwood, United States Bankruptcy Judge for the District of New Jersey, for entry of an order, substantially in the form submitted herewith, granting the relief requested in the *Liquidation Trustee's Motion to File Terms of Settlements Included in Quarterly Reports Under Seal* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested in the event an objection is timely filed.

4888-6459-8731.6

**PLEASE TAKE FURTHER NOTICE** the Motion sets forth the relevant factual bases upon which the relief requested should be granted. A Proposed Order granting the relief requested in the Motion is attached thereto as <u>**Exhibit A**</u>.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion must be filed with the Clerk of the Court, together with proof of service thereof, and served so as to be *<u>actually received</u>* **by no later than 4:00 pm ET on August 27, 2024** by counsel to the Liquidation Trustee, Ice Miller LLP, 1500 Broadway, Suite 2900, New York, NY 10036, Attn: Louis T. DeLucia, Esq. and Alyson M. Fiedler, Esq.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Rules, and other case management rules or orders of this Court; and (c) state with particularity the legal and factual basis for the objection.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served in accordance with this notice, it may not be considered by the Bankruptcy Court. In the event no objections are filed, the relief requested in the Motion may be granted without a hearing.

Dated: August 12, 2024                    **ICE MILLER LLP**

                                        */s/ Louis T. DeLucia*
Louis. T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway
Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis. T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway<br>Suite 2900<br>New York, NY 10036<br>Phone: 212-835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                   Debtor. | Chapter 11<br><br>Case No: 22-14539-JKS |

**LIQUIDATION TRUSTEE'S MOTION TO FILE
TERMS OF SETTLEMENTS INCLUDED
<u>IN QUARTERLY REPORTS UNDER SEAL</u>**

AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee (the "<u>Liquidation Trustee</u>") of the AIRN Liquidation Trust (the "<u>Liquidation Trust</u>") established under the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Dkt. No. 3256] (as amended and supplemented, the "<u>Plan</u>")[1] and the order

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

4888-6459-8731.6

confirming the Plan [Dkt. No. 3599] (the "Confirmation Order"), by and through its undersigned counsel, hereby moves (this "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Liquidation Trustee to file under seal the terms of settlements included in Quarterly Reports (as defined herein). In support of this Motion, the Liquidation Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Liquidation Trustee is requesting authorization to file settlement terms included in Quarterly Reports under seal. The Liquidation Trustee is actively engaged in settlement discussions with numerous parties in order to resolve potential claims the Liquidation Trustee may have against them without the cost and expense of protracted litigation. As the Liquidation Trustee continues to negotiate settlement terms with certain defendants and counterparties, it has determined that, in its business judgment, certain defendants and counterparties have been more willing to settle if the terms of the settlement, which include certain confidential and/or commercial information, are not publicly filed.

2. The relief requested in this Motion will not impair the transparency of the settlement process, as the Liquidation Trustee will continue to file its Quarterly Reports with the Court. The Liquidation Trustee only requests that it be authorized to file under seal the portion of its Quarterly Reports that provides settlement terms. Permitting the Liquidation Trustee to file settlement terms under seal can generate far greater recoveries for Investors and avoid material delays in making Distributions caused by expensive, drawn-out litigation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, and the *Standing Order*, dated July 23, 1984, referring all cases under the Bankruptcy

2

4888-6459-8731.6

Code to the bankruptcy judges for this District, as amended on September 18, 2012. Standing Order of Reference 12-1 (Simandle, C.J.).

4.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

7.  On June 7, 2022 (the "Petition Date"), National Realty Investment Advisors, LLC ("NRIA"), along with over 130 affiliated entities (together with NRIA, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases of the Debtors (the "Chapter 11 Cases") were jointly administered pursuant to the *Order (A) Directing Joint Administration of Chapter 11 Cases and (B) Granting Related Relief* [Dkt. No. 27], entered on June 9, 2022.[2]

8.  Following several months of negotiations, the Debtors and the Official Committee of Unsecured Creditors drafted and filed the Plan and the accompanying *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation for National Realty Investment Advisors, LLC, et al.* [Dkt. No. 2229] (the "Disclosure Statement"). The Disclosure Statement was approved by this Court on May 18, 2023. [Dkt. No. 2556]. Following a confirmation hearing held on August 1, 2023, the

---

[2] All of the Chapter 11 Cases, other than that of National Realty Investment Advisors, LLC (Case No. 22-14539 (JKS)), were closed effective as of August 25, 2023 at 6:30 p.m. (EST) in accordance with the *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 3854] entered by this Court on December 4, 2023.

3

4888-6459-8731.6

Court entered the Confirmation Order on August 10, 2023. The Plan went effective on August 25, 2023 [Dkt. No. 3711] (the "Effective Date").

9. The Plan provides for the post-confirmation structure and governance necessary to facilitate recoveries to creditors through the establishment of the Liquidation Trust. Pursuant to Article IV.F of the Plan, the Liquidation Trust retains all rights related to the Debtors' or Estates' Causes of Action, and all Avoidance Actions, Contributed Claims, and Liquidation Trust Actions.

10. Article X.A of the Plan requires the Liquidation Trustee to file quarterly reports with the Court containing certain information:

> Beginning the first quarter-end following the Effective Date and continuing on each quarter-end thereafter until the Chapter 11 Cases are closed, within thirty (30) calendar days after the end of such period, the Liquidation Trust shall File quarterly reports with the Bankruptcy Court. Each quarterly report shall contain a cash flow statement which shall show Distributions by Class during the prior quarter, an unaudited balance sheet, the terms of any settlement of an individual Claim in an amount greater than $100,000, the terms of any litigation settlement where the Cause of Action or the Liquidation Trust Action was greater than $100,000 or the settlement is for more than $100,000, the terms of any sale of Estate Assets where the proceeds of such sale are $100,000 or greater, and such other information as the Liquidation Trust determines is material.

Plan Art. X.A.

11. Section 4.8.1 of the Liquidation Trust Agreement imposes the same quarterly reporting requirements on the Liquidation Trustee.

12. To comply with its reporting obligations, it has been the Liquidation Trustee's practice to file two documents at the conclusion of each quarter. First, the Liquidation Trustee files a form post-confirmation report, providing, among other things, a summary of transfers, professional fee payments, and distributions made in the previous quarter. *See, e.g.* Dkt. Nos. 3900 and 3927. Additionally, to comply with the reporting requirements outlined in Article X.A of the

4

Plan and section 4.8.1 of the Liquidation Trust Agreement, the Liquidation Trustee files a report (each, a "Quarterly Report") that is divided into four parts:

    i.    Part 1: Cash Flow Statement;

    ii.    Part 2: Consolidating Unaudited Balance Sheet;

    iii.    Part 3: Settlements; and

    iv.    Part 4: Sale of Estate Assets.

*See, e.g.* Dkt. Nos. 3902 and 3932.

13. The Liquidation Trustee identified an extensive number of litigation targets, and, where appropriate, pursued or will pursue litigation to maximize the potential recovery for Investors. The Liquidation Trustee is also actively engaged in substantial, ongoing settlement discussions with both named defendants and unnamed persons or entities in order to resolve claims and generate recoveries for Investors without the cost and expense of protracted litigation.

14. As the Liquidation Trustee continues to negotiate settlement terms with certain counterparties in good faith, certain counterparties have expressed reluctance, or inability, to consummate favorable settlements with the Liquidation Trustee if the terms of such settlements, which can include confidential, sensitive, and/or commercial information, are made public and disclosed in Part 3 of the Liquidation Trustee's Quarterly Reports. The Liquidation Trustee has determined that, in its business judgment, certain defendants and counterparties have been more willing to settle (and avoid protracted litigation) if the terms of the settlement are not publicly filed. If the terms of such settlements are filed under seal, the Liquidation Trustee believes that it will generate far greater recoveries for Investors.

**RELIEF REQUESTED**

15. In order to ensure that the maximum potential recovery for Investors is obtained and to avoid expensive, protracted, and uncertain litigation, the Liquidation Trustee, by this Motion, requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Liquidation Trustee to file under seal the terms of settlements included in Part 3 of the Liquidation Trustee's Quarterly Reports pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Federal Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1.

**BASIS FOR RELIEF REQUESTED**

16. Under section 105(a) of the Bankruptcy Code, the Court has the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. Section 107(b) of the Bankruptcy Code authorizes the Court to protect parties-in-interest from certain disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> 
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> 
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b); *see also LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216 (3d Cir. 2011) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978))).

18. Bankruptcy Rule 9018 sets forth the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal:

6

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Bankruptcy Rule 9018.

19. Once a court determines that a party-in-interest is entitled to protection under section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require a finding of "extraordinary circumstances or compelling need." *Id*. at 27. Nor does it require an entity seeking such protection to demonstrate "good cause." *Id*.

20. Further, the term "commercial information" is broad under section 107(b) of the Bankruptcy Code and does not rise to the level of a trade secret to be protected by section 107(b) of the Bankruptcy Code. *Id.* at 28. Commercial information has been defined as "information which would result in an 'unfair advantage to competitors' by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.* 21 F.3d 27).

21. The resulting order should be "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

7

22. Certain persons or entities that the Liquidation Trustee has engaged in extensive, good-faith negotiations with will not, or cannot, agree to finalize settlements due to potential disclosure and/or publication of certain settlement terms in the Liquidation Trustee's Quarterly Reports. Absent these settlements, the Liquidation Trust would be forced to engage in expensive, protracted litigation with uncertain outcomes. Such litigation would materially delay distributions to Investors and, in all likelihood, impair the real value of such Distributions.

23. Therefore, to facilitate settlements favorable to the Liquidation Trust, and avoid expensive and protracted litigation, it is in the best interest of all parties for the terms of settlements included in Part 3 of the Liquidation Trustee's Quarterly Reports to be filed under seal. The Liquidation Trustee submits that filing Part 3 of Quarterly Reports under seal will not prejudice any party-in-interest, as public disclosure of the terms of any settlement to be included in Quarterly Reports is not necessary to evaluate the reasonableness of the underlying settlement, as such settlement will have already been approved by the Liquidation Trustee, in consultation with the Liquidation Trust Advisory Board. The terms of any settlements to be included in Part 3 of Quarterly Reports will still be filed with the Court on a confidential basis. The remainder of each Quarterly Report, including, among other things, a cash flow statement showing Distributions by Class during the prior quarter, an unaudited balance sheet, and a summary of the sale of Estate Assets where the proceeds of such sale were $100,000 or greater, will remain unsealed and still be publicly available.

24. Accordingly, the relief requested by this Motion is appropriate under sections 105 and 107(b) of the Bankruptcy Code.

## WAIVER OF MEMORANDUM OF LAW

25. The Liquidation Trustee requests that this Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3), because the basis which the Liquidation Trustee relies upon is incorporated herein and the Motion does not raise any novel issues of law.

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Liquidation Trustee respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, grating the relief requested herein and granting such other relief that is just and proper.

[*Signature Page Follows*]

4888-6459-8731.6

Dated: August 12, 2024    **ICE MILLER LLP**

*/s/ Louis T. DeLucia*
Louis T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway
Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

4888-6459-8731.6