|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**ICE MILLER LLP**<br>Louis. T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway<br>Suite 2900<br>New York, NY 10036<br>Phone: 212-835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                       Debtor. | Chapter 11<br><br>Case No: 22-14539-JKS<br><br><br>**Hearing Date: October 15, 2024**<br>**Objection Date: October 11, 2024** |

## NOTICE OF LIQUIDATION TRUSTEE'S MOTION
## TO FILE VERIFIED APPLICATION UNDER SEAL

**PLEASE TAKE NOTICE** that the AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the AIRN Liquidation Trust (the "Liquidation Trust") established under the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Dkt. No. 3256] (as amended and supplemented, the "Plan") and the order confirming same [Dkt. No. 3599] (the "Confirmation Order"), by and through its undersigned counsel, shall move before the Honorable John K. Sherwood, United States Bankruptcy Judge for the District of New Jersey, for entry of an order, substantially in the form submitted herewith, granting the relief requested in the *Liquidation Trustee's Motion to File Verified Application Under Seal* (the "Motion to Seal").

**PLEASE TAKE FURTHER NOTICE** that oral argument is requested in the event an objection is timely filed.

**PLEASE TAKE FURTHER NOTICE** the Motion to Seal sets forth the relevant factual bases upon which the relief requested should be granted. A Proposed Order granting the relief requested in the Motion is attached thereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion must be filed with the Clerk of the Court, together with proof of service thereof, and served so as to be ***actually received*** **by no later than 4:00 pm ET on October 11, 2024** by counsel to the Liquidation Trustee, Ice Miller LLP, 1500 Broadway, Suite 2900, New York, NY 10036, Attn: Louis T. DeLucia, Esq. and Alyson M. Fiedler, Esq.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion to Seal, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules, the Local Rules, and other case management rules or orders of this Court; and (c) state with particularity the legal and factual basis for the objection.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served in accordance with this notice, it may not be considered by the Bankruptcy Court. In the event no objections are filed, the relief requested in the Motion to Seal may be granted without a hearing.

Dated: October 2, 2024                                           **ICE MILLER LLP**

                                                                 */s/ Louis T. DeLucia*
                                                                 Louis. T. DeLucia, Esq.
                                                                 Alyson M. Fiedler, Esq.
                                                                 1500 Broadway
                                                                 Suite 2900
                                                                 New York, NY 10036
                                                                 Phone: (212) 835-6312
                                                                 louis.delucia@icemiller.com
                                                                 alyson.fiedler@icemiller.com

2

|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ICE MILLER LLP**<br>Louis. T. DeLucia, Esq.<br>Alyson M. Fiedler, Esq.<br>1500 Broadway<br>Suite 2900<br>New York, NY 10036<br>Phone: 212-835-6312<br>louis.delucia@icemiller.com<br>alyson.fiedler@icemiller.com<br><br>*Counsel to AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee of the AIRN Liquidation Trust* | |
| In re:<br><br>NATIONAL REALTY INVESTMENT ADVISORS, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No: 22-14539-JKS |

**LIQUIDATION TRUSTEE'S MOTION TO<br>FILE VERIFIED APPLICATION UNDER SEAL**

      AIRN Liquidation Trust Co., LLC, in its capacity as Liquidation Trustee (the "Liquidation Trustee") of the AIRN Liquidation Trust (the "Liquidation Trust") established under the *First Amended Joint Chapter 11 Plan of Liquidation of National Realty Investment Advisors, LLC and its Affiliated Debtors* [Dkt. No. 3256] (as amended and supplemented, the "Plan")[1] and the order confirming the Plan [Dkt. No. 3599] (the "Confirmation Order"), by and through its undersigned

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

counsel, hereby moves (this "Motion to Seal") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Liquidation Trustee to file under seal a verified application (the "Verified Application") seeking Bankruptcy Court approval to pay certain fees related to a confidential settlement agreement. In support of this Motion to Seal, the Liquidation Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Liquidation Trustee is requesting authorization to file the Verified Application for authority to pay certain fees ("Fees") in connection with the Liquidation Trustee's confidential settlement agreement ("Settlement Agreement") with a party identified on the Schedule of Excluded Parties, affixed as Exhibit 2 to the Plan (the "Litigation Counterparty"), under seal. The Verified Application sets forth the confidential settlement terms that are essential to any determination by the Court in connection with the Verified Application. Public disclosure of the settlement terms would endanger the settlement and significantly impair investor recoveries in this case. The relief requested in this Motion to Seal will not impair the transparency of the Liquidation Trustee's payment of legal fees and expenses, which the Liquidation Trustee will continue to disclose publicly in its Quarterly Reports with the Court.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, and the *Standing Order*, dated July 23, 1984, referring all cases under the Bankruptcy Code to the bankruptcy judges for this District, as amended on September 18, 2012. Standing Order of Reference 12-1 (Simandle, C.J.).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## BACKGROUND

6. On June 7, 2022 (the "Petition Date"), National Realty Investment Advisors, LLC ("NRIA"), along with over 130 affiliated entities (together with NRIA, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases of the Debtors (the "Chapter 11 Cases") were jointly administered pursuant to the *Order (A) Directing Joint Administration of Chapter 11 Cases and (B) Granting Related Relief* [Dkt. No. 27], entered on June 9, 2022.[2]

7. Following several months of negotiations, the Debtors and the Committee drafted and filed the Plan and the accompanying Disclosure Statement. The Disclosure Statement was approved by this Court on May 18, 2023 [Dkt. No. 2556]. Following a confirmation hearing held on August 1, 2023, the Court entered the Confirmation Order on August 10, 2023. The Plan went effective on August 25, 2023 [Dkt. No. 3711] (the "Effective Date").

8. The Plan provides for the post-confirmation structure and governance necessary to facilitate recoveries to creditors and investors through the establishment of the Liquidation Trust. Pursuant to Article IV.F of the Plan, the Liquidation Trust retains all rights related to the Debtors' or Estates' Causes of Action, and all Avoidance Actions, Contributed Claims, and Liquidation Trust Actions.

---

[2] All of the Chapter 11 Cases, other than that of National Realty Investment Advisors, LLC (Case No. 22-14539 (JKS)), were closed effective as of August 25, 2023 at 6:30 p.m. (EST) in accordance with the *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [Docket No. 3854] entered by this Court on December 4, 2023.

3

**RELIEF REQUESTED**

9. In order to avoid the public disclosure of certain confidential settlement information and endanger the underlying settlement, the Liquidation Trustee, by this Motion to Seal, respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Liquidation Trustee to file under seal, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Federal Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, the Verified Application seeking Bankruptcy Court approval to pay the Fees earned in connection with the Settlement Agreement.

**BASIS FOR RELIEF REQUESTED**

10. Under section 105(a) of the Bankruptcy Code, the Court has the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Section 107(b) of the Bankruptcy Code authorizes the Court to protect parties-in-interest from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or *commercial information*; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b); *see also LEAP Systems, Inc. v. MoneyTrax, Inc.*, 638 F.3d 216 (3d Cir. 2011) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978))).

12. Bankruptcy Rule 9018 sets forth the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or **commercial information**, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

Bankruptcy Rule 9018. (Emphasis added).

13. Once a court determines that a party-in-interest is entitled to protection under section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require a finding of "extraordinary circumstances or compelling need." *Id*. at 27. Nor does it require an entity seeking such protection to demonstrate "good cause." *Id*.

14. Further, the term "commercial information" is broad under section 107(b) of the Bankruptcy Code and does not rise to the level of a trade secret to be protected by section 107(b) of the Bankruptcy Code. *Id.* at 28. Commercial information has been defined as "information which would result in an 'unfair advantage to competitors' by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp*. 21 F.3d 27).

15. The resulting order should be "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections, "generally where open inspection may be used as a vehicle for improper purposes." *In re Orion Pictures Corp.*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of

5

confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing, Ltd.*, 295 B.R. at 724.

16. Moreover, courts have held that such confidential commercial information includes information related to a debtor's contractual non-disclosure agreements. *See In re Celsius Network LLC.*, No 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 22, 2022) (authorizing the debtors to seal certain confidential parties related to a potential sale of the debtors' assets); *In re Voyager Digital Holdings, Inc.*, No 22-10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022) (authorizing the debtors to seal the names of certain confidential parties); *In re Carlson Travel, Inc.*, No. 21-90017 (MI) (Bankr. S.D. Tex. Jan. 10, 2022) (authorizing the debtors to seal identities of certain confidential parties pursuant to non-disclosure agreements); *In re Washington Prime Group, Inc.*, No. 21-31948 (MI) (Bankr. S.D. Tex. July 23, 2021) (same).

17. In the exercise of its business judgment, the Liquidation Trustee believes that the Trust is obligated to pay the Fees that were approved by the Advisory Board nearly one year ago, in connection with the Settlement Agreement with the Litigation Counterparty. The Settlement Agreement resulted in an extraordinary recovery for investors and other beneficiaries of the Liquidation Trust. As a result of the recovery negotiated by counsel to the Liquidation Trust, the 25% to 35% recoveries available to investors as contemplated under the Plan and Disclosure Statement may have *significantly* increased based on the recovery under this Settlement Agreement alone.

18. However, the Litigation Counterparty has agreed to pay the "Settlement Amount" as defined in the Settlement Agreement on the condition that the terms of the settlement remain confidential because disclosure of the Settlement Agreement's ***commercial information*** relating to the Litigation Counterparty may damage the Litigation Counterparty or provide a competitive

6

advantage to the Litigation Counterparty's competitors. The Liquidation Trustee and Advisory Board (as provided and defined in the Plan) agreed to the requested confidentiality because they do not believe that the Settlement Amount would have been as large (and, thus, materially beneficial to investors and creditors) without of the ability to maintain confidentiality of the settlement terms.

19. Accordingly, in order to avoid the disclosure of material, confidential information, the Liquidation Trustee hereby requests authorization to file its Verified Application under seal. Discussion of the Fee and counsel's efforts to negotiate the Settlement Agreement will necessarily involve a discussion of the confidential settlement terms.

20. The Liquidation Trustee will serve an unredacted copy of the Verified Application on counsel for the Advisory Board, who are authorized under the Liquidation Trust Agreement and other relevant documents executed in connection with the Settlement Agreement to receive the confidential information discussed in the Verified Application.

21. If the Court authorizes payment of the Fees, then the Liquidation Trustee shall disclose payment of the Fees in the regular course of business in the next applicable Quarterly Report for the fiscal quarter in which the Fees are paid. The Liquidation Trustee submits that filing the Verified Application under seal will not prejudice any party-in-interest.

22. Accordingly, the relief requested by this Motion to Seal is appropriate under sections 105 and 107(b) of the Bankruptcy Code.

## WAIVER OF MEMORANDUM OF LAW

23. The Liquidation Trustee requests that this Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3), because the basis which the Liquidation Trustee relies upon is incorporated herein and the Motion to Seal does not raise any novel issues of law.

7

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion to Seal has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Liquidation Trustee respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, grating the relief requested herein and granting such other relief that is just and proper.

Dated: October 2, 2024                                   **ICE MILLER LLP**

*/s/ Louis T. DeLucia*
Louis. T. DeLucia, Esq.
Alyson M. Fiedler, Esq.
1500 Broadway
Suite 2900
New York, NY 10036
Phone: (212) 835-6312
louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

8